## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JANE DOE**                                      **CIVIL ACTION**

**VERSUS**                                        **NO.:  3:22-cv-00338-BAJ-SDJ**

**BOARD OF SUPERVISORS OF THE
UNIVERSITY OF LOUISIANA SYSTEM;**         **JUDGE BRIAN A. JACKSON**
**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL**       **MAGISTRATE JUDGE:**
**AND MECHANICAL COLLEGE; and**            **SCOTT D. JOHNSON**
**LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, BOARD OF

SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM ("Board of Supervisors"),

who, in response to plaintiff's Complaint and Jury Demand, denies each and every allegation

contained therein, except those that may be expressly admitted, as follows:

### FIRST DEFENSE

Defendant, Board of Supervisors, denies all relief prayed for by plaintiff.

### SECOND DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### THIRD DEFENSE

Plaintiff cannot state a supervisory liability claim against defendant, Board of Supervisors.

### FOURTH DEFENSE

In the alternative, defendant, Board of Supervisors, pleads and affirmatively avers that the

alleged injury and/or damage to the plaintiff was caused by third parties over whom defendant,

1

Board of Supervisors, has no control and for whom defendant, Board of Supervisors, is not responsible or liable.

## FIFTH DEFENSE

Defendant, Board of Supervisors, pleads and affirmatively avers that the alleged injury and/or damage to the plaintiff was caused by the actions of Victor Daniel Silva.

## SIXTH DEFENSE

If defendant, Board of Supervisors, is found to have violated the plaintiff's rights under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq. ("Title IX"), which is denied, then defendant, Board of Supervisors, is immune from a judgment for damages because defendant, Board of Supervisors, acted at all times reasonably and in good faith and in accordance with federal and state law and department rules and regulations. Defendant Board of Supervisors' conduct did not violate any clearly established statutory rights of the plaintiff of which a reasonable person would have known. Defendant, Board of Supervisors, further shows that the belief in the lawfulness of its actions was a reasonable belief and, for that reason, it is entitled to absolute and/or qualified immunity from liability.

## SEVENTH DEFENSE

All actions taken by defendant, Board of Supervisors, were taken in good faith under the law with probable cause and without malice.

## EIGHTH DEFENSE

Defendant, Board of Supervisors, pleads statute of limitations/prescription in that the suit by plaintiff was not timely brought.

**NINTH DEFENSE**

Defendant, Board of Supervisors, pleads any and all limitations of liability for the State of Louisiana under any applicable statute.

**<u>ANSWER TO COMPLAINT</u>**

AND NOW, defendants further answer the allegations in plaintiff's Complaint as follows:

1.

In response to the allegations contained in paragraph 1 of the Complaint, it is admitted that on October 20, 2014, Louisiana Governor Bobby Jindal issued an Executive Order, the contents of said order forming the best evidence thereof. The remaining allegations contained in paragraph 1 of the Complaint are denied.

2.

In response to the allegations contained in paragraph 2 of the Complaint are denied as written.

3.

The allegations contained in paragraph 3 of the Complaint are denied.

4.

The allegations contained in paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in paragraph 5 of the Complaint are denied as written.

6.

The allegations contained in paragraph 6 of the Complaint are denied as written.

7.

The allegations contained in paragraph 7 of the Complaint are denied.

8.

The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph 9 of the Complaint are denied.

10.

The allegations contained in paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Complaint are denied.

12.

The allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph 13 of the Complaint are admitted.

14.

The allegations contained in paragraph 14 of the Complaint do not call for a response from defendant, Board of Supervisors.

15.

The allegations contained in paragraph 15 of the Complaint does not call for a response from defendant, Board of Supervisors.

16.

The allegations contained in paragraph 16 of the Complaint are admitted.

17.

The allegations contained in paragraph 17 of the Complaint are denied as written.

18.

The allegations contained in paragraph 18 of the Complaint are denied as written.

19.

In response to the allegations contained in paragraph 19 of the Complaint, it is admitted that venue is proper in the United States District Court for the Middle District of Louisiana.  The remaining allegations contained in paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 of the Complaint are admitted.

21.

The allegations contained in paragraph 21 of the Complaint are admitted.

22.

In response to the allegations contained in paragraph 22 of the Complaint, the contents of said Executive Order are admitted, although the contents form the best evidence thereof.  The remaining allegations contained in paragraph 22 of the Complaint are denied.

23.

In response to the allegations contained in paragraph 23 of the Complaint, the contents of said Executive Order are admitted, although the contents form the best evidence thereof.  The remaining allegations contained in paragraph 23 of the Complaint are denied.

24.

In response to the allegations contained in paragraph 24 of the Complaint, the contents of said Executive Order are admitted, although the contents form the best evidence thereof. The remaining allegations contained in paragraph 24 of the Complaint are denied.

25.

The allegations contained in paragraph 25 of the Complaint are denied as written.

26.

In response to the allegations contained in paragraph 26 of the Complaint, defendant, Board of Supervisors, admits to the contents of Act 172, which form the best evidence thereof. The remaining allegations contained in paragraph 26 of the Complaint are denied.

27.

The allegations contained in paragraph 27 of the Complaint are admitted.

28.

In response to the allegations contained in paragraph 28 of the Complaint, defendant, Board of Supervisors, admits to the contents of Act 172, which form the best evidence thereof. The remaining allegations contained in paragraph 28 of the Complaint are denied.

29.

In response to the allegations contained in paragraph 29 of the Complaint, defendant, Board of Supervisors, admits to the contents of Act 172, which form the best evidence thereof. The remaining allegations contained in paragraph 29 of the Complaint are denied.

30.

In response to the allegations contained in paragraph 30 of the Complaint, defendant, Board of Supervisors, admits to the contents of Act 172, which form the best evidence thereof. The remaining allegations contained in paragraph 30 of the Complaint are denied.

31.

In response to the allegations contained in paragraph 31 of the Complaint, defendant, Board of Supervisors, admits to the contents of Act 172, which form the best evidence thereof. The remaining allegations contained in paragraph 31 of the Complaint are denied.

32.

The allegations contained in paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in paragraph 33 of the Complaint are denied as written.

34.

In response to the allegations contained in paragraph 34 of the Complaint, the contents of the Uniform Policy are admitted and form the best evidence thereof. The remaining allegations contained in paragraph 34 of the Complaint are denied.

35.

In response to the allegations contained in paragraph 35 of the Complaint, the contents of the Uniform Policy are admitted and form the best evidence thereof. The remaining allegations contained in paragraph 35 of the Complaint are denied.

36.

In response to the allegations contained in paragraph 36 of the Complaint, the contents of the Uniform Policy are admitted and form the best evidence thereof.  The remaining allegations contained in paragraph 36 of the Complaint are denied.

37.

The allegations contained in paragraph 37 of the Complaint are admitted.

38.

The allegations contained in paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in paragraph 42 of the Complaint are admitted.

43.

The allegations contained in paragraph 43 of the Complaint call for a legal conclusion and is denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in paragraph 44 of the Complaint are admitted.

45.

The allegations contained in paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

49.

In response to the allegations contained in paragraph 49 of the Complaint, the contents of LSA-R.S. 14:42.1 are admitted, with the contents of said statute forming the best evidence thereof.

50.

In response to the allegations contained in paragraph 50 of the Complaint, the contents of LSA-R.S. 14:42.1 are admitted, with the contents of said statute forming the best evidence thereof.

51.

The allegations contained in paragraph 51 of the Complaint are denied as written.

52.

The allegations contained in paragraph 52 of the Complaint are admitted.

53.

The allegations contained in paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

54.

In response to the allegations contained in paragraph 54 of the Complaint, it is admitted that Dean Carl Tapo received an email from the Associate Dean of Students at LSU on or about April 8, 2015, with a link to a story about an alleged rape that took place in March of 2015. The remaining allegations contained in paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in paragraph 55 of the Complaint are denied as written.

56.

The allegations contained in paragraph 56 of the Complaint are denied as written.

57.

The allegations contained in paragraph 57 of the Complaint are denied as written.

58.

The allegations contained in paragraph 58 of the Complaint call for a legal conclusion and are denied as written.

59.

The allegations contained in paragraph 59 of the Complaint are denied as written.

60.

The allegations contained in paragraph 60 of the Complaint are denied as written.

61.

The allegations contained in paragraph 61 of the Complaint are denied.

62.

The allegations contained in paragraph 62 of the Complaint are denied as written.

63.

The allegations contained in paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in paragraph 64 of the Complaint are admitted.

65.

The allegations contained in paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in paragraph 67 of the Complaint are admitted.

68.

The allegations contained in paragraph 68 of the Complaint are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in paragraph 69 of the Complaint are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in paragraph 70 of the Complaint are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in paragraph 71 of the Complaint are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in paragraph 72 of the Complaint are denied as written.

73.

The allegations contained in paragraph 73 of the Complaint are denied as written.

74.

The allegations contained in paragraph 74 of the Complaint are denied as written.

75.

The allegations contained in paragraph 75 of the Complaint are denied as written.

76.

The allegations contained in paragraph 76 of the Complaint are, upon information and belief, admitted.

77.

The allegations contained in paragraph 77 of the Complaint are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 of the Complaint are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of the Complaint are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 of the Complaint are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in paragraph 81 of the Complaint are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in paragraph 82 of the Complaint are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in paragraph 83 of the Complaint are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in paragraph 84 of the Complaint are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in paragraph 85 of the Complaint are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in paragraph 86 of the Complaint are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in paragraph 87 of the Complaint are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in paragraph 88 of the Complaint are denied for lack of sufficient information to justify a belief therein.

89.

The allegations contained in paragraph 89 of the Complaint are denied for lack of sufficient information to justify a belief therein.

90.

The allegations contained in paragraph 90 of the Complaint are denied for lack of sufficient information to justify a belief therein.

91.

The allegations contained in paragraph 91 of the Complaint are denied for lack of sufficient information to justify a belief therein.

92.

The allegations contained in paragraph 92 of the Complaint are denied for lack of sufficient information to justify a belief therein.

93.

The allegations contained in paragraph 93 of the Complaint are denied for lack of sufficient information to justify a belief therein.

94.

The allegations contained in paragraph 94 of the Complaint are denied for lack of sufficient information to justify a belief therein.

95.

The allegations contained in paragraph 95 of the Complaint are denied for lack of sufficient information to justify a belief therein.

96.

The allegations contained in paragraph 96 of the Complaint are denied for lack of sufficient information to justify a belief therein.

97.

The allegations contained in paragraph 97 of the Complaint are denied for lack of sufficient information to justify a belief therein.

98.

The allegations contained in paragraph 98 of the Complaint are denied for lack of sufficient information to justify a belief therein.

99.

The allegations contained in paragraph 99 of the Complaint are denied for lack of sufficient information to justify a belief therein.

100.

The allegations contained in paragraph 100 of the Complaint are denied for lack of sufficient information to justify a belief therein.

101.

The allegations contained in paragraph 101 of the Complaint are denied for lack of sufficient information to justify a belief therein.

102.

The allegations contained in paragraph 102 of the Complaint are denied for lack of sufficient information to justify a belief therein.

103.

The allegations contained in paragraph 103 of the Complaint are denied for lack of sufficient information to justify a belief therein.

104.

The allegations contained in paragraph 104 of the Complaint are denied for lack of sufficient information to justify a belief therein.

105.

The allegations contained in paragraph 105 of the Complaint are denied for lack of sufficient information to justify a belief therein.

106.

The allegations contained in paragraph 106 of the Complaint are denied for lack of sufficient information to justify a belief therein.

107.

The allegations contained in paragraph 107 of the Complaint are denied for lack of sufficient information to justify a belief therein.

108.

The allegations contained in paragraph 108 of the Complaint are denied as written.

109.

In response to the allegations contained in paragraph 109 of the Complaint, it is admitted that a report was made regarding Daniel Silva to Carrie Flournoy on or about December 14, 2018. The remaining allegations contained in paragraph 109 are denied for lack of sufficient information to justify a belief therein.

110.

In response to the allegations contained in paragraph 110 of the Complaint, it is admitted that Carrie Flournoy's title during the time period in question was Executive Assistant, Title IX and Compliance Coordinator. The remaining allegations contained in paragraph 110 of the Complaint are denied as written.

111.

The allegations contained in paragraph 111 of the Complaint are denied as written.

112.

The allegations contained in paragraph 112 of the Complaint are denied for lack of sufficient information to justify a belief therein.

113.

The allegations contained in paragraph 113 of the Complaint are denied for lack of sufficient information to justify a belief therein.

114.

The allegations contained in paragraph 114 of the Complaint are denied for lack of sufficient information to justify a belief therein.

115.

The allegations contained in paragraph 115 of the Complaint are denied for lack of sufficient information to justify a belief therein.

116.

In response to the allegations contained in paragraph 116 of the Complaint, it is admitted that a meeting occurred with Adam Collins. The remaining allegations contained in paragraph 116 of the Complaint are denied as written.

117.

In response to the allegations contained in paragraph 117 of the Complaint, it is admitted that Daniel Silva was no longer a student at the University as of December 17, 2018.  The remaining allegations contained in paragraph 117 of the Complaint are denied as written.

118.

The allegations contained in paragraph 118 of the Complaint are denied as written.

119.

The allegations contained in paragraph 119 of the Complaint are denied for lack of sufficient information to justify a belief therein.

120.

The allegations contained in paragraph 120 of the Complaint are denied for lack of sufficient information to justify a belief therein.

121.

The allegations contained in paragraph 121 of the Complaint are denied as written.

122.

In response to the allegations contained in paragraph 122 of the Complaint, the contents of the referenced policy are admitted, with the contents forming the best evidence thereof.

123.

The allegations contained in paragraph 123 of the Complaint are denied for lack of sufficient information to justify a belief therein.

124.

The allegations contained in paragraph 124 of the Complaint are denied as written.

125.

The allegations contained in paragraph 125 of the Complaint are admitted.

126.

The allegations contained in paragraph 126 of the Complaint are denied as written.

127.

The allegations contained in paragraph 127 of the Complaint are denied for lack of sufficient information to justify a belief therein.

128.

The allegations contained in paragraph 128 of the Complaint are denied for lack of sufficient information to justify a belief therein.

129.

The allegations contained in paragraph 129 of the Complaint are denied.

130.

The allegations contained in paragraph 130 of the Complaint are denied.

131.

The allegations contained in paragraph 131 of the Complaint are denied.

132.

The allegations contained in paragraph 132 of the Complaint are denied.

133.

The allegations contained in paragraph 133 of the Complaint are denied.

134.

The allegations contained in paragraph 134 of the Complaint do not call for a response from defendant, Board of Supervisors.

135.

The allegations contained in paragraph 135 of the Complaint are admitted.

136.

The allegations contained in paragraph 136 of the Complaint are denied as written.

137.

The allegations contained in paragraph 137 of the Complaint are denied.

138.

The allegations contained in paragraph 138 of the Complaint are denied.

139.

The allegations contained in paragraph 139 of the Complaint are denied.

140.

The allegations contained in paragraph 140 of the Complaint are denied.

141.

The allegations contained in paragraph 141 of the Complaint are denied.

142.

The allegations contained in paragraph 142 of the Complaint are denied.

143.

The allegations contained in paragraph 143 of the Complaint are denied for lack of sufficient information to justify a belief therein.

144.

The allegations contained in paragraph 144 of the Complaint are denied as written.

145.

The allegations contained in paragraph 145 of the Complaint are denied as written.

146.

The allegations contained in paragraph 146 of the Complaint are denied.

147.

The allegations contained in paragraph 147 of the Complaint are denied.

148.

The allegations contained in paragraph 148 of the Complaint are denied.

149.

The allegations contained in paragraph 149 of the Complaint are denied.

150.

The allegations contained in paragraph 150 of the Complaint do not call for a response from defendant, Board of Supervisors.

151.

The allegations contained in paragraph 151 of the Complaint are denied as written.

152.

The allegations contained in paragraph 152 of the Complaint are denied.

153.

The allegations contained in paragraph 153 of the Complaint are denied.

154.

The allegations contained in paragraph 154 of the Complaint are denied.

155.

The allegations contained in paragraph 155 of the Complaint are denied.

156.

The allegations contained in paragraph 156 of the Complaint do not call for a response from defendant, Board of Supervisors.

157.

The allegations contained in paragraph 157 of the Complaint do not call for a response from defendant, Board of Supervisors.

158.

The allegations contained in paragraph 158 of the Complaint do not call for a response from defendant, Board of Supervisors.

159.

The allegations contained in paragraph 159 of the Complaint are denied for lack of sufficient information to justify a belief therein.

160.

The allegations contained in paragraph 160 of the Complaint are denied for lack of sufficient information to justify a belief therein.

161.

The allegations contained in paragraph 161 of the Complaint are denied for lack of sufficient information to justify a belief therein.

162.

The allegations contained in paragraph 162 of the Complaint do not call for a response from defendant, Board of Supervisors.

163.

The allegations contained in paragraph 163 of the Complaint do not call for a response from defendant, Board of Supervisors.

164.

In response to the allegations contained in paragraph 164 of the Complaint, it is admitted that a Memorandum of Understanding existed between UL Lafayette and LCG.  The remaining allegations contained in paragraph 164 of the Complaint are denied as written.

165.

The allegations contained in paragraph 165 of the Complaint do not call for a response from defendant, Board of Supervisors.

166.

The allegations contained in paragraph 166 of the Complaint do not call for a response from defendant, Board of Supervisors.

167.

The allegations contained in paragraph 167 of the Complaint do not call for a response from defendant, Board of Supervisors.

168.

The allegations contained in paragraph 168 of the Complaint do not call for a response from defendant, Board of Supervisors.

169.

The allegations contained in paragraph 169 of the Complaint do not call for a response from defendant, Board of Supervisors.

170.

The allegations contained in paragraph 170 of the Complaint do not call for a response from defendant, Board of Supervisors.

171.

Defendant, BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, specifically denies all allegations contained in plaintiff's prayer for relief.

172.

Defendant demands a trial by jury on all issues so triable.

WHEREFORE, defendant, BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, prays that this Answer to Complaint be deemed good and sufficient and that after all due proceedings and legal delays are had, there be judgment rendered in favor of

defendant and against plaintiff, rejecting and denying the plaintiff's claims, and that this suit be

dismissed at plaintiff's costs;

**AND FOR ALL GENERAL AND EQUITABLE RELIEF.**

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:    /s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

-and-

**DECUIR, CLARK & ADAMS, L.L.P**.

/s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Email: Brandon@decuirlaw.com
Linda Law Clark (#22305)
Email: Linda@decuirlaw.com
Monica Gant Moton (#27222)
Email: Mmoton@decuirlaw.com
732 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 346-8716
Facsimile: (225) 336-1950
*Counsel for the Board of Supervisors of the*
*University of Louisiana System*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 12th day of July, 2022

_____/s/ Andrew Blanchfield_____
                Andrew Blanchfield