UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION NO. 3:22-CV-00338 |
| VERSUS | |
| BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, et al., | JUDGE BRIAN A. JACKSON |
| | MAGISTRATE JUDGE SCOTT D. JOHNSON |

**MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION ON BEHALF OF THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Defendant" or "LSU") who moves this Court to dismiss Plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In support of this request, Defendant states as follows:

1. Plaintiff, Jane Doe, ("Plaintiff" or "Doe") filed suit against LSU on May 25, 2022.

2. Plaintiff has only alleged a state law negligence claim against LSU.

3. LSU is an arm of the State of Louisiana. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

4.      As an arm of the State, LSU "is immune from suit [in federal court] under the Eleventh Amendment." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); *see also Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 2014-0585 (La. 10/15/14), 149 So. 3d 227, 229 ("While Louisiana may have waived sovereign immunity with respect to some claims [pursuant to La. Const. art. 12 § 10(A)], La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system.").

5.      Moreover, because the Court does not have original jurisdiction, this Court may not exercise supplemental jurisdiction over the pendant state law claim pursuant to 28 U.S.C. § 1367. *See United States Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Texas*, 898 F.3d 497, 503 (5th Cir. 2018).

6.      Additionally, because Plaintiff has only asserted a state law negligence claim against LSU and because LSU is immune from suit in federal court on state law claims, this Court is deprived of subject matter jurisdiction, and, thus, LSU may not be joined as a required party. *See* Fed. R. Civ. P. 19(a)(1); *see also Lee v. Learfield Commc'ns, LLC*, 486 F. Supp. 3d 1041, 1051 (E.D. La. 2020)("Because JSU is a required party who must be joined, but whose joinder would divest this Court of subject matter jurisdiction, plaintiffs' claims against defendants must be dismissed pursuant to Rule 12(b)(7).")

**WHEREFORE,** Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College prays that the Court grant this Motion to Dismiss based on lack of subject matter jurisdiction.

Dated: August 10, 2022           Respectfully submitted,

                 */s/ Christine S. Keenan*
                 **CHRISTINE S. KEENAN** (No. 23293)
                 **ERIC R. MILLER** (No. 21359)
                 **ELIZABETH BAILLY BLOCH** (No. 37591)
                 **MARY KATHRYN GIMBER** (No. 38748)
                 THE KULLMAN FIRM APLC
                 4605 Bluebonnet Blvd., Suite A
                 Baton Rouge, Louisiana  70809
                 Telephone: (225) 906-4250
                 Facsimile: (225) 906-4230
                 Email: EM@kullmanlaw.com
                           CSK@kullmanlaw.com
                           EBB@kullmanlaw.com
                           MKG@kullmanlaw.com

                 **COUNSEL FOR DEFENDANT,**
                 **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

## **CERTIFICATE**

I hereby certify that I have, on this 10th day of August 2022, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

                           */s/ Christine S. Keenan*
                           Christine S. Keenan