## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

JANE DOE,

          Plaintiff,

v.                                                    No. 3:22-cv-00338-BAJ-SDJ

BOARD OF SUPERVISORS OF THE                           Hon. Brian A. Jackson
UNIVERSITY OF LOUISIANA SYSTEM;                       Hon. Scott D. Johnson
BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE; and LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT;

          Defendants.

## JOINT STATUS REPORT

### A.    JURISDICTION

**What is the basis for the jurisdiction of the Court?**

**1.    Plaintiff claims:**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this litigation involves claims arising under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different States.

**2.    Defendant Board of Supervisors of Louisiana State University and**
**Agricultural and Mechanical College:**

Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board-LSU") contends that this Court lacks subject matter

jurisdiction over Plaintiff's negligence claim against Board-LSU because Board-LSU is an arm of the state of Louisiana and, consequently, Plaintiff's state law claims are barred by sovereign immunity under the Eleventh Amendment to the U.S. Constitution. *Pastorek v. Trail*, 248 F.3d 1140 (5th Cir.2001).

3.     **Defendant Lafayette City-Parish Consolidated Government:**

Defendant, Lafayette City-Parish Consolidated Government, avers that the only claims lodged against it are under state law. Should this Honorable Court dismiss plaintiff's federal claims, then jurisdiction would not be appropriate; however, at this time, defendant does not contest the jurisdiction of the Court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

4.     **Defendant Board of Supervisors of the University of Louisiana System:**

Defendant, Board of Supervisors of the University of Louisiana System (hereinafter "Board-ULS"), does not at this time contest the jurisdiction of this Court.

B.     **BRIEF EXPLANATION OF THE CASE**

1.     **Plaintiff claims:**

On September 18, 2018, when Plaintiff Jane Doe was a student at Louisiana Tech University ("Tech"), she was raped by fellow Tech student "Daniel." In December 2018, upon learning that "Daniel's" true name was Victor Daniel Silva, Ms. Doe reported Silva's rape to Tech and local law enforcement. Three days later, Tech informed Ms. Doe that Silva had withdrawn from the school and would not be investigated. On May 26, 2021, Ms. Doe read a news report in USA Today authored by investigative journalist Kenny Jacoby that focused on Silva and revealed how Defendants had permitted him to escape responsibility for the many reports of his criminal sexual misconduct against

2

female college students. Plaintiff learned material facts that form the basis for her claims, which were not previously known or reasonably knowable to her. This included, among other things, that prior to Silva's rape of Ms. Doe, Defendants: collectively had notice of Silva's reported sex crimes against five separate women, violated their mandatory disclosure obligations, and chose to disregard the substantial risk that Silva posed of sexually assaulting female students like Ms. Doe. Plaintiff also learned for the first time that, after she reported Silva to Tech, he was allowed to transfer to the University of Louisiana at Lafayette ("UL Lafayette") – a school that, like Tech, is controlled and supervised by Defendant Board of Supervisors of the University of Louisiana System ("Board-ULS"), without investigation or any disciplinary action.

On May 25, 2022, Ms. Doe filed her Complaint and asserted Title IX and negligence claims against Defendant Board-ULS, and negligence claims against Defendants Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("Board-LSU") and Lafayette City-Parish Consolidated Government ("LCG"), for their many acts and omissions that directly and proximately caused Ms. Doe to suffer sexual assault, and that – yet again – allowed him to avoid responsibility for his sexual misconduct.

2. **Defendant Board of Supervisors of the University of Louisiana System ("Board-ULS") claims:**

Plaintiff alleges that during the 2014-2015 academic year, two female LSU students reported Daniel Silva for sexual assault, with the second allegation resulting in his arrest for second degree rape. Further, in the spring of 2015, LSU banned Silva from campus and, thereafter, Silva transferred to the University of Louisiana at Lafayette ("UL-Lafayette").

3

Plaintiff alleges that LSU withheld information from UL-Lafayette. The complaint further alleges that from the spring of 2015 through the 2017-2018 academic year at UL-Lafayette, three women reported Silva to the Lafayette Police Department, and that the Lafayette Police Department did not inform UL-Lafayette of these reports.

In the fall of 2018, Silva transferred to Louisiana Tech University ("Tech"). The plaintiff further alleges that in the fall of 2018, she was raped by Silva. Thereafter, Silva transferred from Tech back to UL-Lafayette.

Ms. Doe is seeking recovery for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq. ("Title IX"), as well as negligence against the University of Louisiana System. Ms. Doe specifically alleges she suffered as a result of the Board-ULS's alleged deliberate indifference to the risk posed by Silva. Plaintiff maintains this action against the Board-ULS, LSU and LCG.

3.    **Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") claims:**

Plaintiff Jane Doe was a student at Louisiana Tech University in the Fall of 2018 when she alleges that she was raped by Victor Daniel Silva.  In this lawsuit, Doe holds Board-LSU accountable for the rape under a theory of negligence.   Specifically, Doe alleges that during the 2014 Fall Semester, Silva was enrolled as a student at LSU.  During the time that Silva was a student at LSU, a female LSU student reported to Baton Rouge law enforcement that Silva had raped her.  Baton Rouge law enforcement notified LSU of the report which was investigated.  LSU, through its investigation, was unable to confirm the allegations.  Thereafter, Silva transferred to the University of Louisiana at Lafayette ("ULL").  Doe then alleges that during the Spring Semester of 2015, another female LSU

4

student reported that Silva, who was now enrolled at ULL, had raped her while visiting friends on campus.  On April 1, 2015, Silva was arrested.  In response, LSU banned Silva from returning to campus.  An employee from LSU's Student Affairs office forwarded a news article about the incident and Silva's arrest to ULL.  LSU took no further action regarding Silva.

Doe now alleges that Board-LSU was negligent in its handling of the complaints involving Silva.  First, Doe alleges that Board-LSU should have prevented Silva from transferring to ULL and/or notified ULL of the first incident of sexual assault.  Second, Doe alleges that Board-LSU was negligent in failing to notify ULL of the second incident of sexual assault and/or that LSU had banned Silva from its campus.  Additionally, Doe alleges that Board-LSU was negligent in its failure to inform the second victim of her rights under Title IX to file a complaint against Silva at ULL.

Board-LSU contends that Doe's claims against it should be dismissed for several reasons.  First, Doe's negligence claim is barred by sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution.  Second, even if Doe's claim was not barred by the Eleventh Amendment, it is barred because it has prescribed.  Third, Doe cannot establish that Board-LSU owed a duty, or breached a duty, to her under the facts alleged.

**4.     Defendant Lafayette City-Parish Consolidated Government ("LCG") claims:**

Plaintiff's claims against LCG are based purely on a state law negligence claim. LCG contends that the Campus Accountability and Safety Act (La. R.S. 17:3399.11 through 17:3399.18, also known as Act 172) does not provide plaintiff with a private right of action, nor did it impose any mandatory duty on law enforcement.  In addition,

LCG contends that plaintiff's claims are prescribed, that the doctrine of *contra non valentem* does not save plaintiff's negligence claim against it, and there is a Motion to Dismiss pursuant to FRCP 12(b) pending before the Court [Court Doc. #22].  In addition, LCG argues that it did not owe any special duty to plaintiff as a result of any Memorandum of Understanding with University of Louisiana at Lafayette, and/or further, that LCG is entitled to statutory or discretionary acts immunity pursuant to La. R.S. 17:3399.13.2 or La. R.S. 9:2798.1, respectively, such that plaintiff's claims against it should be entirely dismissed.

C.    **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

1.    Defendant LCG's Rule 12(b)(6) Motion, filed July 21, 2022.  The basis for LCG's motion is prescription, failure to plead duty, and immunity.

2.    Defendant Board-LSU's Rule 12(b)(1) Motion, filed August 10, 2022.  The basis for Board-LSU's motion is lack of jurisdiction due to sovereign immunity.

3.    Plaintiff's Motion for Leave to Proceed Under Pseudonym, filed May 25, 2022. The basis for Ms. Doe's motion is her strong interest in protecting her identity from public knowledge due to her status as a sexual assault victim.

D.    **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1.    Whether Defendants owed Ms. Doe a duty.  **Disputed.**

2.    Whether Defendants breached their duties.  **Disputed.**

3.    Whether Defendants' negligence caused Ms. Doe's harm.  **Disputed.**

4.    Whether Ms. Doe suffered harm.  **Undisputed.**

5.    Whether Defendant LCG is entitled to immunity.  **Disputed.**

6.    Whether Defendant Board-LSU is entitled to immunity.  **Disputed.**

7.    Whether Ms. Doe's claims are timely.  **Disputed.**

8.    Whether Defendant Board-ULS violated Ms. Doe's Title IX rights.  **Disputed.**

9.    Whether Ms. Doe's claims against Board-LSU are barred by the Eleventh
      Amendment to the U.S. Constitution and sovereign immunity.  **Disputed.**

10.   Whether Defendant Board-ULS has been deliberately indifferent as claimed by the
      Plaintiff.  **Disputed.**

11.   Whether any actions or inactions of Board-ULS caused any damage to Plaintiff,
      Jane Doe.  **Disputed.**

12.   Whether Defendant Board-ULS is entitled to immunity.  **Disputed.**

13.   Whether or not Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C.
      §1988. **Disputed.**

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of
damages or the offset:

1.    Plaintiff's calculation of damages: Plaintiff incorporates by reference all of the
      categories of damages claimed in the Complaint filed in this matter, including
      compensatory and consequential damages in an amount to be established at trial,
      and an award of reasonable attorneys' fees and costs against Defendant Board-
      ULS.  All of these damages are in an amount to be determined and may be subject
      to expert testimony.

7

2.      Defendants' calculation of offset and/or plaintiff's damages:

   a.      **By Board-LSU**:

Defendant denies that Plaintiff is entitled to an award of damages, or a judgment of any kind.  Further, if after discovery, it appears that Plaintiff has failed to mitigate her damages, Defendant will seek to offset Plaintiff's damages by any amount caused by the failure to mitigate.  Since discovery has not yet begun, Defendant is unable to ascertain the precise amount of any offset at this time.

   b.      **By LCG**:

Defendant denies that Plaintiff is entitled to an award of damages, or a judgment of any kind.  Further, if after discovery, it appears that Plaintiff has failed to mitigate her damages, Defendant will seek to offset Plaintiff's damages by any amount caused by the failure to mitigate.  Since discovery has not yet begun, Defendant is unable to ascertain the precise amount of any offset at this time.

   c.      **By Board ULS**:

Defendant denies that Plaintiff is entitled to an award of damages, or a judgment of any kind.  Further, if after discovery, it appears that Plaintiff has failed to mitigate her damages, Defendant will seek to offset Plaintiff's damages by any amount caused by the failure to mitigate.  Since discovery has not yet begun, Defendant is unable to ascertain the precise amount of any offset at this time.

3.      Counterclaimant/cross claimant/third party's calculation of damages: N/A

**F.    SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

G.    **DISCOVERY**

    1.    Initial Disclosures:

        A.    Have the initial disclosures required under FRCP 26(a)(1) been

        completed?

                [  ]  YES    [X] NO

        In accordance with Local Rule 26(b), the parties shall provide their initial

        disclosures to the opposing party no later than 7 days before the date of the

        scheduling conference, unless a party objects to initial disclosures during

        the FRCP 26(f) conference and states the objection below.

        B.    Do any parties object to initial disclosures?

                [X]  YES    [ ] NO

        For any party who answered *yes*, please explain your reasons for

        objecting.

        **Defendant Board-LSU** objects to initial disclosures due to its pending

        motion to dismiss.

        **Defendant LCG** objects to initial disclosures due to its pending motion to

        dismiss.

        **Defendant Board-ULS** objects to initial disclosures due to multiple

        pending motions to dismiss in this matter.

    2.    Briefly describe any discovery that has been completed or is in progress:

    By Plaintiff: None.

    By Defendants: None

3.      Please describe any protective orders or other limitations on discovery that may

be required/sought during the course of discovery. (For example: are there any

confidential business records or medical records that will be sought? Will

information that is otherwise privileged be at issue?)

The parties agree that a protective order will be necessary and are working

cooperatively to propose an order that accounts for all parties' concerns. Ms. Doe

seeks a protective order to protect her privacy and identity. LSU and UL seek a

protective order to address concerns related to the Family Educational Rights and

Privacy Act (FERPA), 20 U.S.C.§ 1232g. LCG anticipates possible issues related

to laws pertaining to confidentiality for reports involving juveniles and/or victims

and witnesses to allegations of sexual assault.

4.      Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiff**: At this time, Plaintiff anticipates offering expert testimony on her

injuries and the standard of care for postsecondary educational institutions.

**By LSU**:  At this time LSU has not determined whether or not experts would be

appropriate in this action; however, LSU reserves the right to name experts and/or

rebuttal experts.

**By LCG**:  At this time, LCG has not determined whether or not experts would be

appropriate for this action; however, LCG reserves the right to name experts

and/or rebuttal experts.

**By Board-ULS**:  At this time, Board-ULS has not determined whether or not experts would be appropriate for this action; however, Board-ULS reserves the right to name experts and/or rebuttal experts

H.   **PROPOSED SCHEDULING ORDER**

1.   If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:_____.

    **By LSU**:  30 days following a ruling on Defendant's pending motion to dismiss.

    **By LCG**:   30 days following a ruling on Defendant's pending motion to dismiss.

    **By Board-ULS**:  30 days following a ruling on all pending motions to dismiss.

2.   Recommended deadlines to join other parties or to amend the pleadings: **November 1, 2022**.

3.   Filing all discovery motions and completing all discovery except experts: **September 1, 2023**.

4.   Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff: **November 1, 2023**.

    Defendants: **December 15, 2023**.

5.   Exchange of expert reports:

    Plaintiff: **February 1, 2024**.

    Defendants: **March 15, 2024**.

6.   Completion of discovery from experts: **May 1, 2024**.

7.   Filing dispositive motions and Daubert motions: **June 1, 2024**.

11

8.    All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1]  The parties should not provide any proposed dates for these remaining deadlines.

   a.    Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case.  All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

**I.**      **TRIAL**

1.      Has a demand for trial by jury been made?

[X]  YES     [ ] NO

2.      Estimate the number of days that trial will require: **Ten (10) days**.

**J.**      **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[X]  YES     [ ] NO

i.      If the answer is *yes*, please explain:

**LCG, Board-LSU, and Board-ULS** prefer to stay discovery pending

resolution of their respective motions to dismiss.

ii.     If the answer is *no*, do the parties want the court to cancel the scheduling

conference and to enter a scheduling order based on the deadlines set out

in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED**

**JOINT PROPOSED DEADLINES.**

[ ] YES     [ ] NO

**K.**      **SETTLEMENT**

1.      Please set forth what efforts, if any, the parties have made to settle this case to

date.  None.

2.      Do the parties wish to have a settlement conference:

[X]  YES     [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be

most beneficial?

13

The parties generally agree that a settlement conference may be beneficial.  All
Defendants have expressed that a settlement conference likely will not be fruitful
until after the completion of discovery and/or resolution of dispositive motions.
The parties will jointly contact the Court when they believe a settlement
conference may be productive.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge
and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to
have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside
over a jury or bench trial, with appeal lying to the United States Court of Appeals for the
Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ]  YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented
parties should sign the <u>attached form</u> to indicate your consent.**

Dated:  August 18, 2022

| | |
|---|---|
| By: /s/ Monica H. Beck<br>**THE FIERBERG NATIONAL**<br>**LAW GROUP, PLLC**<br>Monica H. Beck – Lead Attorney*<br>Chloe M. Neely*<br>161 East Front Street, Suite 200<br>Traverse City, MI  49684<br>Telephone: (231) 933-0180<br>Facsimile: (231) 252-8100<br>Email: mbeck@tfnlgroup.com<br>Email: cneely@tfnlgroup.com<br>*Admitted pro hac vice*<br><br>*Attorneys for Plaintiff Jane Doe* | By: /s/ J. Lane Ewing, Jr.<br>**CAZAYOUX EWING LAW FIRM**<br>Donald J. Cazayoux, Jr. (LBN 20742)<br>J. Lane Ewing, Jr. (LBN 29854)<br>257 Maximilian Street<br>Baton Rouge, LA  70802<br>Telephone: (225) 650-7400<br>Facsimile: (225) 650-7401<br>Email: don@cazayouxewing.com<br>Email: lane@cazayouxewing.com<br><br>*Attorneys for Plaintiff Jane Doe* |
| **JEFF LANDRY**<br>**Attorney General**<br><br>By: /s/ Andrew Blanchfield, T.A.<br>Andrew Blanchfield, T.A. (#16812)<br>Email: ablanchfield@keoghcox.com<br>Christopher K. Jones (#28101)<br>Email: cjones@keoghcox.com<br>C. Reynolds LeBlanc (#33937)<br>Email: rleblanc@keoghcox.com<br>Chelsea A. Payne (#35952)<br>Email: cpayne@keoghcox.com<br>Special Assistant Attorneys General<br>701 Main Street (70802)<br>Post Office Box 1151<br>Baton Rouge, Louisiana 70821<br>Telephone: (225) 383-3796<br>Facsimile: (225) 343-9612<br><br>*Counsel for Defendant, Board of*<br>*Supervisors, University of Louisiana System* | **DECUIR, CLARK & ADAMS, L.L.P.**<br>Brandon J. DeCuir (#28014)<br>Email: Brandon@decuirlaw.com<br>Linda Law Clark (#22305)<br>Email: Linda@decuirlaw.com<br>Monica Gant Moton (#27222)<br>Email: Mmoton@decuirlaw.com<br>732 North Boulevard<br>Baton Rouge, LA 70802<br>Telephone: (225) 346-8716<br>Facsimile: (225) 336-1950<br><br>*Counsel for Defendant, Board of*<br>*Supervisors, University of Louisiana System* |

<table>
<tr>
<td>

By: /s/ Joy C. Rabalais
**BORNE, WILKES & RABALAIS, L.L.C.**
Joy C. Rabalais (26476), T.A.
H. Edward Barousse, III (28310)
Jordan John Henagan (36206)
Grant R. Schexnailder (40040)
K. Elizabeth Heinen (24452)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 232
Facsimile: (337) 232-1837
Email: rabalais@bornewilkes.com

*Attorneys for Lafayette City-Parish*
*Consolidated Government*

</td>
<td>

By: /s/ Christine S. Keenan
**THE KULLMAN FIRM APLC**
Christine S. Keenan (No. 23293)
Eric R. Miller (No. 21359)
Elizabeth Bailly Bloch (No. 37591)
Mary Kathryn Gimber (No. 38748)
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com
      CSK@kullmanlaw.com
      EBB@kullmanlaw.com
      MKG@kullmanlaw.com

*Counsel for Defendant, Board of Supervisors*
*of Louisiana State University and*
*Agricultural and Mechanical College*

</td>
</tr>
</table>

16