UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **NO. 22-00338-BAJ-SDJ** |

## PSEUDONYM ORDER

Plaintiff was the victim of sexual assault when she was a student at Louisiana Tech University. In this action, Plaintiff alleges institutional neglect and nonfeasance against Defendants Board of Supervisors of the University of Louisiana System ("UL System"), Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), and Lafayette City-Parish Consolidated Government ("City of Lafayette"), asserting that for several years these public entities knew the identity of her assailant—a Louisiana Tech student who had been previously banned from LSU's Baton Rouge campus after two female LSU students separately reported him for sexual assault—because he was a sexual predator that had been accused of rape and other sexual misconduct on *five* prior occasions, yet failed to take appropriate action to bring him to justice. (*See* Doc. 1 at ¶¶ 3-4).

Before the Court is Plaintiff's **Motion To Proceed Under Pseudonym (Doc. 46)**. For reasons set forth below, Plaintiff's Motion will be granted.

### I. BACKGROUND

The following allegations are drawn from Plaintiff's Complaint (Doc. 1), and are accepted as true for present purposes.

Plaintiff was a student at Louisiana Tech when she met fellow Tech student "Daniel." On September 18, 2018, Plaintiff accepted "Daniel's" invitation to study with him at his apartment. That night, "Daniel" raped and forcibly orally sodomized Plaintiff. The next morning, Plaintiff reported the assault to a close friend and an administrator at a Christian ministry. Later, Plaintiff reported the assault to Louisiana Tech officials and to law enforcement.

"Daniel," who did not tell Plaintiff his last name, was in fact Victor Daniel Silva. Unknown to Plaintiff, between the years 2014 and 2018 *five* women reported Silva to multiple Louisiana public universities and law enforcement agencies, including the named Defendants in this case, for rape and other criminal sexual misconduct—including two known sexual assaults at LSU's Baton Rouge campus. Rather than pursue disciplinary action, however, Defendants allowed Silva to transfer from school to school, largely without consequence, enabling him to continue his sexual predation against female college students, including Plaintiff.

Plaintiff learned of Silva's serial predation—and Defendants' knowledge of Silva—for the first time in May 2021, when USA Today published an extensive account of the allegations against Silva and Defendants' response(s) to the same.[1] Thereafter, Plaintiff initiated this action asserting a violation of her rights under Title IX of the Education Amendments of 1972, 20 U.S.C § 1681, *et seq.*, against Defendant UL System, and claims of negligence against Defendants UL System,

---

[1] *See* Kenny Jacoby, *Six Women Reported A Louisiana College Student For Sexual Misconduct. No One Connected The Dots.*, USA TODAY (May 26, 2021), *available at*: https://www.usatoday.com/in-depth/news/investigations/2021/05/26/louisiana-officials-skirted-law-meant-curb-campus-sex-crimes/7048845002/ (last viewed November 16, 2022).

2

LSU, and the City of Lafayette. (Doc. 1).

Now Plaintiff seeks leave to proceed in this action under the pseudonym "Jane Doe." (Doc. 46).

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 10(a) requires that a "complaint must name all the parties." "This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Sys., Inc.*, No. 13-cv-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Additionally, Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." "Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym." *Doe v. Griffon Mgmt. LLC*, No. 14-cv-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014).

The U.S. Court of Appeals for the Fifth Circuit instructs that whether to allow a party to proceed under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Factors to consider in determining whether anonymity is warranted include whether the plaintiff seeking anonymity is "suing to challenge governmental activity," whether prosecution of the case will compel plaintiff "to disclose information 'of the utmost intimacy;'" and whether the plaintiff will be "compelled to admit [her] intention to engage in illegal conduct, thereby risking

3

criminal prosecution." *Id.* at 185 (quoting *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Other factors courts consider include potential threats of violence, the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and fairness to the public. *Compact Info. Systems,* 2015 WL 11022761, at *3 (citations omitted). "Because none of the factors are dispositive, but deserve consideration, 'a Judge should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Frank*, 951 F.2d at 323; alterations omitted). "In the end, the primary concern underlying the relevant factors is whether the plaintiff likely would suffer real and serious harm if she were not permitted to use a pseudonym." *Doe ex rel. Doe v. Harris*, No. 14-cv-0802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014) (citing *Victoria W. v. Larpenter*, No. 00-1960, 2001 WL 406334, at *1 (E.D. La. Apr. 17, 2001)).

Applying these factors here, the Court finds that they weigh decisively in favor of allowing Plaintiff to proceed in this case under a pseudonym. Plaintiff's case challenges governmental activity, alleging that Defendants each breached duties to lawfully respond to the known and ongoing threat to student safety posed by Silva's continued enrollment in the Louisiana university system. Plaintiff's suit also necessarily requires the disclosure of intimate and highly sensitive information relating to her encounter with Silva, in that it arises from an allegation of sexual assault. *See Roe v. Patterson*, No. 19-cv-00179, 2019 WL 2407380, at *4 (E.D. Tex.

4

June 3, 2019) ("[S]exual assault claims, by their nature, involve the disclosure of intimate details of sexual conduct[.]"). Further, the Court can find no prejudice to Defendants by allowing Plaintiff to proceed under a pseudonym: Defendants know Plaintiff's identity and will be able to conduct this litigation without impediment. *See Doe v. Colgate Univ.*, No. 15-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("Furthermore, Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly.").

In addition, the Court recognizes that this particular type of case, which challenges the manner in which universities and law enforcement agencies handle allegations of campus sexual assault, has the potential to garner significant media attention, posing the risk of further reputational harm to Plaintiff, a harm that far exceeds the public's interest in knowing Plaintiff's true identity. *See Colgate Univ.*, 2016 WL 1448829, at *2 (citing cases); *see also Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 180 (D.R.I. 2016) ("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary: the manner in which colleges and universities handle allegations of sexual assault." (footnote omitted)).

Given the nature of this proceeding, and after considering the factors discussed above, the Court concludes that Plaintiff's privacy interest outweighs the presumption of openness in judicial proceedings. *Stegall*, 653 F.2d at 186. As such, Plaintiff may proceed under a pseudonym in this case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Plaintiff's **Motion To Proceed Under Pseudonym (Doc. 46)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that:

(a) Plaintiff shall be permitted to proceed in this litigation using a pseudonym;

(b) Plaintiff's real name shall be placed under seal, and a copy of Plaintiff's Sealed Exhibit A (Doc. 46-2) disclosing her real name shall be served on Defendants in a manner other than through the Court's electronic filing system;

(c) Defendants, their employees, agents, and successors in office, including their attorneys, shall be prohibited from disclosing Plaintiff's real name without leave of the Court to anyone other than counsel of record in this litigation; and

(d) On or before December 14, 2022, the parties shall confer and jointly submit a proposed protective order enabling Defendants to seek appropriate discovery regarding Plaintiff while still preserving her anonymity.

Baton Rouge, Louisiana, this 17th day of November, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**