## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **NO. 22-00338-BAJ-SDJ** |

## ORDER

Plaintiff was the victim of sexual assault when she was a student at Louisiana Tech University. In this action, Plaintiff alleges institutional neglect and nonfeasance against Defendants Board of Supervisors of the University of Louisiana System ("UL System"), Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), and Lafayette City-Parish Consolidated Government ("City of Lafayette"), asserting that for several years these public entities knew the identity of her assailant—a Louisiana Tech student who had been previously banned from LSU's Baton Rouge campus after two female LSU students separately reported him for sexual assault—because he was a sexual predator that had been accused of rape and other sexual misconduct on *five* prior occasions, yet failed to take appropriate action to bring him to justice. (*See* Doc. 1 at ¶¶ 3-4).

Against LSU, Plaintiff alleges state-law negligence claims *only*. (Doc. 1 at ¶¶ 156-161). Now, LSU moves to dismiss Plaintiff's claims, *solely* on the basis that "LSU is immune from Plaintiff's suit in this Court" under the Eleventh Amendment. (Doc. 23-1 at p. 4). Plaintiff objects. (Doc. 31). While tacitly acknowledging that LSU generally enjoys sovereign immunity from state law claims in federal court, Plaintiff

states that she "pursued her state-law claim against Defendant LSU in federal court in the spirit of judicial economy," and reminds LSU that "sovereign immunity is a personal privilege which it may waive at pleasure," *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999). (Doc. 31 at pp. 1-2).

LSU has not filed a reply to Plaintiff's objection, or otherwise responded to Plaintiff's invitation to waive sovereign immunity for purposes of this action. Plainly, judicial economy favors a single proceeding, which would streamline discovery, reduce litigation costs, conserve judicial resources, and avoid contradictory outcomes. LSU's silence suggests that it (inexplicably) prefers parallel litigation and duplicative efforts. Under the circumstances of this case, however, and because Plaintiff has expressly raised the issue of waiver, the Court will require LSU to expressly respond.

Accordingly,

**IT IS ORDERED** that on or before November 29, 2022 Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College shall file a notice into the record stating whether or not it will waive sovereign immunity for purposes of this action.

Baton Rouge, Louisiana, this 17th day of November, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**