UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                   CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF
THE UNIVERSITY OF LOUISIANA
SYSTEM, ET AL.                                         NO. 22-00338-BAJ-SDJ

## CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Consistent with this Court's November 17, 2022 Pseudonym Order granting Plaintiff permission to proceed under a pseudonym, and for good cause shown under Rule 26 of the Federal Rules of Civil Procedure,

**IT IS ORDERED** that the parties' **Joint Motion For Entry Of Proposed Consent Protective Order And Confidentiality Agreement (Doc. 50)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that by mutual consent of the parties the following terms shall govern the production or disclosure of Confidential Information for the purposes of this action, to ensure the continued confidentiality thereof:

### PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information (including electronically stored information or "ESI") and documentation such as, by way of illustration but not limitation: Plaintiff Jane Doe's true name, Social Security numbers, dates of birth, home addresses, employment records of individuals, information protected by the Family Educational Rights and Privacy Act, 20 U.S.C.

§ 1232g, *et. seq.* ("FERPA"), and/or the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, *et. seq.* ("HIPAA"), and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection pursuant to the Court's Pseudonym Order (Doc. 47) and Fed. R. Civ. P. 26.

## TERMS

1.   This Protective Order shall govern the production or disclosure of any document or information designated as "Confidential Information" and produced by a party or its agent ("Producing Party") to another party ("Receiving Party") during the course of discovery, pretrial proceedings, or trial in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other discovery materials, whether produced informally, as part of settlement or mediation discussions and/or negotiations, or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery. In addition, the parties agree and acknowledge that Confidential Information may be produced by non-parties and designated as "Confidential Information" by any party or non-party in accordance with the terms of this Protective Order.

2. The designation of Confidential Information for the purposes of this Order shall be made in the following manner:

   a. In the case of documents, interrogatory answers or other information or materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Information that will not interfere with the legibility of the document. If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked. If not practical to so mark the material itself, the file name, container for, or a tag attached to the material shall be so marked.

   b. In the case of depositions or other pretrial testimony, designation must be made by written notice, sent by counsel to all parties within fourteen (14) business days after receipt of the transcript of the deposition. All transcripts shall be considered Confidential Information and subject to this Order until expiration of such fourteen (14) business day period.

3. Parties will use their best efforts to limit the number of documents designated as Confidential Information, and such designations must be made in good faith.

4. Confidential Information shall be used solely in this litigation and shall not be used for any other purpose without the written authorization of the party who

3

is the subject of the Confidential Information or except as otherwise authorized by this Court.

5.  Except as otherwise directed by this Court, Confidential Information shall be disclosed only to the following:

   a.  Attorneys appearing in and/or working on this litigation, including the attorneys' regular and temporary employees, contractors and agents;

   b.  The parties to this litigation;

   c.  Defendants' insurance carriers, adjusters, and claims representatives;

   d.  Factual and expert witnesses who have been advised of the existence and terms of this Order, and who have agreed to maintain the confidentiality of the information as described herein;

   e.  Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system, who have been advised of the existence and terms of this Order, and who have agreed to maintain the confidentiality of the information as described herein;

   f.  The Court and its officers, court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any;

4

       g.    Any mediator engaged in mediation of this case; and

       h.    Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party.

6.    If a third party or non-party witness provides deposition testimony or documents in this litigation, including pursuant to a subpoena, such third party may designate such information as Confidential Information in the same manner as if the third party or non-party witness were a party to this action and this Order. In addition, any party may likewise choose to designate any deposition testimony or documents provided by a third party or non-party witness as Confidential Information if the testimony or documents qualify as Confidential Information under the terms of this Protective Order. All parties will treat such information or documents as Confidential Information pursuant to the terms of this Protective Order

7.    Inadvertent disclosure or production of or failure to designate any materials or information as Confidential Information shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the Confidential Information designation. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Order. The Receiving Party must treat such information as Confidential Information from the date designation is received.

Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order. However, after receipt of designation, the Receiving Party must use its best efforts to immediately retrieve all information or materials that are Confidential Information that is in the possession or control of persons not authorized to receive Confidential Information.

8. Any party may object to the designation of any documents, materials, information, or testimony as Confidential Information by giving written notice to the Producing Party that it objects to the designation. If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, testimony, or information should not be so deemed, and the parties shall attempt first to dispose informally of such disputes in good faith. The documents will be treated as Confidential Information during the parties' attempt to resolve the dispute. If the parties are unable to resolve their dispute within ten (10) business days of the objection, the Producing Party may apply to the Court for an order that the information or documents so designated are entitled to such status and protection. That application must be made within five (5) business days of the end of the aforementioned ten (10) business day period. The Producing Party has the burden of showing that there is good cause for documents, materials, information, or testimony to have such designated protection. The documents, materials,

information, or testimony shall continue to have "Confidential" status during the pendency of any such motion.

9. With respect to filing documents that contain Confidential Information with the Court:

    a. If the Confidential Information consists of Plaintiff Jane Doe's true name or other personally identifiable information, the filing party shall redact her true name and, if possible, replace her true name with "Jane Doe," and redact all other personally identifiable information concerning Plaintiff.

    b. For all other Confidential Information, the filing party shall redact the Confidential Information.

    c. If a party wishes to file an unredacted version of any Confidential Information with the Court, that party will file a motion for leave to file such information under seal that complies with the Local Rules of the United States District Court for the Middle District of Louisiana and Fifth Circuit legal precedent. No party will unreasonably withhold consent or stipulation from another party's motion for leave to file Confidential Information under seal.

10. Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of Confidential Information at trial. If this action goes to trial, the parties agree to cooperate in terms of protecting Confidential Information. Specifically, the parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential

Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, the Court may be asked to issue an order governing the use of such Confidential Information at trial or evidentiary hearing upon reasonable notice to the party who produced such information.

11. The termination of this litigation shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated as Confidential Information pursuant to this Order.

12. The Producing Party shall not be bound by its own designation of information as Confidential Information, but if it ceases to treat any document or information as no longer protected for purposes of this litigation, then the Receiving Party is no longer obliged to do so.

13. If the Receiving Party or any of its employees is compelled to disclose any of the Producing Party's Confidential Information pursuant to applicable federal or state laws, rules, regulations, or court orders or subpoenas, the Receiving Party shall provide the Producing Party with prompt notice of any such requirement in writing so as to allow the Producing Party to seek an order regarding confidentiality. If such an order or arrangement is not obtained, the Receiving Party shall disclose only that portion of the Producing Party's Confidential Information as is necessary to comply with the applicable federal or state law, rule, regulation, or court order or subpoena.

14. The parties agree that this Protective Order complies with the privacy

rules under HIPAA, 45 CFR § 164.512(e), and FERPA, 20 U.S.C. § 1232g. Specifically, the parties agree, and the Court orders, that the parties and any non-party witness may produce and disclose protected health information and "education records," as that term is defined by FERPA, in response to a subpoena, discovery request, or other lawful process, or in connection with a mediation process or settlement discussions, and that such protected health information and education records shall only be produced and shall be kept confidential consistent with the terms of this Protective Order. The parties agree that they are prohibited from using or disclosing any protected health information or education records produced or disclosed herein for any purpose other than this action.

15. After the conclusion of this litigation, any Confidential Information that also constitutes "protected health information" within the meaning of 45 C.F.R. § 164.501 and/or "education records" within the meaning 34 C.F.R. § 99.3 (and all copies thereof) shall be returned to the disclosing individual or Producing Party or shall be destroyed upon the expiration of thirty (30) calendar days of the conclusion of this litigation. Any destruction shall be in a manner that renders the information irretrievable.

16. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

17. Entering into, agreeing to, and/or complying with the terms of this Order

shall not prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

18.  Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the production and/or admissibility at trial of any evidentiary materials.

19.  Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

20.  The parties may pursue any and all civil remedies available for breach of the terms of this Order.

**SO ORDERED.**

Baton Rouge, Louisiana, this 21st day of December, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**