**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **NO. 22-00338-BAJ-SDJ** |

## RULING AND ORDER

Plaintiff initiated this action in May 2022. For eight months, it proceeded without any question that this District is the appropriate venue. Now, however, after this Court has entered a 48-page Ruling and Order denying Defendant Lafayette City-Parish Consolidated Government's (LCG) motion to dismiss, LCG contends in a **Motion To Transfer Venue (Doc. 54)** that it would be "inconvenient … for the parties and witnesses" to continue here, in Baton Rouge. Instead, LCG prefers that this action should be transferred 60 miles west to the U.S. District Court for the Western District of Louisiana, in downtown Lafayette. (Doc. 54-1 at p. 7). Notably, Defendant Board of Supervisors of the University of Louisiana System (ULS)—whose authority extends to University of Louisiana Lafayette (in Lafayette) and Louisiana Tech University (in Ruston)—does not join LCG's Motion. Plaintiff opposes transfer, arguing that LCG's request is purely self-serving, and that, in fact, the balance of relevant factors weigh *against* transfer. (Doc. 58 at p. 6).

"[D]istrict courts have broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*Volkswagen II*). Still, in exercising this discretion, the Court is limited by the text of

28 U.S.C. § 1404(a), and controlling precedent interpreting and applying the text of § 1404(a). *Id.* The first factor the Court must consider "is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). If "yes," then the Court weighs the "private concerns" at issue—*i.e.*, "the convenience of parties and witnesses"—against the "public concerns" at stake—*i.e.*, "the interest of justice." *See id.* (quoting 28 U.S.C. § 1404(a)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

Here, it is undisputed that Plaintiff could have pursued her action in the Western District of Louisiana. (Doc. 58 at p. 11). But that merely opens the door to the possibility of transfer, requiring the Court to balance the relevant private and public concerns.

First, the relative ease of access to sources of proof. LCG strains to show that this factor favors transfer to Lafayette, because "relevant Lafayette Police Department files and documentation are located in Lafayette," and "files related to Plaintiff's complaint of Silva to authority figures at Louisiana Tech are located in Ruston." (Doc. 54-1 at p. 10). The Court is not so easily swayed. First, additional relevant files and documentation are located here, in Baton Rouge, where ULS is

2

domiciled, where now-dismissed Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU) is domiciled, and where Plaintiff's assailant, Victor Daniel Silva, began his college career (at LSU). Second, LCG need not be concerned with ease of access to documents in Ruston, because it is ULL's responsibility to produce such documents. Notably, ULL does not join LCG's Motion. Third, the reality of modern discovery is that most (if not all) relevant files and documentation are already in electronic format, minimizing (if not eliminating entirely) any inconvenience. In sum, this factor weighs neither for nor against transfer.

LCG concedes that the second factor—the availability of compulsory process—is also neutral because this Court and the Lafayette Division of the Western District of Louisiana are merely 60 miles apart, and thus enjoy "coextensive subpoena power" for all practical purposes. (Doc. 54-1 at p. 10).

Third, the cost of attendance for willing witnesses. LCG posits "that fact witnesses will primarily reside in the Western District." Yet, again, however, LCG ignores that Silva, Plaintiff's assailant, began his college career at LSU; that Silva was arrested and charged with second degree rape in Baton Rouge; and that a LSU administrator warned ULL of Silva prior to Plaintiff's assault. LCG also ignores that Plaintiff resides in Indiana. Certainly, Plaintiff's travel to Baton Rouge would be less expensive than to Lafayette. At best, this factor weighs *minimally* in favor of transfer.

Last among the private factors—all other practical problems that make trial of a case easy, expeditious and inexpensive. Here, LCG merely restates its arguments

as to the other private factors, adding nothing new. The Court determines that this factor is neutral.

First among the public factors is court congestion. Here, LCG *concedes* that "the Western District is much more congested than the Middle District based on the figures such as pending cases per Judgeship." (Doc. 54-1 at p. 11). Still, LCG encourages the Court to disregard the Western District's caseload, because much of this congestion results from "insurance lawsuits filed in Lake Charles following the devastation of Hurricanes Laura and Delta." (*Id.* at p. 12). Again, the Court is not so easily persuaded. Having recently labored under the strain of high caseloads resulting from the 2016 flood in Baton Rouge, this Court is well aware of the administrative difficulties resulting from the influx of insurance disputes that inevitably follows any natural disaster. Currently, caseloads are lower in this District than in the Western District. This factor weighs against transfer.

Second, the interest in having localized interests decided at home. This action involves alleged malfeasance at three Louisiana public universities: LSU, UL Lafayette, and Louisiana Tech. All citizens and taxpayers of Louisiana have an equal interest and stake in the administration of their public universities. This factor is neutral.

Third, familiarity of the forum with the law that will govern the case. Certainly, this Court's brethren in the Western District are fully capable of addressing the federal and state law issues presented in this case. At the same time, however, this Court has already invested considerable judicial resources into this

4

matter, which have resulted in multiple procedural orders, and a substantive order denying LCG's and ULL's motions to dismiss on January 10, 2023. (*See* Doc. 52). The Court's January 10 Order, in particular, spanned 48 pages, and required detailed consideration of the operative allegations underpinning this action, and substantial legal analysis. It would be decidedly *inefficient* at this time to transfer this action, thereby requiring the receiving Court to spin its wheels getting up to speed. This factor weighs decidedly against transfer. *See Copeland's Cheesecake Bistro of Bossier City, LLC v. Great Am. Ins. Co.*, No. 08-CV-1679, 2010 WL 4810840, at *4 (W.D. La. Oct. 28, 2010) (denying motion to transfer where movant/defendant delayed seeking transfer until after the district court ruled on a substantive motion to dismiss); *Doe v. St. Stephen's Episcopal Sch.*, No. 08-cv-299, 2009 WL 1835155, at *3 (S.D. Tex. June 26, 2009) (same).

Finally, conflict of laws. LCG concedes that no conflict of laws issues are presented here, and that this factor is neutral. (Doc. 54-1 at p. 13).

In sum, LCG has identified one private factor—cost of attendance for willing witnesses—that arguably *might* favor transfer. On the other hand, two public factors—relative docket congestion and this Court's familiarity with the case—strongly favor keeping this action here. All other factors are neutral. On balance, the Court determines that LCG has failed to show that the public and private interests set forth in 28 U.S.C. § 1404(a) and controlling precedent favor a transfer of this action to the Lafayette Division of the Western District of Louisiana.

Accordingly,

**IT IS ORDERED** that LCG's **Motion To Transfer Venue (Doc. 54)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 31st day of March, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**