UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE: SCOTT D. JOHNSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND FOR AN ORDER COMMANDING PLAINTIFF'S COUNSEL TO PROVIDE SUFFICIENT INFORMATION TO DEFENSE FOR DEPOSITIONS NOTICED IN THE PARALLEL STATE COURT PROCEEDING**

NOW INTO COURT, through undersigned counsel, comes Defendant, Lafayette City-Parish Consolidated Government ("LCG"), who moves to extend the discovery deadline currently set for October 31, 2023 to November 30, 2023, for the reasons outlined below, as well as in the Memorandum in Support being filed contemporaneously herewith. Plaintiff's counsel's opposition to this Motion is attached as Exhibit A,[1] and is more fully discussed in the accompanying Memorandum in Support of this Motion to Extend the discovery deadline and to request an Order directing plaintiff's counsel to provide defense counsel with sufficient information regarding depositions being set in the parallel state court proceeding. Counsel for co-defendants have advised that they have no opposition to the granting of this Motion.

---

[1] The full names of friends, roommates and acquaintances of Jane Doe, as well as the name of a medical facility in which she sought medical care, have been redacted in Exhibits A and B attached to this Motion out of an abundance of caution to comply with the protective order entered in this matter (Court Doc. 51).

Defendant is committed to working with all counsel to move this matter forward as expeditiously as possible, without prejudicing any party. This Court previously ordered the extension of the fact discovery deadline to October 31, 2023 based upon Joint Motion of the Parties, where it was acknowledged that "Parties, witnesses, issues and allegations overlap amongst the three pending suits," and that discovery was somewhat delayed in light of a pending hearing date in the state civil court matter, which is set for October 26, 2023 (Rec. Doc. 69 and 70). The parties have worked together to conduct discovery prior to this deadline. However, it has become clear that there are necessary Requests for Production of Documents and depositions which remain outstanding, and the current deadline does not allow sufficient time for the parties to adequately finish necessary discovery before the October 31, 2023 deadline.

Plaintiff's deposition was taken on September 20, 2023. Shortly thereafter, on October 9, 2023, LCG propounded Requests for Production of Documents upon Plaintiff to follow up on information learned pursuant to her deposition testimony. These Requests were narrowly tailored and aim to recover messages that Plaintiff testified that she no longer possesses, because she acquired a new cell phone. A copy of the discovery requests are attached hereto as Exhibit B. Plaintiff's counsel has objected to responding to these narrowly tailored discovery requests, because the "deadline" to provide formal responses falls 8 days after the October 31, 2023 deadline (Exhibit A).

Additionally, necessary depositions remain outstanding, with at least one of them requiring an out-of-state deponent to be subpoenaed. Extending the discovery deadline will not affect the trial date or any other deadlines provided by the Scheduling Order (Rec. Doc. 32). Further, a brief extension of the discovery deadline will not prejudice any party, and it will allow for a more

complete discovery process. LCG's Motion seeks reciprocity and fairness, and thus, seeks to extend the discovery deadline to November 30, 2023 (or some other date as the Court is inclined to grant) in an effort to comply with notions of fair play and comity for all parties, in light of the continuing discovery that remains ongoing.

All other deadlines and settings are to remain as set in the Scheduling Order, including the dates of the pre-trial conference and the trial date.

Trial in this matter is scheduled for December 9, 2024, at 8:30 a.m. Therefore, a brief and limited extension of this deadline will not affect the trial date.

WHEREFORE, for reasons set forth herein, as well as in the Memorandum accompanying this Motion, and in accordance with Federal Rule Civil Procedure 16, Defendant, Lafayette City-Parish Consolidated Government ("LCG"), respectfully requests that this Honorable Court extend the deadline as prayed for above. Additionally, LCG requests that this Honorable Court issue an Order commanding plaintiff's counsel to provide sufficient information to all defense counsel in this lawsuit regarding depositions noticed in the parallel state court proceeding. Defendant respectfully asserts that a Scheduling Conference would be beneficial to discuss this Motion and the remaining discovery issues presented in this matter, which presents unique issues in light of the parallel state court proceeding in which plaintiff's counsel is moving forward with discovery, to ensure that witnesses for the defendants in this federal court proceeding are not subjected to multiple depositions, to ensure that defendants are allowed an opportunity to meaningfully participate in any noticed state court deposition should plaintiff's counsel seek to use that sworn testimony in this federal proceeding, and to allow defendants sufficient information to be able to evaluate whether participation is necessary to protect their interests in this litigation.

Defendant shows that based on the reasons articulated herein, as well as in the Memorandum in Support of this Motion, good cause exists in this case for a brief extension of the discovery deadline, especially in light of that fact that this litigation involves complex issues, multiple parties, numerous attorneys with whom schedules must be coordinated, as well as parallel state court proceedings which has no discovery deadline at this time and can complicate the overall efficiency with which defense counsel can legitimately protect the interests of their clients in this instant suit.

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

BORNE, WILKES & RABALAIS, L.L.C.

BY:       S/Joy C. Rabalais
JOY C. RABALAIS (26476), T.A.
JORDAN JOHN HENAGAN (36206)
GRANT R. SCHEXNAILDER (40040)
K. ELIZABETH HEINEN (24452)
HUNTER B. AHIA (40251)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 232
Facsimile: (337) 232-1837
E-mail: rabalais@bornewilkes.com

ATTORNEYS FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT