UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE: SCOTT D. JOHNSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND FOR AN ORDER COMMANDING PLAINTIFF'S COUNSEL TO PROVIDE SUFFICIENT INFORMATION TO DEFENSE FOR DEPOSITIONS NOTICED IN THE PARALLEL STATE COURT PROCEEDING**</u>

**MAY IT PLEASE THE COURT:**

Defendant, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), respectfully submits this Memorandum in Support of its Motion for Extension of Discovery Deadline and for an Order Commanding Plaintiff's Counsel to Provide Sufficient Information to Defense for Depositions Noticed in the Parallel State Court Proceeding.

This Motion was prompted by plaintiff's refusal to respond to recently propounded Requests for Production of Documents directed to plaintiff after her September 20, 2023 Deposition (Exhibit B). Despite the discovery requests being narrowly tailored and specific, plaintiff objects to making formal response to the discovery, because her responses would technically be "due" on November 8, 2023, eight days after the October 31, 2023 deadline. However, plaintiff's counsel takes no issue with the setting of several depositions in this matter

on November 10, 2023, which is likewise after the discovery deadline. Instead, plaintiff's counsel consents to a brief extension to conduct discovery they seek, but objects to a similarly brief extension to answer discovery propounded seeking information uniquely in plaintiff's own possession, which discovery was prompted by testimony first learned in plaintiff's deposition taken on September 20, 2023. Attached hereto as Exhibit A, is plaintiff's counsel's stated reasons for opposing LCG's request for an extension of the current discovery deadline. Counsel for co-defendant, Board of Supervisors of the University of Louisiana System ("ULS"), does not oppose the granting of this Motion.

In response to plaintiff's counsel's reasons for opposition as outlined in Exhibit A, LCG submits the following:

1. The one year discovery period for this fact intensive Title IX lawsuit concerning several Universities and law enforcement agencies is not overly generous, especially considering the initial Motions practice, as well as the fact that some of the initially named defendants are now being sued in State Court due to sovereign immunity. In addition, the discovery process has required the gathering, exchanging, and reviewing of voluminous documents. The number of involved persons and the period of time that Plaintiff has included in her claims in this law suit is abundant.

2. The first deposition taken in this suit was of Plaintiff on September 20, 2023, and was noticed by ULS' counsel on August 25, 2023. The first depositions noticed by plaintiff's counsel was on September 22, 2023 for five representatives of ULS. These depositions were noticed for October 4-6, 2023.

3. The Second Request for Production of Documents propounded by LCG to Plaintiff were issued as a follow up to Plaintiff's seven (7) hour deposition (Exhibit B). This written discovery was sent out within a reasonable time after reviewing notes taken during the deposition, researching digital recovery techniques to include in the requests, and finalizing the Requests. Requesting records from plaintiff's electronic devices which are solely in Plaintiff's possession does not present a prejudice or hardship to Plaintiff, since it was first learned during plaintiff's deposition on September 20th that the reason she could only provide a few screen shots of text messages that were provided with her initial discovery responses was because she got a new phone. This revelation prompted the need for supplemental Requests which were sent to Plaintiff's counsel on October 9, 2023, just eighteen (18) days after Plaintiff's deposition was taken.

4. Plaintiff objects to LCG's Motion and provides that an extension will prejudice her experts, because they will have far less time to review written discovery and deposition transcripts. This objection is unavailing for several reasons. First, Plaintiff's deadline for disclosure of the identities and resumes of her experts is currently set for November 1, 2023. Surely, at this point, plaintiff's experts have most likely already been identified. In addition, plaintiff's expert reports are not due until **February 1, 2024**, which allows plaintiff's experts <u>63 days</u> from the requested discovery deadline extension within which to review, analyze and write their reports. Secondly, since the information recently requested by LCG is already in Plaintiff's possession, even allowing her the full 30 days to respond to the discovery through November 8, 2023 (eight days after the October 31, 2023 deadline), does not support any assertion that plaintiff's experts would be deprived

of sufficient time to review the information for his/her report. This is especially so since plaintiff's counsel is more than willing to allow an extension of time for depositions to be taken up through and including November 10, 2023, yet remains steadfast in opposition to answering discovery by November 8th, because it is "too late." Third, even taking Plaintiff's objection at face value, the trial date is scheduled for December 9, 2024, more than a year away. Ample time exists to extend the expert deadlines, as well, if necessary, and undersigned counsel would not unreasonably withhold consent for such an extension if the trial date would be maintained. Notably, Plaintiff does not contend that taking the November 10, 2023 depositions that she had noticed puts her experts in any worse position.

5. Six (6) depositions have been taken in this suit. Exhibit A reflects the fact that twenty-one (21) additional depositions are noticed in the state and federal court suits. Attempts to schedule 27 depositions in a one month period with the number of litigants and counsel involved is ambitious, at best. Nonetheless, counsel for defendants worked diligently to accommodate taking these numerous depositions, even agreeing to exceed the discovery deadline by 10 days.

6. Plaintiff conditionally agreed to an extension of the discovery deadline limited only to the extent that it applies to depositions which are already noticed (Exhibit A). This proposed extension will allow Plaintiff the time to take the depositions of persons that she was not able to by the October 31, 2023 deadline. This instant Motion simply seeks reciprocity and fairness. Notably, Plaintiff is willing to modify the discovery deadline to conduct her depositions but is unwilling to extend the discovery deadline in a manner that would

require her to answer LCG's written discovery, complaining that the responses would be due eight (8) days after the current discovery deadline. Plaintiff's counsel is using the current deadlines as both a shield and a sword. Defense counsel has been accommodating on all fronts, and now seek a brief extension of time for discovery which plaintiff's counsel refuses to consent, despite their own requests for extensions to conduct discovery they wish to obtain. Notions of fair play and lack of prejudice to plaintiff warrant a brief extension of the discovery deadline. Especially in a case with a trial date set more than a year from now.

7. Pursuant to Federal Rule of Civil Procedure 30, Plaintiff is limited to ten (10) depositions total without leave of court, unless the parties have otherwise stipulated to the depositions. LCG is not necessarily unwilling to stipulate; however, defendant is simply requesting reciprocal courtesies in the discovery process, which plaintiff's counsel's October 19, 2023 e-mail attached as Exhibit A reveals are not forthcoming.

8. Moreover, plaintiff's counsel has been unclear on intentions as to when, where, and how they plan to utilize the sworn testimony of LSU representatives. LCG is not a party to the state court suit and has been left off of communications regarding depositions of LSU's representatives and employees. It has already been admitted that the facts and witnesses to these parallel proceedings overlap (Court Doc. 69). Thus, LCG has not been able to make a meaningful decision as to whether attendance at such depositions is required for defending this federal court suit, especially since plaintiff's counsel has made no clear indications if they plan to use the state court depositions in this litigation. And, as matters stand now, there is nothing to prevent plaintiff's counsel from circumventing this Court's

Scheduling Order regarding discovery by noticing witness depositions in the state court proceedings, since, as indicated in Exhibit A, there is no discovery deadline in the state court matter. Defense counsel respectfully requests to be notified of depositions being scheduled in the state court matter which could be used by plaintiff in these proceedings in order to fully protect LCG's interests.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above LCG requests that this Honorable Court extend the discovery deadline to November 30, 2023 (or to some other time as the Court deems proper in fairness to the parties under the facts of this case). LCG further requests that this Honorable Court issue an Order commanding plaintiff's counsel to provide sufficient information to defense counsel for depositions noticed in the parallel state court proceedings to ensure that witnesses for the defendants in this federal court proceeding are not subjected to multiple depositions, to ensure that defendants are allowed an opportunity to meaningfully participate in any noticed state court deposition should plaintiff's counsel seek to use that sworn testimony in this federal proceeding, and to allow defendants sufficient information to be able to evaluate whether participation is necessary to protect their interests in this litigation.

Further, LCG respectfully asserts that a Scheduling Conference could be beneficial to discuss this Motion and the remaining discovery issues presented in this matter, which presents unique issues in light of the parallel state court proceedings in which plaintiff's counsel is moving forward with discovery with little to no information being shared with defense counsel to allow for the orderly administration of justice, as well as to allow defendants to have sufficient

information from which to determine whether they should participate in the state court discovery or move for other related relief therein.

Based on the reasons articulated herein, defendant shows that good cause exists for a brief extension of the discovery deadline, as this litigation involves complex issues, multiple parties, numerous attorneys with whom schedules must be coordinated, as well as parallel state court proceedings which has no discovery deadline at this time and which can complicate the overall efficiency with which defense counsel can legitimately protect the interests of their clients in this instant suit.

                                        BORNE, WILKES & RABALAIS, L.L.C.

BY:         S/Joy C. Rabalais
      JOY C. RABALAIS (26476), T.A.
      JORDAN JOHN HENAGAN (36206)
      GRANT R. SCHEXNAILDER (40040)
      K. ELIZABETH HEINEN (24452)
      HUNTER B. AHIA (40251)
      200 West Congress Street, Suite 1000
      Post Office Box 4305
      Lafayette, Louisiana 70502-4305
      Telephone: (337) 232-1604 Ext. 232
      Facsimile: (337) 232-1837
      E-mail: rabalais@bornewilkes.com

ATTORNEYS FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT