EXHIBIT B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | : |
| VERSUS | : CIVIL ACTION NO.: 3:22-CV-00338-BAJ-SDJ |
| BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL | : JUDGE JACKSON, MAG. JUDGE JOHNSON |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**DEFENDANT'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:   PLAINTIFF, JANE DOE
      by and through her attorney of record,
      Donald J. Cazayoux, Jr.
      J. Lane Ewing
      Cazayoux Ewing Law Firm
      257 Maximilian Street
      Baton Rouge, LA 70802
      Email: don@cazayouxewing.com
              lane@cazayouxewing.com
          AND
      Monica H. Beck, *Pro Hac Vice*
      Chloe M. Neely
      The Fierberg National Law Group, LLP
      201 East 17th Street, Ste. A
      Traverse City, MI 49684
      Email: mbeck@tfnlgroup.com
              cneely@tfnlgroup.com

NOW INTO COURT comes defendant, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, which addresses and propounds the following written requests for production of documents to the plaintiff, JANE DOE, through her attorneys of record, Donald J. Cazayoux, Jr., J. Lane Ewing, Monica H. Beck and Chloe M. Neely, to be answered within thirty (30) days of

receipt hereof, in accordance with the Federal Rules of Civil Procedure. Said interrogatories and requests for production of documents are continuing and are to be answered at any time when the information becomes known prior to trial if for any reason they are not answered within thirty (30) days, which period is specifically not waived. These Interrogatories and Requests for Production of Documents must be answered by each of the parties, not the attorney, to whom they are directed, in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS FOR USE

A. All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party and his or their attorney.

B. Where an individual request calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

C. Where the terms "you", "your", "plaintiff" or "defendant" are used, they are meant to include every individual party and separate answers should be given for each person named as a party to whom these requests are addressed.

D. Where the terms "occurrence", "incident", "accident", or "subject incident" are used, they are meant to mean the subject incident, which is the basis of this lawsuit, unless otherwise specified.

E. The term "document" shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, maps, plats, surveys, tangible things, correspondence, communications, emails, telegrams, cables, Telex messages, memoranda, notes,

notations, workpapers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties. In all cases, where originals or non-identical copies are not available, "documents" also means identical copies or original documents and non-identical copies thereof.

F. The terms "identify" and "identification"

(1) When used in reference to an individual, shall mean to provide his full name, present or last known residence, home telephone number, business affiliation, job title, business address and business telephone number;

(2) When used in reference to a corporation, shall mean to provide its full name, its state of incorporation, and its principal place of business;

(3) When used in reference to a person other than an individual or corporation, shall mean to provide its official name, its organizational form and its address;

(4) When used in reference to a document, shall mean to name the type of document, date, its present location, the name and address of its custodian. In lieu of identifying any document, copies thereof may be furnished.

(5) When used in reference to any act, occurrence, occasion, operation,

        activity, meeting, transaction, or conduct, shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, shall mean in addition to the foregoing, to set forth the substance of the discussion.

G.    All electronic information shall be produced in the form in which it is maintained in the usual course of business or activity. If the electronic information is produced in any other form, please describe the form in which it is produced, the form in which it is typically maintained and the reason for producing it in an alternative form.

H.    The terms "statement(s)" or "report(s)" shall mean all original written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, records, letters, correspondence, communications, emails, telegrams, cables, Telex messages, memoranda, notes, notations, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, jottings, agenda, journals, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however, denominated by the parties. In all cases, where originals or non-identical copies are not available, "statement(s)" and "report(s)" also mean identical copies or original documents and non-identical copies thereof.

I.    The names "Daniel", "Daniel Silva", and "Silva" refer to the individual known as Victor Daniel Silva in the subject lawsuit.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any evidence stored on any Apple devices, including but not limited to iPads, Macs, and iPhones, which were logged in to plaintiff's iCloud and/or iMessage account for any dates spanning from September 2018 to the present, which regard iMessages and other communications between plaintiff and:

- Kenny Jacoby;
- A          R          ;
- Kayla Alvarez;
- Kaiti Lammert;
- Victor Daniel Silva

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any evidence stored on any non-Apple devices, such as those utilizing an Android operating system, including but not limited to tablets and laptops that were logged in to plaintiff's Messages account for any dates spanning from September 2018 to the present, which regard messages and other communications between plaintiff and:

- Kenny Jacoby;
- A          R          ;
- Kayla Alvarez;
- Kaiti Lammert;
- Victor Daniel Silva

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any evidence stored on any Apple devices, including but not limited to iPads, Macs, and iPhones, which were logged in to plaintiff's iCloud and/or iMessage account for any dates spanning from September 2018 to the present, which regard iMessages and other communications regarding the sexual assault forming the basis of this lawsuit and/or Lafayette Consolidated Government or Lafayette Police Department between plaintiff and:

- All individuals included in the photography project group chat, as identified in Jane Doe's deposition testimony;
- All individuals included in the group chat of victims Victor Daniel Silva, as identified in Jane Doe's deposition testimony;
- S        L        , Jane Doe's roommate at           University;
- R     and N      P       of Ruston, Louisiana, with whom Jane Doe lived while attending Louisiana Tech University ("La. Tech" or "Tech");
- C       H       , former boyfriend or friend of Jane Doe, as testified to in Jane Doe's deposition;
- Na      K     , former boyfriend or romantic partner of Jane Doe, as testified to in Jane Doe's deposition;
- K       F      , Jane Doe's friend at La. Tech, as testified to by Jane Doe in her deposition;
- H      A      , Jane Doe's acquantance through the Wesley Foundation at La. Tech, as testified to by Jane Doe in her deposition;

- K        K       , Jane Doe's acquantance who accompanied her to the            Health Unit, as testified to by Jane Doe in her deposition;

- G         , Jane Doe's "friend of a friend" and as identified in the Ruston Police Department report, as testified to by Jane Doe in her deposition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**


**REQUEST FOR PRODUCTION NO. 4:**

Please produce any evidence stored on any non-Apple devices, such as those utilizing an Android operating system, including but not limited to tablets and laptops that were logged in to plaintiff's Messages account for any dates spanning from September 2018 to the present, which regard Messages and other communications regarding the sexual assault forming the basis of this lawsuit and/or Lafayette Consolidated Government or Lafayette Police Department between plaintiff and:

- All individuals included in the photography project group chat, as identified in Jane Doe's deposition testimony;

- All individuals included in the group chat of victims Victor Daniel Silva, as identified in Jane Doe's deposition testimony;

- S      L       , Jane Doe's roommate at          University;

- R     and N      F      of Ruston, Louisiana, with whom Jane Doe lived while attending Louisiana Tech University ("La. Tech" or "Tech");

- C       H      , former boyfriend or friend of Jane Doe, as testified to in Jane Doe's deposition;

- N       K      , former boyfriend or romantic partner of Jane Doe, as testified to in Jane Doe's

deposition;

- K      F      , Jane Doe's friend at La. Tech, as testified to by Jane Doe in her deposition;

- H      A      , Jane Doe's acquantance through the Wesley Foundation at La. Tech, as testified to by Jane Doe in her deposition;

- K      K      , Jane Doe's acquantance who accompanied her to the          Health Unit, as testified to by Jane Doe in her deposition;

- G      , Jane Doe's "friend of a friend" and as identified in the Ruston Police Department report, as testified to by Jane Doe in her deposition.

                BORNE, WILKES & RABALAIS, L.L.C.

                BY: _____
                   JOY C. RABALAIS (26476)
                   JORDAN JOHN HENAGAN (36206)
                   GRANT R. SCHEXNAILDER (40040)
                   K. ELIZABETH HEINEN (24452)
                   HUNTER B. AHIA (40251)
                   200 West Congress Street, Suite 1000
                   Post Office Box 4305
                   Lafayette, Louisiana 70502-4305
                   Telephone: (337) 232-1604 Ext. 232
                   E-mail:  rabalais@bornewilkes.com
                            schexnailder@bornewilkes.com

                ATTORNEYS FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by facsimile, electronic mail, hand delivery, and/or United States Mail, properly addressed, postage prepaid, at the last known address.

Lafayette, Louisiana, this _____ day of _____, 2023.

_____
GRANT R. SCHEXNAILDER