## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE SCOTT D. JOHNSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MOTION TO EXTEND DISCOVERY AND DISCOVERY MOTION DEADLINE FOR SPECIFIC PURPOSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Board of Supervisors of the University of Louisiana System ("ULS"), who moves to extend the deadline relating to fact discovery and discovery motions to accommodate certain discovery for the following reasons:

The claims in this matter are made pursuant to Title IX and Louisiana state law related to an alleged sexual assault. (R. Doc. 1). As this Court is undoubtedly aware, cases of this nature are fact-specific and routinely entail voluminous discovery, including numerous depositions. This case is no exception.

All parties delayed engaging in the discovery process. While it was not specifically discussed, it is believed that part of the reason discovery was slow to start was due to the

two other pending cases related to this matter.[1]  Regardless, it was not until ULS requested the deposition of Plaintiff that counsel began discussing a discovery plan.  The conversation resulted in a telephone conference at which time all counsel agreed to extend the discovery deadline to Oct. 31, 2023.  (R. Doc. 69).  This Court ordered the extension of the fact discovery and discovery motion deadline to October 31, 2023.  (R. Doc. 70).

The parties have worked together to conduct discovery prior to this deadline.  Plaintiff's deposition was requested by ULS and took place on September 20, 2023.  Five depositions of La. Tech Univ. ("Tech") and Univ. of La. at Lafayette ("ULL") witnesses were taken October 4-6, 2023.  Counsel for ULS suggested to all counsel that mutually available dates through Oct. 31, 2023, be reserved for remaining depositions.  After comparing dates, counsel agreed to secure October 24, 30 and 31.  Nine depositions were noticed for those three dates.

It soon became clear *prior to* the Oct. 31, 2023 deadline that, despite all parties' intentions and diligent efforts, necessary discovery remained outstanding, and the current deadline did not allow sufficient time to conduct depositions and/or follow-up with any necessary discovery motions or other discovery.

Counsel for Plaintiff and undersigned counsel conferred on October 13, 2023 regarding some of these discovery issues.  At that time, ULS proposed agreement to extend the discovery deadline.  Plaintiff objected.  After further discussion, Plaintiff and ULS

---

[1] *See, M.D., et al v. Louisiana Board of Regents, et al*, Civ. A. No. 22-cv-02089 (W.D. La.), filed July 13, 2022 (various motions are pending, including numerous Rule 12 motions based on jurisdictional and substantive grounds, rendering the matter stagnant); and this matter's companion case, *Jane Doe v. Board of Supervisors, et al*, Doc. No. C-719433, Div. 31, 19th Judicial District Court, filed May 26, 2022.

agreed to extend the October 31, 2023 discovery deadline to November 10, 2023 to allow for certain depositions that "had already been noticed," per Plaintiff's counsel. It has since been determined that those certain depositions, agreed to be taken by Nov. 10, 2023, are the following:

- Pres. Les Guice – November 6 – morning
- Tree' George (30(b)(6) witness) – November 6 – afternoon
- Joshua Chovanec (30(b)(6) witness) – November 7 – morning
- Tasha Evans (30(b)(6) witness) – November 8
- Amy Desormeaux (30(b)(6) witness) – November 8
- Ryan Ford - November 10 at 9:00 a.m.
- Kayla Alvarez – November 10 at 11:00 a.m.
- Various LSU witnesses requested by Plaintiff – not yet set
- Officer Bettencourt, LSU PD – not yet set

Counsel for ULS circulated a proposed Joint and Consent Motion to Extend the Discovery Deadline to allow for depositions. Counsel for Lafayette Consolidated Government ("LCG") objected to the motion on the grounds that Plaintiff had recently refused to respond to discovery requests propounded by LCG following Plaintiff's deposition, the response due date of which was Nov. 8, 2023. LCG objected to the extension of the discovery deadline to Nov. 10 to only accommodate certain depositions but not to include Plaintiff's responses to LCG's discovery requests, necessitated by Plaintiff's deposition testimony on September 20, 2023. LCG also advised that it planned to notice the deposition of Kenny Jacoby, which would require additional time to properly serve him. LCG then filed its own motion to extend not only the discovery deadline in place, but any other necessary deadlines, including expert deadlines, in order to accommodate the completion of *all* discovery, not just select depositions. (R. Doc. 75).

Plaintiff opposes LCG's motion. ULS does not oppose this motion. ULS also finds LCG's motion to be well-founded, necessary, and non-prejudicial as it will not upset the December 2024 trial date in place.

Secondary to LCG's motion, and in the interest of subscribing to the Court's local rules, methods, and practices of extending deadlines of record prior to their expiration, ULS moved the Court to extend the October 31, 2023 discovery deadline to November 10, 2023, to allow for the depositions outlined above. (R. Doc. 78).

Since the filing of the above-cited motions, additional discovery issues have bubbled to the surface, necessitating yet another motion to extend the discovery and discovery motion deadline:

1. In her September 20, 2023 deposition, Plaintiff testified that she was contacted by Kenny Jacoby, an investigative journalist, in 2019 or early 2020 about a piece he was writing regarding Victor Daniel Silva, the man she alleges sexually assaulted her, and that he interviewed her.[2] She testified that she provided information to him that was used in his piece later published in *USA Today*. In furtherance of discovery and the defense of prescription, ULS issued a subpoena to Kenny Jacoby on October 2, 2023. Counsel for Kenny Jacoby responded on October 13, 2023. The response was a letter replete with objections and reasons why Kenny Jacoby would not produce any documents in response to the subpoena. ULS noticed a discovery telephone conference with counsel for

---

[2] Exhibit 1, Deposition of Jane Doe, p. 305, ll. 11-18.

Jacoby which took place on Oct. 27, 2023, at 11:00 a.m. Discussions are ongoing. Although ULS originally issued the subpoena to Jacoby prior to the October 31 deadline and an initial response was received, it is improbable that ULS and Jacoby will come to an agreement to obtain a satisfactory response to the subpoena (or any newly-issued subpoena to cure any objections) by Oct. 31, 2023. Therefore, ULS seeks an extension of the discovery and discovery motion deadline to allow for a newly-issued subpoena to Kenny Jacoby (if necessary), the required amount of time for Kenny Jacoby to respond, for the receipt and dissemination of the produced information, and/or for a discovery motion seeking a Court order compelling Jacoby to provide the information sought relevant to Plaintiff's claims.

2. Third party witness Kayla Alvarez was Plaintiff's closest friend when she was a student at Tech. Alvarez was the first person Plaintiff contacted after her alleged assault in Sept. 2018. Alvarez has been identified as a witness, and Plaintiff has provided a physical address in Metairie, Louisiana, along with a phone number, in her Initial Disclosures. ULS noticed Alvarez's deposition to take place on Oct. 24 and issued a subpoena for her appearance to be served by a personal process server. The process server was told by a resident at the address that she no longer lived at the Metairie address. The process server suspected he was lying and that Alvarez was avoiding service, yet pursuit of service continued. It was not confirmed until the late afternoon of Oct. 23, 2023 that service was not made. Counsel for ULS promptly cancelled the Oct. 24, 2023 deposition and

re-scheduled it for Nov. 10, 2023. Plaintiff's counsel, upset by the cancellation, advised that "no one" contacted Alvarez to let her know that her deposition was cancelled or to assess her availability for Nov. 10, indicating counsel's communication with the witness who was suspected to be avoiding service. Counsel has not assisted in the production of this witness for her deposition. These events indicate to ULS that Alvarez may continue to avoid service, may not appear for her Nov. 10 deposition, and that a Court Order may be necessary for her to appear for her deposition. Thus, ULS seeks an extension of the discovery and discovery motion deadline to accommodate securing a Court Order and deposing Alvarez.

3. In her Complaint, Plaintiff alleged that she learned the full name of her alleged assailant on December 11, 2018, when she saw a sorority post warning girls of Victor Daniel Silva. In her September 20, 2023, deposition, Plaintiff testified that she had been contacted by Andie Richard, also an alleged victim of Silva, and included in a group chat of other alleged victims of Silva. Plaintiff testified about various social media postings of Andie Richard. It became clear that there were various communications with Andie Richard, previously unknown until the deposition.[3] ULS requested the deposition of Andie Richard and noticed same for Oct. 30, 2023, one of the reserved dates. ULS has since learned that Andie is now living in Colorado, and obtaining service has also become very

---

[3] Ex. 1, Deposition of Jane Doe, pp. 71-75.

difficult. ULS moves the Court to extend the discovery and discovery motion deadline to facilitate compelling the testimony of this knowledgeable witness. Further, it is anticipated that Andie Richard may identify documents, social media postings, and other communications relevant to this matter at her deposition. If that occurs, ULS seeks an extension to seek production of those materials in the event any party attempts to prevent production of same at the deposition.

4. ULS propounded a second set of discovery to Plaintiff arising out of her deposition testimony. The responses were due on October 25, 2023. Plaintiff's counsel advised on October 23, 2023 that a brief extension of time was needed to respond, seeking until October 30, 2023 to respond.[4] Anticipating that there will be residual issues once Plaintiff responds to ULS's second set of discovery and/or bases for a discovery motion, ULS requests an extension of the discovery and discovery motion deadline to facilitate obtaining remaining discovery.[5]

5. ULS noticed and deposed third party witness Kaiti Lammert on Tuesday, October 24, 2023. During Rev. Lammert's deposition, she identified and testified to text messages with Plaintiff. She read aloud some of these text messages into the deposition record. She answered questions about these text messages. ULS called for production of the text messages and designated them

---

[4] It is noted that the only party opposing an extension of discovery, Plaintiff, is the same party posturing to produce responses to discovery on the eve of the discovery deadline, rendering a discovery conference and discovery motion prior to October 31, 2023 extremely difficult, if not impossible.

[5] It is further noted that ULS's pending discovery requests seek production of information identified in Plaintiff's deposition (taken Sept. 20, 2023) that may further evidence prescription of Plaintiff's claims.

as an exhibit to the deposition transcript. Following the deposition, Plaintiff's counsel emailed an objection to the production of the third party's text messages. ULS offered to meet and confer about the text messages once they were produced to come to an agreement on any information that could be redacted by agreement. Counsel was not agreeable to same. Plaintiff's counsel has spoken with the third-party witness who is now refusing to produce the text messages. ULS is attempting to resolve this conflict amicably because it cannot agree to redact any information that it has not seen; Plaintiff's counsel's fervent objections to the third party's production only causes ULS to believe that the information withheld is, indeed, relevant to this litigation. ULS is also issuing a subpoena for these messages, which should not be necessary given the deposition regarding same, but is doing so in an effort to take every measure possible without involving the Court. It is anticipated that it may be necessary to proceed with a motion to involve the Court on obtaining this final exhibit to the deposition, and ULS moves the Court for an extension of the Oct. 31, 2023 deadline in order to move the Court to hear this issue.

6. Finally, discovery begets discovery; hence, the need for discovery deadlines. With approximately 15 depositions taking place up to Nov. 10, 2023, it is anticipated that newly-accrued deposition testimony will identify additional discovery that is necessary. Already, Plaintiff's testimony triggered additional discovery requests from both Defendants; ULS witness testimony triggered Plaintiff's request to depose three additional witnesses, which have been

scheduled. Therefore, an extension of the discovery and discovery motion deadline would be prudent in anticipation of this likely scenario. ULS suggests that an extension until the end of 2023 (two months minus holidays) should be sufficient to fairly satisfy discovery for all parties.

Trial in this matter is scheduled for December 9, 2024, at 8:30 a.m. Therefore, an extension of the discovery and discovery motion deadline (or any others as deemed necessary by the Court) will not affect the trial date.

CERTIFICATION PURSUANT TO LOCAL RULE 7(e): Undersigned counsel sought the consent of all counsel to this motion. At the time of filing, no response had been received.

WHEREFORE, for reasons set forth above, and in accordance with Federal Rule Civil Procedure 16, Defendant, Board of Supervisors of the University of Louisiana System ("ULS") respectfully requests that this Honorable Court extend the deadline as prayed for above.

*(Signatures on Following Page)*

Respectfully submitted,

| | |
|---|---|
| **JEFF LANDRY**<br>**Attorney General** | **DECUIR, CLARK & ADAMS, L.L.P.** |
| By:  s/ Andrew Blanchfield<br>Andrew Blanchfield, T.A. (#16812)<br>Email: ablanchfield@keoghcox.com<br>Catherine S. Giering (#26495)<br>Email: cgiering@keoghcox.com<br>Special Assistant Attorneys General<br>Post Office Box 1151<br>Baton Rouge, Louisiana 70821<br>Telephone:  (225) 383-3796<br>Facsimile:  (225) 343-9612<br>*(Counsel for the Board of Supervisors of the University of Louisiana System)* | By: s/ Brandon J. DeCuir<br>Brandon J. DeCuir (#28014)<br>Corey L. Pierce (#24601)<br>Linda Law Clark (#22305)<br>Monica Gant Moton (#27222)<br>732 North Boulevard<br>Baton Rouge, LA 70802<br><br>Tel: 225.346.8716<br>Fax: 225.336.1950<br>*(Counsel for the Board of Supervisors of the University of Louisiana System)* |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 27th day of October, 2023.

  s/ Andrew Blanchfield
ANDREW BLANCHFIELD