UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JANE DOE,

        Plaintiff,

v.

BOARD OF SUPERVISORS OF THE
UNIVERSITY OF LOUISIANA SYSTEM,
et al

        Defendants.

No. 3:22-cv-00338-BAJ-SDJ

Hon. Brian A. Jackson
Hon. Scott D. Johnson

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO QUASH DEFENDANT BOARD OF SUPERVISORS OF THE LOUISIANA SYSTEM'S SUBPOENA FOR DEPOSITION TO THIRD PARTY KAYLA ALVAREZ**

    Plaintiff Jane Doe, by and through her undersigned attorneys, respectfully submits this Motion for a Protective Order to Quash Defendant Board of Supervisors of the Louisiana System's ("ULS") Subpoena for Deposition to Third Party Kayla Alvarez ("Kayla"), pursuant to Federal Rule of Civil Procedure 26(c). In support of her Motion, Ms. Doe states as follows:

    1.    Plaintiff's Complaint, filed on May 25, 2022, identified Kayla as a friend who attended a meeting with Ms. Doe where school administrators stated – after Ms. Doe had reported Victor Daniel Silva to ULS for raping her – that ULS had permitted Silva to withdraw from Louisiana Tech ("Tech") and would not investigate him.

    2.    ULS identified Kayla in its Rule 26(a)(1) disclosures.

    3.    The original fact discovery cut-off was September 1, 2023.

    4.    On July 28, 2023, this Court extended the fact discovery deadline to October 31, 2023.

1

5. ULS waited until the end of the discovery period to issue a subpoena for Kayla's deposition.

6. Pursuant to Local Civil Rule 26(d)(1), Plaintiff agreed to ULS deposing Kayla during a short period after the discovery deadline, from November 1-10, 2023, if need be.

7. ULS issued a subpoena to Kayla for a deposition to take place via Zoom on October 24, 2023.

8. On October 23, the evening before the deposition was supposed to take place, ULS cancelled the deposition and declared it would be rescheduled for November 10, 2023.

9. ULS admitted that it had failed to serve the subpoena on Kayla.

10. On Thursday, November 2, 2023, ULS provided Plaintiff's counsel with a Proof of Service for a second subpoena issued to Kayla for a deposition to take place on November 10.

11. Upon review of the Proof of Service, Plaintiff's counsel learned that ULS had failed to tender a witness fee with the subpoena, and ULS's subpoena provided Kayla only nine days to comply.

12. On the afternoon of Friday, November 3, 2023, the parties conferred regarding ULS's subpoena for deposition to Kayla. Plaintiff's counsel stated that the subpoena did not comply with Federal Rule of Civil Procedure 45 and expressed concern regarding the fact that Kayla is a young adult just a few years out of college and not represented by counsel. ULS refused to withdraw the subpoena. Plaintiff's counsel advised that she intended to file for a protective order.

13. A party may move for a protective order to quash a subpoena issued to a third party under Federal Rule of Civil Procedure 26(c).

14. Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.

15.     Rule 45 and the Fifth Circuit require that, if a subpoena demands a person's deposition, the serving party must simultaneously tender a fee for one day's attendance, commonly called a witness fee. *See City of Baton Rouge v. Centroplex Ctr. Convention Hotel, LLC*, No. 22-94-SDD-SDJ, 2022 U.S. Dist. LEXIS 226393, at *3 (M.D. La. Dec. 14, 2022) (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003)); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818 Section "T" (4), 2007 U.S. Dist. LEXIS 48388, at *4-5 (E.D. La. July 3, 2007).

16.     Where a serving party fails to simultaneously tender a witness fee, the subpoena should be quashed. *See id.*

17.     Later provision of a witness fee cannot cure the defect. *Tucker*, 2007 U.S. LEXIS 48388, at *4.

18.     Rule 45 requires that the party issuing a subpoena allows a reasonable time for the third party to comply with the subpoena. Fed. R. Civ. P. 45(d)(3).

19.     Although Rule 45 does not specify what length of time qualifies as a "reasonable time to comply," it is well-settled in this Court and others that any timeframe to respond to a subpoena that is less than fourteen (14) days is unreasonable and warrants quashing the subpoena, whether the subpoena be for deposition or document production. *Centroplex Ctr.*, 2022 U.S. Dist. LEXIS 226393, at *3; *D&S Marine Transp., LLC v. S&K Marine, LLC*, No 14-2048 Section "S" (4), 2016 U.S. Dist. LEXIS 62988, at *6-7 (E.D. La. May 4, 2016); *Bergeron v. Great West Cas. Co.*, No 14-13 Section "E" (4), 2015 U.S. Dist. LEXIS 120668, at *7-8 (E.D. La. Sept. 10, 2015); *Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2016 U.S. Dist. LEXIS 63469, at *19 (S.D. Miss., May 13, 2016); *Hall v. Louisiana*, 2014 U.S. Dist. LEXIS 56165 at *7 (M.D. La. Apr. 23, 2014).

20. ULS, through its improper subpoena and service, has subjected Kayla to annoyance, oppression, and undue burden.

21. Accordingly, ULS's subpoena for deposition to Kayla should be quashed.

22. Ms. Doe contemporaneously files a Memorandum in Support of Plaintiff's Motion for a Protective Order to Quash Defendant Board of Supervisors of the Louisiana System's Subpoena for Deposition to Third Party Kayla Alvarez, and hereby incorporates that Memorandum as though fully set forth herein.

23. Ms. Doe is separately filing a Motion for Expedited Consideration, given ULS's refusal to withdraw its subpoena and stated intent to take Kayla's deposition on Friday, November 10, 2023.

WHEREFORE, Plaintiff requests that this Honorable Court enter the attached Proposed Order GRANTING her Motion for a Protective Order to quash Defendant Board of Supervisors of the Louisiana System's Subpoena for Deposition to Third Party Kayla Alvarez, quash ULS's subpoena for deposition to Kayla Alvarez, and order that Kayla Alvarez is under no obligation to respond to or comply with the subpoena to testify at deposition.

Dated: November 6, 2023                                             Respectfully submitted,

/s/ Monica H. Beck                                                  /s/ J. Lane Ewing, Jr.
**THE FIERBERG NATIONAL**                                           **CAZAYOUX EWING LAW FIRM**
**LAW GROUP, PLLC**                                                 Donald J. Cazayoux, Jr. (LBN 20742)
Monica H. Beck*                                                     J. Lane Ewing, Jr. (LBN 29854)
Bailor Bell*                                                        257 Maximilian Street
201 E. 17th Street, Suite A                                         Baton Rouge, LA 70802
Traverse City, MI 49684                                             Telephone: (225) 650-7400
Telephone: (231) 933-0180                                           Facsimile: (225) 650-7401
Facsimile: (231) 252-8100                                           Email: don@cazayouxewing.com
Email: mbeck@tfnlgroup.com                                          Email: lane@cazayouxewing.com
Email: bbell@tfnlgroup.com
*Admitted pro hac vice*

*Attorneys for Plaintiff Jane Doe*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Monica H. Beck