UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JANE DOE,

        Plaintiff,

v.

BOARD OF SUPERVISORS OF THE
UNIVERSITY OF LOUISIANA SYSTEM,
et al

        Defendants.

No. 3:22-cv-00338-BAJ-SDJ

Hon. Brian A. Jackson
Hon. Scott D. Johnson

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER TO QUASH DEFENDANT
BOARD OF SUPERVISORS OF THE LOUISIANA SYSTEM'S
SUBPOENA FOR DEPOSITION TO THIRD PARTY KAYLA ALVAREZ**

Plaintiff Jane Doe, by and through her undersigned attorneys, respectfully submits this Memorandum in Support of Plaintiff's Motion for a Protective Order to Quash Defendant Board of Supervisors of the Louisiana System's ("ULS") Subpoena for Deposition to Third Party Kayla Alvarez ("Kayla"), pursuant to Federal Rule of Civil Procedure 26(c).

## BACKGROUND

On December 14, 2018, Ms. Doe reported to ULS that Victor Daniel Silva had raped her. (R. Doc. 1 at 18 ¶¶ 109-13.) As set forth in Plaintiff's Complaint, Ms. Doe and her friend, Kayla, attended a subsequent meeting where school administrators stated that ULS had permitted Silva to withdraw from Louisiana Tech ("Tech") and would not investigate him for raping Ms. Doe. (*Id.* at 18-99 ¶¶ 116-17.)

ULS identified Kayla in its Rule 26(a)(1) disclosures. (Ex. 1 (ULS Disclosures).)

The original fact discovery cut-off was September 1, 2023. (R. Doc. 32.) On July 28, 2023, this Court extended the fact discovery deadline to October 31, 2023. (R. Doc. 70.)

1

ULS waited until the end of the discovery period to pursue deposing Kayla. ULS issued a subpoena to Kayla for a deposition to take place via Zoom on October 24, 2023, shortly before the discovery deadline. (Ex. 2 (First ULS Subpoena to Kayla).) On October 23, the evening before the deposition was supposed to take place, ULS cancelled the deposition and declared it would be rescheduled for November 10, 2023, after the discovery cut-off.[1] (Ex. 3 (Oct. 23, 2023 email).) ULS had failed to obtain service on Kayla.

On Thursday, November 2, 2023, ULS provided Plaintiff's counsel its Proof of Service of a second subpoena to Kayla. (Ex. 4 (Nov. 2, 2023 email attaching Proof of Service).) Upon reviewing the Proof of Service, Plaintiff's counsel learned that ULS did not tender a witness fee with the subpoena, and the subpoena provided Kayla with only nine days to comply. (*See id.* at 3.)

On the afternoon of Friday, November 3, 2023, the parties conferred regarding ULS's subpoena for deposition to Kayla. Plaintiff's counsel stated the subpoena did not comply with Rule 45 and expressed concern regarding the fact that Kayla is a young adult just a few years out of college and not represented by counsel. ULS refused to withdraw the subpoena. Plaintiff's counsel informed ULS that she intended to file for a protective order.

Plaintiff now moves for a protective order to quash ULS's subpoena to Kayla because it was not simultaneously served with a witness fee and did not allow a reasonable time for compliance. Plaintiff respectfully requests expedited consideration of the Motion given that ULS intends to go forward with Kayla's deposition on November 10, 2023.

---

[1] Pursuant to Local Civil Rule 26(d)(1), Plaintiff had previously agreed to ULS deposing Kayla from November 1-10, 2023, if necessary. Plaintiff counsel's agreement was, of course, based on ULS properly issuing and serving a subpoena for that deposition. Plaintiff is loath to participate in third-party discovery that fails to comply with Fifth Circuit precedent, case law, the Federal Rules of Civil Procedure, the Court's Scheduling Order, and/or the Local Civil Rules.

# ARGUMENT

**I.     Legal Standard**

A party has standing to move for a protective order to quash a subpoena issued to a third party under Federal Rule of Civil Procedure 26(c). *Humphrey v. Tidewater GOM, Inc.*, No. 20-817-JWD-RLB, 2022 U.S. Dist. LEXIS 28899, at *3-4 (M.D. La. Feb. 17, 2022) (citations omitted). Rule 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . forbidding the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1). The "good cause" requirement of the Rule means the party seeking a protective order must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas and states, "if the person's attendance is commanded," the party serving the subpoena must tender "the fees for one day's attendance and the mileage allowed by law" when service is made. Fed. R. Civ. P. 45(b)(1). Also, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This is a strict requirement, and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which

may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." *Id.* The Rule also states, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

**II.  ULS's Subpoena for Kayla's Deposition Should Be Quashed Because ULS Failed to Tender a Witness Fee and Did Not Provide Reasonable Time for Compliance**

Where, as here, a party serves a non-party with a subpoena but fails to simultaneously tender a witness fee, the service is invalidated, and the subpoena should be quashed. *See City of Baton Rouge v. Centroplex Ctr. Convention Hotel, LLC*, No. 22-94-SDD-SDJ, 2022 U.S. Dist. LEXIS 226393, at *3 (M.D. La. Dec. 14, 2022) (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003)); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818 Section "T" (4), 2007 U.S. Dist. LEXIS 48388, at *4-5 (E.D. La. July 3, 2007). Provision of a witness fee at a later time cannot cure the defect. *Tucker*, 2007 U.S. LEXIS 48388, at *4.

Moreover, although Rule 45 does not specify what length of time qualifies as a "reasonable time to comply" with a subpoena, it is well-settled in this Court and others that any timeframe to respond to a subpoena that is less than fourteen (14) days is unreasonable and warrants quashing the subpoena, whether the subpoena be for deposition or document production. *Centroplex Ctr.*, 2022 U.S. Dist. LEXIS 226393, at *3 (quashing third-party subpoena and stating that a minimum of 14 days for compliance is considered reasonable); *D&S Marine Transp., LLC v. S&K Marine, LLC*, No 14-2048 Section "S" (4), 2016 U.S. Dist. LEXIS 62988, at *6-7 (E.D. La. May 4, 2016) (quashing subpoena that gave third party only seven actual days and five working days to comply); *Bergeron v. Great West Cas. Co.*, No 14-13 Section "E" (4), 2015 U.S. Dist. LEXIS 120668, at *7-8 (E.D. La. Sept. 10, 2015) (quashing subpoena for deposition of third party where the issuing party did not personally serve it on the

4

non-party, did not tender a witness fee or mileage fees, and provided less than 14 days to respond); *Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2016 U.S. Dist. LEXIS 63469, at *19 (S.D. Miss., May 13, 2016) (quashing subpoenas for appearance at proceeding) (collecting cases); *Hall v. Louisiana*, 2014 U.S. Dist. LEXIS 56165 at *7 (M.D. La. Apr. 23, 2014) (quashing subpoena that gave third party less than 14 days to comply).

The Eastern District of Louisiana quashed a deposition subpoena issued to a third-party witness in circumstances much like those here. *Tucker*, 2007 U.S. Dist. LEXIS 48388, at *4-5. First, the subpoena was defective because no witness fee or mileage fee was tendered with service. *Id.* at *4. Second, the third party was provided notice of the deposition only six days before it was set to take place, which the Court determined was unreasonable, even though the third party there was represented by an attorney. *See id.* at *4-5. Third, the deadline for discovery had expired. *Id.* at *5.

Here, ULS already once failed to properly subpoena Kayla for her deposition. As established by ULS's Proof of Service for the second subpoena to Kayla, no witness fee was tendered. (Ex. 4 at 3.) Moreover, ULS afforded Kayla only nine total days to comply with the subpoena. (Ex. 4.) Kayla is a young adult not represented by counsel, and ULS's subpoenas undoubtedly have been annoying and oppressive and subjected her to undue burden, as they would to any person, including but not limited to by requiring her to take time off work and otherwise rearrange her schedule for a deposition that may take up to seven hours. Based on the circumstances and the above-cited authority, ULS's subpoena to Kayla should be quashed.

### III. ULS Should Not Be Provided a Third Bite at the Apple to Attempt to Depose Kayla After the Discovery Deadline Has Expired

ULS will likely argue in response to this Motion – as it has in its pending motion (R. Doc. 79) – that the fact discovery cut-off should be extended a second time so, among other

5

things, it can take a third bite at the apple to subpoena Kayla for a deposition.[2] Plaintiff adamantly opposes any such extension. The original Scheduling Order was carefully crafted to provide sufficient time for the parties to conduct fact discovery, experts to review fact discovery and deposition transcripts and prepare their reports, depositions of experts, and summary judgment briefing. (R. Doc. 32.) The Scheduling Order was already modified once to permit an additional two months of discovery. ULS, represented by multiple highly qualified attorneys, should not be rewarded for its failure to diligently or properly pursue discovery, even with an extended discovery deadline, and should be prohibited from again attempting to "get it right" in serving Kayla, who was identified as a witness in Ms. Doe's Complaint and included in ULS's own Rule 26(a) Disclosures. *See Humphrey*, 2022 U.S. Dist. LEXIS 28899, at *4-5 (issuing protective order to quash subpoena because it sought compliance a month after the close of discovery); *In re Harper*, No. 15-157-JWD-RLB, 2016 U.S. Dist. LEXIS 165854, at *3-6 (M.D. La. Dec. 1, 2016) (granting motion for a protective order quashing subpoenas for Rule 45 depositions of third-parties that were set to take place after the discovery cut-off).

ULS had Kayla's contact information and other personal identifying information at its fingertips, just as it surely possesses such information for all its former students, yet ULS failed to pursue a deposition of Kayla until the very end of the already-extended discovery period. ULS has attempted to blame every person other than itself for its own dilatory discovery and service failures. (*See* R. Doc. 79 at 5-6.) However, as this Court recently stated, "it is not the Court's responsibility to cure prejudice that a party has brought upon itself by failing to avail itself of every opportunity to timely obtain discovery from a witness." *Batise v. Walmart Inc.*, No. 21-

---

[2] ULS filed two motions for extension of the discovery deadline in quick succession. (R. Doc. 78, 79.) Plaintiff will file her opposition to ULS's second motion, which should be denied because ULS was not diligent in pursuing discovery and cannot establish good cause.

488-JWD-SDJ, 2023 U.S. Dist. LEXIS 8565, at *7 (M.D. La. Jan. 17, 2023). Similarly, ULS cannot somehow blame Plaintiff for Defendant's own short fallings. *See id.* at *4-8 ("Plaintiff is not responsible for the actions of a third-party witness, and the supposedly questionable explanation for their obtaining an affidavit [from the witness] is that [he] returned Plaintiff's calls."). Put plain and simple, ULS failed to timely and properly serve Kayla, despite ample opportunity and two tries, and its subpoena should be quashed.

## CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that this Court GRANT her Motion for a Protective Order to Quash Defendant Board of Supervisors of the Louisiana System's Subpoena for Deposition to Third Party Kayla Alvarez, quash ULS's subpoena for deposition to Kayla Alvarez, and order that Kayla Alvarez is under no obligation to respond to or comply with the subpoena to testify at deposition.

Dated: November 6, 2023 	Respectfully submitted,

/s/ Monica H. Beck 	/s/ J. Lane Ewing, Jr.
**THE FIERBERG NATIONAL** 	**CAZAYOUX EWING LAW FIRM**
**LAW GROUP, PLLC** 	Donald J. Cazayoux, Jr. (LBN 20742)
Monica H. Beck* 	J. Lane Ewing, Jr. (LBN 29854)
Bailor Bell* 	257 Maximilian Street
201 E. 17th Street, Suite A 	Baton Rouge, LA 70802
Traverse City, MI 49684 	Telephone: (225) 650-7400
Telephone: (231) 933-0180 	Facsimile: (225) 650-7401
Facsimile: (231) 252-8100 	Email: don@cazayouxewing.com
Email: mbeck@tfnlgroup.com 	Email: lane@cazayouxewing.com
Email: bbell@tfnlgroup.com
*Admitted pro hac vice*

*Attorneys for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Monica H. Beck