# EXHIBIT 2

JASSY VICK CAROLAN LLP
JEAN-PAUL JASSY, Cal Bar No. 220513
  jpjassy@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: 310-870-7048
Facsimile: 310-870-7010

Attorneys for Moving Party and
Non-Party Journalist
KENNETH JACOBY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACOBY,<br><br>　　　　Moving Party,<br><br>vs.<br><br>BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM,<br><br>　　　　Responding Party. | Case No. 2:23-mc-00403-KJM-AC<br><br>Magistrate Judge: Allison Claire<br>District Judge: Kimberly J. Mueller<br><br>*Pending in the Middle District of Louisiana,*<br>*Case No. 3:22-cv-00338-BAJ-SDJ*<br><br>**DECLARATION OF KENNY JACOBY IN SUPPORT OF JOINT STATEMENT**<br><br>Hearing Date: December 13, 2023<br>Time: 10:00 a.m.<br>Courtroom: 26 |

DECLARATION OF KENNETH JACOBY

## DECLARATION OF KENNY JACOBY

I, Kenneth Jacoby declare as follows:

1. I am over the age of 18 years. I am a reporter for USA TODAY, a nationwide newspaper whose ultimate parent company is Gannett Co. Inc. I submit this declaration in support of the Joint Statement re Discovery Disagreement in support of the Motion to Quash Subpoena Directed to Non-Party Journalist Kenneth Jacoby in the above-captioned action, *Kenneth Jacoby v. Board of Supervisors of the University of Louisiana System*, Case No. 2:23-mc-00403-KJM-AC in the United States District Court for the Eastern District of California. The Subpoena at issue seeks discovery for the underlying action, *Jane Doe v. Board of Supervisors of the University of Louisiana System et al.*, Case No. 3:22-cv-00338-BAJ-SDJ, pending in the United States District Court for the Middle District of Louisiana. The following facts are true of my own personal knowledge except for those stated on information and belief, which facts I believe to be true.

2. I am the author of a May 26, 2021 article published in USA TODAY, "Six women reported a Louisiana college student for sexual misconduct. No one connected the dots." I interviewed Jane Doe during my investigation, though she is not directly quoted in the article. I understand my article was cited in the Complaint in Jane Doe's lawsuit.

3. I understand that Jane Doe has already produced in discovery her written communications with me. I can confirm that my first written communication to Jane Doe was a December 9, 2020 email. I can confirm that my first text message exchange with Jane Doe was on December 10, 2020, after our initial phone call earlier that day.

4. As a journalist, I have ethical obligations to my sources. It is an essential aspect of my job to build trust with sources, even more so for highly sensitive subject matter like sexual assault. I would not be able to do my job as an investigative reporter if sources did not believe that I would honor my confidentiality agreements. To me, this is both a legal matter and a matter of principle.

5. This declaration is not a waiver of any applicable privileges or rights for non-party newsgathering organizations and their journalists, including under the U.S. Constitution, California Constitution, California state law, and the common law.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed on November 27, 2023 in Sacramento, California.

_____
Kenneth Jacoby

-2-  DECLARATION OF KENNETH JACOBY