UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, et al.** | |

## ORDER

Before the Court is a Motion to Compel Evasive or Incomplete Responses to LCG's Second Request for Production of Documents and to Compel Supplemental Deposition of Plaintiff (R. Doc. 111), filed by Defendant Lafayette City-Parish Consolidated Government ("LCG"). Plaintiff, Jane Doe, filed an Opposition to LCG's Motion (R. Doc. 114), to which LCG, with leave of Court, filed a Reply (R. Doc. 125).[1]  For the reasons set forth below, this Motion is **granted in part**, **denied in part**, and **denied as moot in part**.

**I.    Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  "For purposes of discovery, relevancy is construed broadly to encompass any matter that bears on, or

---

[1] The Court notes that the Parties held a Rule 37 conference on November 29, 2023, prior to the instant Motion being filed.  R. Doc. 111-1 at 12.

that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party." *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) (quoting *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010)) (internal quotations omitted).

The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a)(1). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to requests for production. *See* Fed. R. Civ. P. 34(b)(2). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "In sum, a party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and

affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (internal quotations and citation omitted).

The party filing the motion to compel "bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tingle*, 2016 WL 7230499, at *2 (quoting *Mirror Worlds Techs., LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.* (quoting *Mirror Worlds*, 2016 WL 4265758, at *1). *See also Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."). Further, "[a] trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) (citation omitted).

## II. Requests for Production

In its Motion, LCG first argues that Plaintiff's responses to LCG's Second Request for Production of Documents, consisting of Request for Production of Documents ("RFP") Nos. 1 through 4, were evasive or incomplete, and seeks supplemental responses thereto. LCG's RFP Nos. 1 and 2 are similar, asking for evidence regarding iMessages, Messages, and other communications, from September 2018 to present, between Plaintiff and certain delineated individuals, with RFP No. 1 pertaining to Apple devices and RFP No. 2 pertaining to non-Apple

devices.[2]  For both, Plaintiff objects that the use of the words "evidence" and "regard" render the requests vague and unclear.[3]  In addition to the general list of boilerplate objections, Plaintiff also objects that the requests are cumulative, directing LCG to certain documents, previously produced by Plaintiff.[4]  Then, "[s]ubject to and without waiving the foregoing objections," Plaintiff produced documents PL-000133-34.[5]

LCG, in its Motion, argues that the production is incomplete in that "[a]t its root, … counsel cannot discern what exactly has been produced," as Plaintiff "did not provide any description or context of what the attached PDF documents are."[6]  For document PL-000133, LCG argues that "it is not clear what the photo is providing."[7]  Noting that there is a date and timestamp at the top of the photo, LCG claims that, without further context, "a viewer has no idea what this timestamp means or is eluding to."[8]  LCG also questions "why the image shows the communication with a rounded-off white border inside the larger black cropped box," asking whether the image is a screen shot within a larger image.[9]  LCG continues that the image shows communications "not directly concerning plaintiff," but gives no further context to explain how it is responsive to the RFP.[10]  Finally, LCG asserts that it does not know whether the image is from the platform on which it was sent, meaning it exists in its native format, or whether it is simply a screen shot.[11]

---

[2] R. Doc. 75-4 at 5.
[3] R. Doc. 111-1 at 7-8.
[4] *Id*.
[5] *Id*.
[6] *Id*. at 12.
[7] *Id*.
[8] *Id*.
[9] *Id*. at 12-13.
[10] *Id*. at 13.
[11] *Id*.  Per LCG, Plaintiff previously testified that she can no longer access certain messages that were transmitted before she began using a new cell phone, but she has produced some messages of which a screen shot was taken and saved to her camera roll.  R. Doc. 111-1 at 13.

With regard to document PL-000134, LCG makes similar arguments. It again states that it is not clear whether the image is in its native format.[12] It also argues that the image indicates there was an attachment to the email, but no attachment was produced.[13] In addition, LCG points out that while the communication contains a time stamp of 9:30 PM, it does not contain the date of transmission.[14] LCG further argues that the content of the document is unclear, noting that Plaintiff testified during her deposition that she no longer has access to this Facebook group, but there is no explanation of how Plaintiff obtained these communications.[15] LCG also states that its request to Plaintiff as to whether she has Apple devices from which the requested information could be recovered remains unanswered.[16]

Like RFP Nos. 1 and 2, RFP Nos. 3 and 4 also are similar, seeking evidence stored on either Apple or non-Apple devices regarding iMessages, Messages, and other communications about the sexual assault here at issue, which communications occurred from September 2018 to present, between Plaintiff and certain specified individuals and groups of individuals.[17] In her responses, Plaintiff again objects to the requests as vague based on their wording and responds "subject to and without waiving the foregoing objections."[18] Plaintiff then produces PL-000135-43 in response, describing them as "communications from the 'group chat of victims of Victor Daniel Silva,'" which show the "dates for the produced responsive communications" but have "been redacted to protect the identity of sexual assault victims, information that is not responsive to this Request for Production, and highly sensitive information."[19]

---

[12] R. Doc. 111-1 at 14.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 15.
[17] R. Doc. 75-4 at 6-8.
[18] R. Doc. 111-1 at 9.
[19] *Id.* at 9-10.

LCG takes issue with the redactions, claiming that two of the three items produced were messages to or from A.R., with the entirety of the communication seemingly redacted, though no privilege or objection log was provided by Plaintiff's counsel regarding the redactions.[20] In its Motion, LCG requests that Plaintiff be compelled to provide a privilege log for these documents or, in the alternative, submit the documents for an in-camera review.[21]

Following a telephone conversation between counsel about LCG's questions and concerns about documents PL-000133-143, counsel for LCG sent Plaintiff's counsel an email stating, *inter alia*, that Plaintiff's counsel, during the phone conversation, "agreed to provide the following":[22]

> - clarification from your client on what exactly the pdf PL-000133 is.
> Also,
> - whether this message exists in its native format
> - whether this pdf is a screenshot that was saved to her photos months or years ago
> - what exactly the "Dec. 9, 2020 at 5:21 PM" timestamp is referring to
>
> - clarification from your client on what exactly the pdf PL-000134 is.
> Also,
> - whether this message exists in its native format
> - whether this pdf is a screenshot that was saved to her photos months or years ago
> - what is the date this message was sent?
>
> - clarification on how PL-000135-43 was obtained (from who and when)
> - confirmation of whether your client has Apple devices other than her iPhone, and whether she reviewed the iMessages from that/those Apple device(s) in effort [sic] to answer LCG's Second Request for Production of Documents

The following day, Plaintiff's counsel responds, in part, as follows:[23]

> I will do my best to get answers to the questions we discussed, which were the following:
>
> "clarification from your client on what exactly the pdf PL-000133 is"
> "clarification from your client on what exactly the pdf PL-000134 is"
> "clarification on how PL-000135-43 was obtained (from who and when)"

---

[20] R. Doc. 111 at 4.
[21] R. Doc. 111-1 at 15.
[22] R. Doc. 111-11 at 2-3.
[23] R. Doc. 111-11 at 1.

> "confirmation of whether your client has Apple devices other than her iPhone, and whether she reviewed the iMessages from that/those Apple device(s) in effort [sic] to answer LCG's Second Request for Production of Documents"

Plaintiff counsel continues, stating that she "is looking into those questions – posed to Plaintiff outside of formal discovery – as a courtesy to LCG" and that she did not agree "to respond to any of other [sic] additional questions posed in [LCG's counsel's] email below (other than those pasted above)."[24]  Despite Plaintiff's counsel's agreement to further respond, no supplemental responses have been received by LCG.[25]

In her Opposition, Plaintiff confirmed that during the aforementioned telephone call, Plaintiff's counsel:[26]

> stated she would attempt to answer LCG's questions whether PL-000133 and PL-000134 were screenshots, and if so what they captured (i.e. an email, text message, or other social media messaging or chat); from whom and when the group chat messaging produced at PL-000135-53 was obtained by Ms. Doe; whether Plaintiff had Apple devices other than her iPhone; and whether she searched them for documents responsive to LCG's requestions (even though Plaintiff's counsel had already informed defense counsel that Ms. Doe had searched her devices and the iCloud and produced documents responsive to LCG's requests).

However, per Plaintiff, it "became clear LCG would not limit its inquiries to those issues," sending the above-referenced email that asked Plaintiff to "respond to many other questions," which were outside formal discovery.[27]  Plaintiff asserts that she provided complete answers to the RFPs in question.  She argues that producing the documents in response to each RFP "placed them in 'context'" and that "it is plain from the documents themselves what they are."[28]  Plaintiff claims that LCG could have questioned Plaintiff about this in her deposition and/or issued interrogatories seeking the additional information, but did not.[29]  Plaintiff also asserts that LCG already has some

---

[24] *Id.*
[25] R. Doc. 111 at 4.
[26] R. Doc. 114 at 10.
[27] *Id.*
[28] *Id.* at 11.
[29] *Id.*

of this information based on other discovery responses previously provided by Plaintiff.[30] Finally, Plaintiff points out that LCG never requested Plaintiff provide a privilege log "for unresponsive and highly sensitive information posted by sexual assault victims that was redacted from the document."[31]

Because the additional information being sought not only is minimal and specifically about the documents—which are not numerous—produced by Plaintiff, but also, and more importantly, because Plaintiff's counsel previously agreed to provide the majority of the information sought, the Court, in its discretion, will grant LCG's request. Plaintiff is instructed to provide the requested supplemental responses to LCG. For RFP Nos. 1 and 2, Plaintiff must explain: 1) whether the information exists in its native format; 2) whether the PDF is a screenshot previously saved to Plaintiff's photos; and 3) either what the provided date/time stamp refers to or the date on which the message was sent. For RFP Nos. 3 and 4, Plaintiff must explain how the documents were obtained (from whom and when) and must confirm whether Plaintiff has additional Apple devices and, if so, whether the iMessages from those devices were reviewed. In addition, Plaintiff, if she intends to maintain the redactions made on documents PL-000135-43, must provide LCG with a privilege log, "together with a detailed statement of reasons why redaction is proper and appropriate." *Gen. Elec. Co. v. Mitsubishi Heavy Indus., Ltd.*, No. 10-276, 2011 WL 13202145, at *4 (N.D. Tex. Sep. 14, 2011) ("The unilateral redaction of parts of a produced document is inconsistent with discovery rules and privileges.").

### III.  Supplemental Deposition of Plaintiff

In its Motion, LCG also asks the Court to compel a supplementary deposition of Plaintiff, "for the limited and specified purpose of answering questions as outlined in other motions filed

---

[30] *Id.* at 12.
[31] *Id.* at 13.

with this Honorable Court."[32]  At the time the instant Motion was filed, a Motion for Protective Order Barring Defendants from Deposing Plaintiff a Second Time, filed by Plaintiff, was pending.[33]  In light of the fact that District Judge Jackson ruled on the Motion for Protective Order on April 11, 2024, granting it in part and setting specific parameters for a supplemental deposition of Plaintiff, the Court will deny this request as moot.

### IV.  Attorneys' Fees and Costs

In its Motion, LCG also seeks attorney's fees in the amount of $2,000.00 "for the work done in attempting to get complete responses to its Second Set of Request for Production of Documents" and "for the filing of this Motion."[34]  After giving the responding party an opportunity to be heard, Rule 37(a)(5)(A) provides for an award of attorney's fees and costs to be paid by the responding party or their attorney when a motion to compel is granted or if responses are provided only after the motion is filed.  However, the Court should not order an award if the movant failed to confer, if the responding party's failure was substantially justified, or if other circumstances would make the award unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, while the Motion is being granted in part, it is not being granted in its entirety.  And the Court notes that, while Judge Jackson in his prior Order granted a supplemental deposition of Plaintiff, he set strict parameters for doing so.[35]  Further, LCG is not seeking additional production of documents; rather, it seeks only clarification about those already produced.  This, taken in light of the robust motion practice being conducted by all Parties in this case, leads the Court to find that an award of attorney's fees for this Motion would be unjust here and declines LCG's request.

---

[32] R. Doc. 111 at 6.
[33] R. Doc. 107.
[34] R. Doc. 111 at 6.
[35] R. Doc. 148 at 3.

## V.      Conclusion

Accordingly,

**IT IS ORDERED** that LCG's Motion to Compel Evasive or Incomplete Responses to LCG's Second Request for Production of Documents and to Compel Supplemental Deposition of Plaintiff (R. Doc. 111) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART**. To the extent LCG's Motion seeks supplemental responses to RFP Nos. 1-4, it is **GRANTED**, and Plaintiff is instructed to submit the information specified above to LCG **on or before May 6, 2024**. To the extent LCG's Motion seeks a supplemental deposition of Plaintiff, it is **DENIED AS MOOT**. And to the extent LCG's Motion seeks attorney's fees, it is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 29, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**