**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JANE DOE**                                                           **CIVIL ACTION**

**VERSUS**                                                             **NO.: 3:22-cv-00338-BAJ-SDJ**

**BOARD OF SUPERVISORS OF THE**
**UNIVERSITY OF LOUISIANA SYSTEM;**          **JUDGE BRIAN A. JACKSON**
**BOARD OF SUPERVISORS OF LOUISIANA**
**STATE UNIVERSITY AND AGRICULTURAL**       **MAGISTRATE JUDGE:**
**AND MECHANICAL COLLEGE; and**                **SCOTT D. JOHNSON**
**LAFAYETTE CITY-PARISH**
**CONSOLIDATED GOVERNMENT**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* AND *DAUBERT* MOTION</u> <u>TO EXCLUDE OR LIMIT TESTIMONY OF</u> <u>PLAINTIFF'S EXPERT WITNESS JULIE MEDLIN</u>

Defendant, the Board of Supervisors of University of Louisiana System ("ULS"), submits

this memorandum in support of its Motion *in Limine* and *Daubert* Motion to Exclude or Limit

Testimony of Plaintiff's Expert Witness Julie Medlin.

### I.      BACKGROUND

Plaintiff filed her Complaint on May 25, 2022, asserting claims of deliberate indifference

under Title IX and negligence under Louisiana state law against ULS.  (R. Doc. 1).

Plaintiff complied with the Court-ordered deadlines, disclosing her experts and producing

her expert reports timely; however, she violated Rule 26(a)(2)(B)(v) as she failed to provide "a list

of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or

by deposition."  FRCP 26(a)(2)(B)(v). Plaintiff identified Julie Medlin ("Medlin") as her expert in

psychology.  Medlin issued a report.[1]  Medlin's testimony should be excluded, in whole or in part,

because she violates Federal Rule of Civil Procedure 26(a)(2)(B)(v).

---

[1] Medlin's report is attached hereto as Exhibit A.

Additionally, Medlin opined to behavior of sex offenders, which she admitted was not within the scope of her services in this matter.  She also admitted that it was not within the scope of her services to opine to the state of mind of Plaintiff after her deposition.  Both of these areas of testimony should be excluded.

## II.    LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 506 U.S. 579, 590 (1993), which require the Court to serve as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Plaintiff has the burden of establishing admissibility of Medlin's opinions.  *Moore v. Ashland Chem., Inc*., 151 F.3d 269, 275-76 (5th Cir. 1998).  Plaintiff must show Medlin's testimony complies with Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) The testimony is based on sufficient facts or data;
> c) The testimony is the product of reliable principles and methods; and
> d) The expert has reliably applied principles and methods to the facts of the case.

Under Rule 702, the Court must consider three primary requirements in determining the admissibility of expert testimony: (1) qualifications of the expert witness; (2) relevance of the testimony; and (3) reliability of the principles and methodology upon which the testimony is based.

*Fayard v. Tire Kingdom, Inc.*, No. 09-171-BAJ, 2010 WL 3999011, at *1 (M.D. La. Oct. 12, 2010).

In *Daubert*, the United States Supreme Court listed factors to consider when determining reliability

of expert methodology, to include "whether a theory or technique can be (and has been) tested,

whether it has been subjected to peer review and publication, the known or potential rate of error,

and the existence and maintenance of standards controlling the technique's operation, as well as

general acceptance." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997) (internal

alterations omitted; quoting *Daubert*, 509 U.S. at 593–594).

This list is merely illustrative, however, and the Supreme Court has also emphasized that

"the *Daubert* analysis is a 'flexible' one, and that 'the factors identified in *Daubert* may or may

not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular

expertise, and the subject of his testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th

Cir. 2002) (quoting *Kumho Tire*, 526 U.S. at 150). "The district court's responsibility is 'to make

certain that an expert, whether basing testimony upon professional studies or personal experience,

employs in the courtroom the same level of intellectual rigor that characterizes the practice of an

expert in the relevant field." *Id.* (quoting *Kumho Tire*, 526 U.S. at 152).

## III.    ARGUMENT

### A. <u>Plaintiff violated Rule 26(a)(2)(B)(v).</u>

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of

expert testimony.  FRCP 26.  These disclosures must be made in accordance with the deadlines set

in the Court's scheduling orders.  FRCP 26(a)(2)(D).

Expert witnesses "retained or specially employed to provide expert testimony" must submit

signed written reports. FRCP 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons
> for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

If a party fails to provide the required disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FRCP 37(c)(1).

Under Rule 37, a party is not allowed to use at trial a witness for which it failed to provide the information required by Rule 26. "The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information." *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 338, 344 (W.D. Tex. Nov. 4, 2020) (quotation and citation omitted). "Once that burden is satisfied, Rule 37(c)(1) implicitly places the burden on the party facing sanctions to prove harmlessness or substantial justification." *Id.* (quotation and citation omitted). In determining whether a violation of Rule 26 is harmless or substantially justified, courts are to consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Plaintiff timely made her expert disclosures.[2] The disclosures did not contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by

---

[2] Plaintiff's expert disclosures under Rule 26 are attached as Exhibit B.

4

deposition." FRCP 26(a)(2)(B)(v).  Plaintiff timely produced her experts' reports on February 1, 2024.  Medlin's report did not contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[3]  FRCP 26(a)(2)(B)(v).  Because Plaintiff's initial designation of Medlin and Medlin's report fail to comply with Federal Rule 26(a)(2)(B)(v), it should be stricken.  The burden now shifts to Plaintiff to prove harmlessness or substantial justification, which she cannot do.

The failure of Plaintiff to comply with the disclosure requirements of Rule 26(a)(2)(B) foreclosed ULS's ability to use the information to prepare for the examination of Medlin during her deposition.  The failure of Plaintiff to comply with the requirements of Rule 26 are not substantially justified, nor is her failure harmless.  FRCP 37(c)(1).  The Court should consider the following factors to determine whether Plaintiff's failure to comply with Federal Rule 26 was harmless or substantially justified: (1) the explanation for the failure to produce the list of prior testimony; (2) the importance of the list of prior testimony; (3) the potential prejudice in allowing the list of prior testimony and satisfaction of the requirement; and (4) the availability of a continuance to cure the prejudice.  *Hamburger*, 361 F.3d at 883.

Here, ULS first deposed Plaintiff's standard of care expert, Billie-Jo Grant, who also did not produce a list of prior testimony.  Plaintiff did not provide an explanation during Grant's deposition for failing to produce the list of prior testimony, and subsequently produced the list, blaming an "oversight".[4]  This was no oversight.  One would assume that Plaintiff would then double-check her production for her second expert, Julie Medlin.  However, approximately one month later, ULS deposed Medlin.  Again, no list was produced prior to the deposition.  Instead,

---

[3] Ex. A.

[4] *See* ULS's Motion *in Limine* and *Daubert* Motion regarding Billie-Jo Grant, evidencing these representations and seeking to exclude Grant on the same grounds.

minutes before the deposition of Medlin commenced, Plaintiff's counsel emailed the list of Medlin's prior testimony.[5]  This is counsel's strategy and method of practice.  Rules are rules, and Plaintiff failed to comply with Rule 26(a)(2)(B)(v) - again.

The list of prior testimony is important to vet Medlin prior to her deposition, to explore inconsistencies in her prior work with that of this case, to assess her background and experience on the subject material at hand, to obtain documents to be utilized in her deposition.  None of this is possible when counsel fails to produce the list of prior testimony.

The appearance is that counsel did this because of a known shortcoming of Medlin.  For example, Medlin was asked if she has ever testified in a court in Louisiana.  She responded that she would have to "look back at [her] list."[6]  This is significant because Medlin is not licensed to practice in Louisiana; therefore, the reason she may not have ever testified in Louisiana is because she is not able to practice in this state.[7]

Plaintiff should be held to the same standard as the one she oft declares – holding parties to the strict letter of the rules.  Here, that requires striking Medlin's testimony and report.  Plaintiff will likely argue this to be a harsh consequence; however, the importance of Plaintiff's expert's proposed testimony cannot "override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).  Further, if the Court were to grant a continuance rather than enforcing the Rule, the "failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger*, 361 F.3d at 884.

---

[5] Exhibit C, email from Beck to counsel providing the list of Medlin's prior testimony.

[6] Exhibit D, deposition of Julie Medlin, p. 40, ll. 5-10.

[7] Medlin circumvented her non-licensure in Louisiana by evaluating Doe via telehealth.  The one-day evaluation was conducted while Doe was in Alabama, and Medlin was located in Georgia.  Ex. D, pp. 47-48, 53-55.

### B. **Medlin is not qualified to testify regarding "sex offenders".**

Medlin was asked if she was aware that the Ruston Police Department interviewed Victor Daniel Silva ("Silva"), the alleged offender, who told the police that Doe "never once said she did not want to and gave no indication she wanted to stop having sex."  Medlin responded that she was "not surprised by that at all because that is typically what alleged sex offenders say."[8]  She went on to testify that she would describe Silva as "an alleged sex offender" and that "had a proper investigation and action been taken he would probably be a convicted sex offender right now."[9]  She would not agree outright that it was in her "area of expertise" to make that opinion, but she concluded that "it certainly seems like the weight of the evidence is against him."[10]  Ultimately, Medlin agreed that her "role in this case" was to "assess … the impact of the alleged sexual assault on [Doe's] functioning and her treatment needs"[11] – not to opine as to whether Silva is a sex offender and/or if he had been investigated, he would have been convicted, which is speculative in its own right.

In Plaintiff's expert disclosures under Rule 26, Medlin was identified to testify "regarding Ms. Doe's psychological and emotional injuries and future treatment needs."[12]  There is no mention made of whether Silva is a sex offender, the methods and behaviors of sex offenders, and/or whether Silva should have been convicted.  Medlin's report is vacant of such opinions as well.

Because Medlin's testimony regarding Silva as a sex offender who should have been convicted is (1) outside the scope of her report and disclosed area of expertise, and (2) speculative, it should be stricken.  *See, e.g., Askanse v. Fatjo*, 1994 WL 1893509, at *2 (S.D. Tex. Aug. 31,

---

[8] Ex. D, p. 99.
[9] Ex. D, p. 100.
[10] Ex. D, p. 101, ll. 1-9.
[11] Ex. D, p. 102, ll. 13-21.
[12] Ex. B.

1994) ("The fact that the witness testified during the course of his deposition … does not alter the plaintiff's disclosure requirements.  Nor does the scope of the questioning in a deposition define the admissible evidence for trial purposes.  Thus, a deponent who answers questions outside the circumscribed claim, does not constitute notice under Rule 26 … and … does not expand the scope of the inquiry); *Beard v. Harris County*, 2005 WL 6734078, at *2 (S.D. Tex. Feb. 16, 2005)(motion granted to exclude expert testimony "outside scope of physicians' treatment"); *Thompson v. Connick*, 2005 WL 3541036, at *1 (E.D. La. Nov. 16, 2005)(citing *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331-32 (5th Cir. 1996)(excluding testimony concerning plaintiff's guilt or innocence for crimes as outside scope of expertise and violates Fed. Rule of Evid. 702).

  C.  **<u>Opinions regarding Plaintiff's state-of-mind after her deposition should be excluded.</u>**

  In Medlin's report, she states that following Doe's deposition, her "suicidal thoughts returned."[13]  Yet, in Medlin's notes from her assessment of Doe, there is no reflection of this causal link.[14]  Medlin testified that Doe told her that she had suicidal thoughts after her deposition and felt that the questions were "victim-blaming" questions.[15]  However, Medlin confirmed that she read Doe's deposition transcript, and she could not say that the questions were accusatory, victim-blaming, or that she was treated unfairly.[16]  She did not analyze Doe with this focus in mind; Medlin's focus was Doe's emotional state.[17]  Medlin never reviewed the video of Doe's deposition.[18]

---

[13] Ex. A, p. 17.

[14] Exhibit E, notes of Medlin, p. 16.

[15] Ex. D, p. 136, l. 23 – p. 137, l. 22.

[16] Ex. D, pp. 138-140.

[17] *Id.*

[18] Ex. D, p. 143, ll. 1-7.

Because Medlin did not evaluate Doe with the issue of whether the questions asked of Doe were accusatory, victim-blaming, or she was treated unfairly, and she did not review the video of Doe's deposition to determine whether the deposition of Doe was unfair, Medlin should not be allowed to testify that Doe's deposition caused suicidal thoughts. *See, e.g., Guile v. U.S.,* 422 F.3d 221, 225-26 (5th Cir. 2005)(expert testimony did not establish cause of suicide; "In the context of admissibility of expert testimony, … '[i]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury.'"(citing *Viterbo v. Dow Chem. Co*., 826 F.2d 420, 422 (5th Cir. 1987)).

## IV.    CONCLUSION

Medlin's testimony should be stricken for failing to comply with Rule 26; because testifying as to sex offenders is outside the scope of her expert services in this matter and her report; and because testifying to a causal link between Doe's deposition and suicidal thoughts is outside the scope of her services and is fundamentally unsupported.  If the Court disagrees, Medlin's testimony should be substantially limited for the reasons above.

**LIZ MURRILL**
**Attorney General**

By:      s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Catherine S. Giering (#26495)
Email: cgiering@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612
*Counsel for the Board of Supervisors of the*
*University of Louisiana System*

*-and-*

**DeCuir, Clark & Adams, L.L.P.**

s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Corey L. Pierce (#24601)
Linda Law Clark (#22305)
Monica Gant Moton (#27222)
732 North Boulevard
Baton Rouge, La 70802
Tel: 225.346.8716
Fax: 225.336.1950
*Counsel for the Board of Supervisors of the*
*University of Louisiana System*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by electronic transmission.

Baton Rouge, Louisiana, this 31st day of May, 2024.

s/Andrew Blanchfield
ANDREW BLANCHFIELD
CATHERINE S. GIERING