UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                            CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE                         NO. 22-00338-BAJ-SDJ
UNIVERSITY OF LOUISIANA SYSTEM,
ET AL.

RULING AND ORDER

Now before the Court is Defendant Board of Supervisors of the University of Louisiana System's **Motion *In Limine* To Exclude Evidence Of Acts That Occurred After The Alleged Assault (Doc. 153, the "Motion")**. The Motion is opposed. (Doc. 169). For the reasons below, Defendants' Motion is denied.

I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous rulings. (Doc. 52). Defendant Board of Supervisors of the University of Louisiana System ("ULS") have brought this Motion to preclude Plaintiff from introducing evidence of acts that occurred after her alleged assault.

II. LEGAL STANDARDS

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777,

1

784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### III. DISCUSSION

ULS asks the Court to prevent Plaintiff from referencing the events from September 19, 2018, the date of her assault, to December 14, 2018, the date when she

reported the assault, because, in ULS's view, discussion of these events would be irrelevant to Plaintiff's Title IX deliberate indifference and state law negligence claims. (Doc. 153-1 at 2). ULS also asks the Court to not permit any evidence pertaining to Silva, Plaintiff's assailant, arising after he withdrew from Louisiana Tech University ("Tech") for these same reasons. (*Id.* at 4).

Plaintiff is opposed to ULS's Motion, and argues that the selected evidence is relevant to ULS's deliberate indifference. (Doc. 169). The Court agrees. Evidence of what ULS and Silva did after the alleged assault is certainly relevant to Plaintiff's post-reporting Title IX claim, especially given that Silva allegedly wound-up enrolling in UL Lafayette, another school within ULS's ambit of control, directly thereafter, and, based on the material presently provided, the Court has no basis to conclude that the probative value of such evidence is substantially outweighed by any prejudice that would ensue from its admittance. The evidence of Plaintiff encountering Silva on Tech's campus is likewise relevant to the impaired educational capacity injury that partly underpins Plaintiff's pre-reporting Title IX claim, *see Kelly v. Yale Univ.*, No. CIV.A. 3:01-CV-1591, 2003 WL 1563424, at *3 (D. Conn. Mar. 26, 2003), as well as the mental suffering injuries upon which her state law negligence claim partly relies.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion (Doc. 153)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 16th day of January, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4