UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **NO. 22-00338-BAJ-SDJ** |

## RULING AND ORDER

Now before the Court is Defendant Board of Supervisors of the University of Louisiana System's **Motion *In Limine* To Exclude Reports And Other Materials Produced By Louisiana State University Regarding Victor Daniel Silva (Doc. 154, the "Motion")**. The Motion is opposed. (Doc. 168). For the reasons below, Defendant's Motion is denied.

### I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous rulings. (Doc. 52). Defendant Board of Supervisors of the University of Louisiana System ("ULS") have brought this Motion to preclude Plaintiff from introducing evidence of acts that occurred after her alleged assault.

### II. LEGAL STANDARDS

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical

circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### III. DISCUSSION

ULS asks the Court to prevent Plaintiff from introducing materials produced by the Louisiana State University, previously a defendant in this matter, because, in ULS's view, the introduction of these events at trial would be irrelevant to Plaintiff's claims and prejudicial to ULS's defense. (Doc. 154 at 2). These materials chiefly amount to the disciplinary record of Silva, Plaintiff's alleged assailant, while he was a student at LSU. (Doc. 154-1 at 3). The Parties agree that these materials were neither requested by nor disclosed to ULS prior to this litigation, and so ULS argues that they cannot be used to satisfy the "actual knowledge" component of a Title IX claim. (*Id.* at 5 (citing *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024))).

Plaintiff is opposed to ULS's Motion, and argues that the identified evidence is relevant to ULS's alleged deliberate indifference. (Doc. 168 at 10). The Court does not find this argument persuasive, but nonetheless concludes that ULS's Motion should be denied at this time.

Silva's disciplinary history does not directly impact ULS's deliberate indifference to the notice it received as to his 2015 arrest for rape, because the disciplinary history is, for this limited inquiry, irrelevant to whether ULS's "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances." *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019) (quoting *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)). Put differently, the important fact for Title IX deliberate indifference is what

the responding entity *did*, which, in this case, included ULS's dubious decision to not request any additional details from LSU on Silva, as opposed to what the responding entity would have found had it done so. Nevertheless, ULS's Motion should only be granted if ULS, as the movant, shows that the identified evidence would be inadmissible on *all* possible grounds. *Rivera*, 464 F. Supp. 3d at 853; *Joan Cravens, Inc. v. Deas Constr., Inc.*, No. 1-15-CV-385-KS-MTP, 2017 WL 217650, at *2 (S.D. Miss. Jan. 18, 2017). Neither Party has addressed whether this evidence has relevance and would be admissible to support Plaintiff's state-law negligence claim. Given that ULS has failed to argue the issue of the identified evidence's relevance as pertaining to Plaintiff's negligence claim, (*see* Docs. 154-1, 183), and since it is ULS who carries the burden on this Motion, the Court will not exclude Silva's disciplinary records from LSU at this time.

As noted above, ULS is free to raise its evidentiary argument at trial, where the Court will be able to assess the potential relevance of the offered evidence with the added benefit of context. In reaching this conclusion, the Court does not render an opinion on Plaintiff's argument that the identified evidence is admissible by virtue of ULS's "willfull[] blindness" to Silva's disciplinary history while at LSU. (Doc. 168 at 10).

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion (Doc. 154)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 22nd day of January, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**