UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **NO. 22-00338-BAJ-SDJ** |

<u>**RULING AND ORDER**</u>

Now before the Court is Defendant Lafayette City-Parish Consolidated Government's **Motion *In Limine* (Doc. 156, the "Motion")**. The Motion is opposed. (Doc. 170). For the reasons below, Defendant's Motion is denied.

**I. BACKGROUND**

The alleged facts of this case have been provided by the Court at length in its previous rulings. (Doc. 52). Defendant Lafayette City-Parish Consolidated Government ("LCG") have brought this Motion to preclude Plaintiff from:

> (1) mentioning or alluding to incidents that occurred prior to the commencement of LCG's alleged duty upon signing of the Campus and Accountability Act Memorandum of Understanding ("MOU"), (2) mentioning or alluding that LCG had a duty to communicate to UL Lafayette alleged criminal activity that involved juveniles and/or was turned over to the District Attorney for charges against a suspect who was a juvenile at the time of the alleged offense, (3) mentioning or alluding that Act 172 itself imposes any sort of legal obligations or duties upon LCG, and (4) mentioning or alluding that any Title IX rules, regulations, or requirements apply to LCG either directly or indirectly, since LCG is not an institution of higher learning receiving federal assistance/funding.

(Doc. 156).

## II.     LEGAL STANDARDS

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile Federal Rule of Evidence 403 provides courts with the ability to "exclude

2

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"As is commonly understood, motions in limine serve the purpose of addressing threshold evidentiary concerns." *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at *1 (M.D. La. Sept. 30, 2014), *aff'd in part*, 650 F. App'x 219 (5th Cir. 2016). "Motions *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Morgan v. Mississippi*, No. CIV.A.2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"); 75 Am.Jur.2d *Trial* § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as. . . motions for summary judgment or motions to dismiss. . . [or] to perform the function of a directed verdict"); *In re Katrina Canal Breaches Consolidated Litigation,* No. 05–4182, 2009 WL 982104, at *5 (E.D. La. Apr 13, 2009) (finding that the use of a motion *in limine* was prohibited where "the very basis for the motion in limine require[d] a finding with regard to causation which would have to be the subject of a motion for summary judgment")). Put differently, motions in limine are inappropriate vehicles for adjudication of substantive issues. *Williams v. Rushmore*

3

*Loan Mgmt. Servs. LLC*, No. 3:15CV673(RNC), 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) (collecting cases).

### III. DISCUSSION

LCG's Motion seeks to prevent Plaintiff from introducing any evidence that might be used to prove her negligence claim whatsoever. (*See* Doc. 156-1). As support for this relief, LCG raises the same substantive arguments found in support of its Motion For Summary Judgment, (Doc. 199). LCG argues that it did not have a duty to Plaintiff to communicate with University of Louisiana – Lafayette ("ULL") about the previous incidents of sexual misconduct concerning Victor Silva that were reported to it under either Act 172 or the Campus Safety and Accountability Memorandum of Understanding. (Doc. 156-1 at 5-6). LCG also argues that Plaintiff should be forbidden from referencing any possible juvenile charges brought against Silva because LCG was forbidden from disclosing these charges to ULL by existing confidentiality laws. (*Id.* at 8-9). Finally, LCG argues that the Court should prevent Plaintiff from asserting that it has any duties or obligations under Title IX. (*Id.* at 9-10).

LCG's Motion plainly raises exclusively substantive, rather than evidentiary, issues that are inappropriately addressed through a motion in limine. *See Morgan*, 2009 WL 3259233, at *1. Indeed, LCG tacitly admits as much by bringing the exact same arguments in its Motion for Summary Judgment. (*See* Doc. 199-1 at 48-56). Further, as to LCG's request that Plaintiff be prevented from intimating that LCG had duties under Title IX, Plaintiff responds that she has not yet done so and has no

4

intention of bringing any such claims. (Doc. 170 at 14). LCG's Motion will therefore be denied in all respects, as it is procedurally improper and raises moot issues.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that LCG's **Motion (Doc. 156)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 22nd day of January, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**