UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                                          CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE                               NO. 22-00338-BAJ-SDJ
UNIVERSITY OF LOUISIANA SYSTEM,
ET AL.

## RULING AND ORDER

Now before the Court is Defendant Board of Supervisors of the University of Louisiana System's **Motion *In Limine* And Daubert Motion To Exclude Or Limit Testimony Of Past And Future Medical Expenses (Doc. 160, the "Motion")**. The Motion is opposed. (Doc. 174). For the reasons below, Defendant's Motion is denied.

### I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous rulings. (Doc. 52). Defendant Board of Supervisors of the University of Louisiana System ("ULS") have brought this Motion to preclude testimony on Plaintiff's past and future medical expenses.

### II. LEGAL STANDARDS

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical

circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

III. DISCUSSION

ULS asks the Court to bar any testimony on the topic of Plaintiff's past and future medical expenses. The Court declines to do so.

ULS argues that Plaintiff's psychological expert, Julie Medlin, did not offer testimony on the cost of her recommended future psychiatric care, and that no other witness has been designated to testify to past or future medical costs. (Doc. 160-1 at 2). According to ULS, testimony relating to past medical expenses should be forbidden because there is no evidence presently in the record of Plaintiff's medical costs. (*Id.* at 5). Plaintiff responds that she intends to testify to those costs herself at trial. (Doc. 174 at 1). ULS's Motion is denied on these grounds. ULS has provided no authority or argument in support of its position that Plaintiff cannot testify to her past medical damages, which are, as ULS acknowledges, "easily measured" and may be established with "reasonable mathematical certainty," (Doc. 160-1 at 5 (quoting *Rodrigue v. Nat'l Ins. Co.*, No. CV 20-2267, 2021 WL 3284254, at *3 (E.D. La. July 2, 2021)), at trial.

ULS also argues that expert testimony is necessary for the jury to calculate future medical expenses. (*Id.* at 5-7). Since Plaintiff has not designated an expert to testify to her future costs, ULS argues that any testimony on the topic of future medical costs should be barred. (*Id.*). The chief support for ULS's argument lies in its reading of this Court's decision in *Salgado v. Electric Insurance Company*. No. CV 18-522-JWD-EWD, 2020 WL 6370992 (M.D. La. Oct. 29, 2020). There, after examining Louisiana law on expert witness testimony for future medical expenses, the Court

3

concluded that under Louisiana law a plaintiff is "relieved of [her] burden to show that the value of future medical expenses through expert testimony if [s]he has shown that they are 'necessary and inevitable' and the record otherwise provides supporting evidence of 'a minimum amount that reasonable minds could not disagree will be required.'" *Id.* at *7 (citing *Stiles v. K Mart Corp.*, 597 So. 2d 1012, 1013 (La. 1992)). Plaintiff has identified some evidence that will be offered at trial which supports the proposition that future psychiatric care will be necessary and inevitable—the proposed testimony of Julie Medlin. ULS nonetheless reasons that since the record is currently void of any evidence pertaining to Plaintiff's medical expenses, the jury will be unable to find a minimum amount of future medical expenses that reasonable minds could not disagree will be required. (Doc. 160-1 at 6).

Like ULS's argument pertaining to past medical damages, barring testimony on or consideration of future medical costs is premature. Plaintiff contends that she will testify to her medical expenses at trial. (Doc. 174 at 1). The Court therefore cannot make a determination at this time as to whether the record supports a minimum amount of future medical expenses, as the record is incomplete. If the record is not sufficiently developed at trial, the Court will instruct and limit the jury accordingly. ULS's request for Plaintiff to be barred from presenting testimony on her future medical expenses is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion (Doc. 160)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this **30th** day of January, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**