UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                                           CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE                              NO. 22-00338-BAJ-SDJ
UNIVERSITY OF LOUISIANA SYSTEM,
ET AL.

### RULING AND ORDER

Now before the Court is Defendant Board of Supervisors of the University of Louisiana System's **Motion *In Limine* And Daubert Motion To Exclude Or Limit Testimony Of Plaintiff's Expert Witness Julie Medlin (Doc. 158, the "Motion")**. The Motion is opposed. (Doc. 172). For the reasons below, Defendant's Motion is denied.

### I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous rulings. (Doc. 52). Defendant Board of Supervisors of the University of Louisiana System ("ULS") have brought this Motion to preclude Plaintiff's expert witness Julie Medlin from testifying.

### II. LEGAL STANDARDS

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical

circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### III. DISCUSSION

ULS asks the Court to prevent Medlin from testifying, because Plaintiff failed to comply with her disclosure requirements under Federal Rule of Civil Procedure 26. The Court declines to do so.

To merit exclusion of Medlin's testimony on account of Plaintiff's failure to timely disclose a list of matters in which Medlin had previously testified as an expert witness would be an overly punitive sanction for a relatively mundane error. Exclusion of testimony for a violation to Federal Rule of Civil Procedure 26 may be justified by four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Here, the offered evidence is important to Plaintiff's case, as Medlin is her sole psychological expert, and the prejudice to ULS is negligible given that Medlin was otherwise timely and properly designated as an expert and given that the requested list of matters was provided a full year before the scheduled trial date. *See id.* at 402 ("Further, any prejudice was cured by the approximately one month during with [defendant] was allowed to examine and respond to the contested evidence."). Lastly, this negligible prejudice can be cured by allowing Medlin's deposition to be reopened on a limited basis upon ULS's motion.

ULS's Motion additionally invokes Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 506 U.S. 579, 590 (1993). Federal Rule of Evidence 702 provides that a witness may be qualified as an expert by knowledge, skill, experience, training, or education, and that this expert may testify in the form of an opinion or otherwise if it is demonstrated that it is more likely than not that:

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based." *Fayard v. Tire Kingdom, Inc.*, No. CIV.A. 09-171-BAJ, 2010 WL 3999011, at *1 (M.D. La. Oct. 12, 2010). The Court has broad discretion in deciding whether to admit expert opinion testimony. *See Lamar Advert. Co. v. Zurich Am. Ins. Co.*, 533 F. Supp. 3d 332, 340 (M.D. La. 2021) (collecting cases).

"[T]he rejection of expert testimony is the exception and not the rule." *Barnett v. Nat'l Cont'l Ins. Co.*, No. 3:17-CV-153-JWD-EWD, 2019 WL 126732, at *3 (M.D. La. Jan. 8, 2019) (quoting *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011)). "Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder." *Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*, No. CIV. SA-03-CA-189-RF, 2004

WL 5495590, at *5 (W.D. Tex. Oct. 21, 2004) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Further, "[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002).

ULS requests that the Court bar Medlin from testifying to the topic of sex offenders and/or whether Silva should have been convicted of a sexual offense. (Doc. 158-1 at 7). Plaintiff does not contest this exclusion, and states that Medlin will not be offered to testify to these issues. ULS's Motion on these grounds will therefore be denied for present purposes as unnecessary. Should Medlin seek to testify to matters outside of her expertise at trial, the Court will limit her testimony accordingly.

ULS also requests that the Court exclude Medlin's statement in her expert report that following Plaintiff's deposition, her suicidal thoughts returned. (Doc. 158-1 at 8). ULS's Motion on these grounds will also be denied. The gravamen of ULS's argument is that Medlin did not write this statement down in these words in the notes she contemporaneously took during her evaluation of Plaintiff. (*Id.*). Medlin explained that because she took her notes contemporaneously, she did not record Plaintiff's statements verbatim. (Doc. 158-6 at 13).

A review of Medlin's notes from her evaluation of Plaintiff shows that contrary to ULS's position, Medlin did make a notation indicating that Plaintiff's suicidal ideation—which she had reportedly not experienced for a long time—was caused by the deposition. (Doc. 165 at 16). Moreover, in her sworn testimony Medlin averred

that Plaintiff explicitly stated that she experienced suicidal ideation because, in Plaintiff's opinion, she was asked victim-blaming questions by ULS's counsel. Medlin was able to recall the flavor of some of these questions, which were, according to Plaintiff, questions that essentially asked why she did not resist if she was assaulted. (*Id.* at 14). Given that Medlin has sworn that she was directly told by Plaintiff that her deposition caused her suicidal ideation to return, Medlin's inclusion of the statement in her expert report is the antithesis of "fundamentally unsupported." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). Moreover, Medlin directly opined that the clinical significance of Plaintiff's statements was not that uncouth actions on behalf of ULS's counsel were the cause of her feelings—Medlin could not opine to the veracity of this—but that Plaintiff's feelings from and processing of the deposition were "really reflective of her emotional state and how fragile she is." (Doc. 158-6 at 16). This opinion appears to be squarely within Medlin's expertise and will not be excluded at this time.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion (Doc. 158)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 30th day of January, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

6