UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                              CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE                          NO. 22-00338-BAJ-SDJ
UNIVERSITY OF LOUISIANA SYSTEM,
ET AL.

## RULING AND ORDER

Before the Court is Defendant Board of Supervisors of the University of Louisiana System's ("ULS") **Motion In Limine To Exclude Evidence of Subsequent Remedial Measure (Doc. 234, the "Motion")**. Plaintiff opposes the Motion. (Doc. 242). For the reasons below, ULS's Motion will be **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous ruling. (Doc. 52). Plaintiff alleges that she was raped by Victor Daniel Silva in 2018 when she was a student at Louisiana Tech University ("Tech"). (Doc. 1). This case centers around Plaintiff's allegations that despite five alleged assaults, a rape arrest, and banishment from Louisiana State University ("LSU"), Silva was not suspended, expelled, criminally prosecuted, or even meaningfully investigated. (Doc. 52). Instead, in the face of new allegations, Plaintiff alleges that Silva was allowed to transfer repeatedly among LSU, Tech, and University of Louisiana Lafayette ("ULL"). Even after Plaintiff reported her rape to Tech—Silva's sixth

alleged assault—Plaintiff alleges that Silva transferred back to ULL and graduated with a clean academic record. (*Id.*).

In its Motion in Limine, ULS asks the Court to exclude a May 26, 2021 email string amongst Tech personnel as a "subsequent remedial measure" under Federal Rule of Evidence 407. (Doc. 234 at 1). For the reasons described below, ULS's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.  LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be

excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if (1) "it has any tendency to make a fact more or less probably than it would be without the evidence" and (2) "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile, Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"As is commonly understood, motions in limine serve the purpose of addressing threshold evidentiary concerns." *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at *1 (M.D. La. Sept. 30, 2014), *aff'd in part*, 650 F. App'x 219 (5th Cir. 2016). "Motions *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Morgan v. Mississippi*, No. CIV.A.2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (first citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"); then citing 75 Am.Jur.2d *Trial* § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as . . . motions

3

for summary judgment or motions to dismiss. . . [or] to perform the function of a directed verdict"); then citing *In re Katrina Canal Breaches Consolidated Litigation*, No. 05–4182, 2009 WL 982104, at *5 (E.D. La. Apr 13, 2009) (finding that the use of a motion *in limine* was prohibited where "the very basis for the motion in limine require[d] a finding with regard to causation which would have to be the subject of a motion for summary judgment")). Put differently, motions in limine are inappropriate vehicles for adjudication of substantive issues. *Williams v. Rushmore Loan Mgmt. Servs. LLC*, No. 3:15CV673(RNC), 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) (collecting cases).

### III.  DISCUSSION

ULS asks the Court to exclude a May 26, 2021 email string ("May 26 Email") amongst Tech personnel as a subsequent remedial measure under Federal Rule of Evidence 407. (Doc. 234 at 1). In the May 26 Email, Carrie M. Flournoy, Tech Executive Assistant to the President, Title IX & Compliance Coordinator, asked: "Aren't we supposed to have a HOLD on [Silva's] transcript as well?" (Doc. 193-65 at 5). Dickie Crawford, Tech Associate Vice President for Student Advancement, responded: "Yes, we are supposed to have a hold on [Silva's] transcript. However, he already has the transcript from the one fall quarter that he attended Tech. He used that to transfer back to ULL and graduate." (*Id.*). Tech personnel then confirmed that as of May 26, 2021, Tech placed Silva's transcript on hold. (*Id.* at 4). Tech personnel also discussed the dates on which Silva previously requested and received his transcript from Tech. (*Id.* at 2–3).

ULS contends that Tech decided to place a hold on Silva's transcript on May 26, 2021, in response to Kenny Jacoby's *USA Today* article published earlier that same day. (Doc. 234 at 1). In the article, Jacoby wrote that Tech should have placed a hold on Silva's transcript in 2018. (*Id.*). ULS contends that Tech personnel emailed about whether Tech placed, or should have placed, a hold on Silva's transcript in 2018 based on their review of the article. (*Id.*). Thus, ULS argues that the May 26 Email is a subsequent remedial measure that should be excluded from evidence at trial.

Plaintiff agrees that a portion of the May 26 Email is a remedial measure.[1] (Doc. 242 at 4). Plaintiff argues, however, that even so, the Court should admit the May 26 Email for the following purposes explicitly permitted under Rule 407: (1) to prove ULS's control over Silva after he resigned from Tech; (2) to show the feasibility of taking the measure; and (3) to impeach Tech Associate Vice President Crawford. (*Id.*).

Rule 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
>
> • culpable conduct;

---

[1] Plaintiff contends that only a portion of the May 26 Email is a remedial measure; Defendant contends that the entirety of the May 26 Email string is a remedial measure. (Doc. 242 at 5; Doc. 234-1 at 3). Plaintiff states that, if necessary, she will redact the portion of the May 26 Email in which the Tech Registrar employee stated that he placed a hold and notation on Silva's transcript. (Doc. 242 at 5). The Court asks the parties to be prepared to discuss this issue, including whether redactions are necessary, during the upcoming pretrial conference.

> - a defect in a product or its design; or
>
> - a need for a warning or instruction.
>
> ***But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.***

Fed. R. Evid. 407 (emphasis added).

Although Rule 407 prohibits the use of evidence of a defendant's subsequent remedial measures as proof of its negligence, the rule provides that evidence of such remedial measures may be admissible for certain purposes, including impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures. Fed. R. Evid. 407; *see also Kirkland v. Marriott Int'l, Inc.*, 416 F. Supp. 2d 480, 489 (E.D. La. 2006). The Advisory Committee Notes explain that the primary justification for Rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Committee's Note.

As both parties agree that the May 26 Email is, at least in part, a subsequent remedial measure, Rule 407 makes clear that such evidence is not admissible to prove negligence or culpable conduct. Accordingly, at least a portion of the May 26 Email will not be permitted to prove negligence or culpable conduct at trial.

Plaintiff rightly notes, however, that the May 26 Email may be admissible under Rule 407 for certain purposes, including impeachment, or, if disputed, to prove ownership, control, or the feasibility of precautionary measures. Fed. R. Evid. 407. The Court will defer ruling on whether the May 26 Email is admissible under a

6

Rule 407 exception until trial. *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (Courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion In Limine To Exclude Evidence of Subsequent Remedial Measure (Doc. 234)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the portion of the May 26 Email in which Tech placed a hold on Silva's transcript is not admissible at trial to prove negligence or culpable conduct.[2] The Motion is **GRANTED** in this respect.

**IT IS FURTHER ORDERED** that the Court will determine whether the May 26 Email is admissible under any Rule 407 exception—such as impeachment or, if disputed, proving ownership, control, or the feasibility of precautionary measures—in the context of trial. The Motion is **DENIED** in this respect.

Baton Rouge, Louisiana, this 30th day of June, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] The Court will discuss this matter with the parties in further detail at the upcoming pretrial conference, as described *supra* note 1.