UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE                                                                  CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE                     NO. 22-00338-BAJ-SDJ
UNIVERSITY OF LOUISIANA SYSTEM,
ET AL.

## RULING AND ORDER

Before the Court is Defendant Board of Supervisors of the University of Louisiana System's ("ULS") **Motion In Limine To Exclude Suggestion That ULS Controlled Silva Based On The Housing Policy At Louisiana Tech University (Doc. 235, the "Motion")**. Plaintiff opposes the Motion. (Doc. 241). For the reasons below, ULS's Motion will be **DENIED**.

I. BACKGROUND

The alleged facts of this case have been provided by the Court at length in its previous ruling. (Doc. 52). Plaintiff alleges that she was raped by Victor Daniel Silva in 2018 when she was a student at Louisiana Tech University ("Tech"). (Doc. 1). This case centers around Plaintiff's allegations that despite five alleged assaults, a rape arrest, and banishment from Louisiana State University ("LSU"), Silva was not suspended, expelled, criminally prosecuted, or even meaningfully investigated. (Doc. 52). Instead, in the face of new allegations, Plaintiff alleges that Silva was allowed to transfer repeatedly among LSU, Tech, and University of Louisiana Lafayette ("ULL"). Even after Plaintiff reported her rape to Tech—Silva's sixth

alleged assault—Plaintiff alleges that Silva transferred back to ULL and graduated with a clean academic record. (*Id.*).

In its Motion in Limine, ULS asks the Court to issue an Order prohibiting Plaintiff from arguing that ULS controlled or had the ability to control Silva based on Tech's housing policy. (*Id.*). For the reasons described below, ULS's Motion is **DENIED**.

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be

excluded." *Id.*

Federal Rule of Evidence 401 instructs that evidence is relevant if (1) "it has any tendency to make a fact more or less probably than it would be without the evidence" and (2) "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Meanwhile, Federal Rule of Evidence 403 provides courts with the ability to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"As is commonly understood, motions in limine serve the purpose of addressing threshold evidentiary concerns." *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at *1 (M.D. La. Sept. 30, 2014), *aff'd in part*, 650 F. App'x 219 (5th Cir. 2016). "Motions *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Morgan v. Mississippi*, No. CIV.A.2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (first citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"); then citing 75 Am.Jur.2d *Trial* § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as. . . motions

3

for summary judgment or motions to dismiss. . . [or] to perform the function of a directed verdict"); then citing *In re Katrina Canal Breaches Consolidated Litigation*, No. 05–4182, 2009 WL 982104, at *5 (E.D. La. Apr 13, 2009) (finding that the use of a motion *in limine* was prohibited where "the very basis for the motion in limine require[d] a finding with regard to causation which would have to be the subject of a motion for summary judgment")). Put differently, motions in limine are inappropriate vehicles for adjudication of substantive issues. *Williams v. Rushmore Loan Mgmt. Servs. LLC*, No. 3:15CV673(RNC), 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) (collecting cases).

### III. DISCUSSION

ULS asks the Court to issue an Order prohibiting Plaintiff from arguing that ULS controlled or had the ability to control Silva based on Tech's housing policy. (Doc. 235 at 1; Doc. 235-3). ULS contends that to prove her Title IX claim, Plaintiff must show that ULS had "substantial control" over Silva and the context in which the alleged sexual harassment occurred. (Doc. 235 at 1). ULS contends that Plaintiff should not be permitted to argue that ULS could control Silva because "[t]here is no evidence that ULS had the *ability* to require Silva [] to live on campus [] under the terms of the applicable housing policy." (*Id.* at 2).

Plaintiff responds that ULS's request far exceeds the permissible scope of a motion in limine because it does not seek to exclude any evidence at all. (Doc. 241 at 1). Instead, according to Plaintiff, ULS seeks to prohibit a potentially dispositive argument that ULS "does not like." (*Id.*). Plaintiff argues that at trial,

4

ULS will be free to dispute whether it had control over Silva for purposes of Plaintiff's Title IX claim. (*Id.*).

Because ULS has not identified specific evidence or testimony that it contends should be excluded, the Court finds that it would be inappropriate to exclude unknown and unidentified evidence or testimony at this time. *See Luv n' care v. Laurain*, No. CV 3:16-00777, 2021 WL 3440623, at *6 (W.D. La. Aug. 5, 2021) (denying motion in limine where movant "ha[d] not identified any specific evidence or testimony that it contend[ed] should be excluded, but instead offer[ed] a broad category of items that might be presented . . .); *see id.* ("[M]otions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.") (internal citations omitted); *see also Rigid Constructors, LLC v. ELA Grp., Inc.*, No. CV 20-00666-BAJ-RLB, 2023 WL 119646, at *1–2 (M.D. La. Jan. 6, 2023) (Jackson, J.) (However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded.").

The Court emphasizes that "the propriety of a particular argument must be determined in the light of the facts in the case, in the light of the conduct of the trial, and in the light of the argument of opposing counsel." *Thibodeaux v. T-H Marine Supplies, LLC*, No. CV 21-00443-BAJ-SDJ, 2023 WL 3562975, at *3 (M.D. La. May 19, 2023) (Jackson, J.) (citing *Baxter v. Anderson*,

5

277 F. Supp. 3d 860 (M.D. La. 2017); *Solorio v. Atchison, T. & S. F. Ry. Co.*, 224 F.2d 544, 547 (10th Cir. 1955)). At trial, the Court will consider ULS's objections, if any, to this argument in the ordinary course, and the Court will offer the customary and appropriate instructions to the jury. Accordingly, ULS's Motion is **DENIED**.

The Court reminds the parties:

> Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial. *In limine* relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Lemings v. Taylor*, No. CV 18-00768-BAJ-SDJ, 2021 WL 3215086, at *1 (M.D. La. July 29, 2021) (Jackson, J.) (citing *Broussard v. Bd. Of Supervisors Of La. State Univ. And A&M Coll., et al.*, No. 19-cv-00527-BAJ-RLB, 2021 WL 3032666, at *1 (M.D. La. July 19, 2021) (Jackson, J.) (additional citations omitted)).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that ULS's **Motion In Limine To Exclude Suggestion That ULS Controlled Silva Based On The Housing Policy At Louisiana Tech University (Doc. 235)** is **DENIED.**

Baton Rouge, Louisiana, this \_\_1ST\_\_ day of July, 2025

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**