UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JANE DOE

CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.

NO. 22-00338-BAJ-SDJ

# ORDER

Before the Court are the following Motions:

**(1) Defendant Board of Supervisors of the University of Louisiana System's ("ULS") Motion For Stay Of Matter And/Or Motion To Continue The August 4 Trial And Motion For Expedited Consideration ("Motion to Stay") (Doc. 316);**

**(2) Plaintiff's Motion for Leave to Amend Her Complaint ("Motion to Amend Complaint") (Doc. 318); and**

**(3) ULS's Motion for Section 1292(b) Certification and for Stay Pending Appeal (Doc. 320).**

The Motions are opposed. (Doc. 321; Doc. 326; Doc. 334; Doc. 335).

Because the Motions all bear on the trial date, the Court will address the Motions together. A hearing is unnecessary. For the reasons below, ULS's Motions are **DENIED** and Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

The facts of this case have been detailed by the Court at length in its previous Ruling. (Doc. 313). Here, the Court will only detail the facts and procedural history relevant to the instant Motions.

This case has been pending for three years. On May 25, 2022, Plaintiff brought two categories of claims against ULS: (1) claims under Title IX; and (2) a negligence claim under Louisiana state law. (Doc. 1). Presumably, ULS could have moved to dismiss Plaintiff's negligence claims on sovereign immunity grounds in 2022.

On July 20, 2022, now-dismissed Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") moved to dismiss based on sovereign immunity. (Doc. 23 at 2 ("[B]ecause Plaintiff has only asserted a state law negligence claim against LSU and because LSU is immune from suit in federal court on state law claims, this Court is deprived of subject matter jurisdiction, and, thus, LSU may not be joined as a required party.")). The Court granted LSU's Motion, finding that "LSU 'is an arm of the state' for Eleventh Amendment purposes, and state law negligence claims fall squarely within the ambit of the Eleventh Amendment's protection." (Doc. 52 at 17).

On October 3, 2022, ULS moved to dismiss. (Doc. 40). Although ULS had the benefit of LSU's briefing, ULS did not move to dismiss based on sovereign immunity. (*Id.*).

Then, two years later, ULS moved for summary judgment. (Doc. 198). ULS dedicated one paragraph of its 50-page Motion to sovereign immunity, arguing the

following:

> ULS is immune from suit based upon state law theories of negligence. While subject matter jurisdiction exists over Plaintiff's claims under Title IX, the same does not hold true for Plaintiff's claims under Louisiana state law. The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court. This immunity applies to arms of the state. Sovereign immunity bars federal courts from hearing state law claims in federal court brought against state entities. ULS, as an arm of the state, is immune from Plaintiff's suit based in state law in this Court.

(Doc. 198-1 at 35–36). Then, in its Reply Brief in Support of its Motion, ULS conceded:

> Should the Court dismiss Plaintiff's Title IX claims against ULS for the reasons addressed above and in ULS's original motion, there remain Plaintiff's state law negligence claims against ULS, from which ULS is immune. These claims should be dismissed and litigated in state court in the open docket in the Nineteenth Judicial District Court.

(Doc. 219 at 20). In ruling on ULS's Motion, the Court found:

> **The Court Need Not Address Sovereign Immunity.**
>
> ULS contends that if the Court dismisses Plaintiff's Title IX claims against ULS, then Plaintiff's negligence claims should be dismissed and litigated in state court because it is entitled to sovereign immunity on Plaintiff's state law claims. (Doc. 219 at 20). Because the Court has not dismissed Plaintiff's Title IX claims, the Court need not address this argument.

(Doc. 313 at 62).

Although the Court did not deny ULS sovereign immunity, ULS immediately filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit on the issue of sovereign immunity. (Doc. 315). ULS's Notice of Appeal provides that the subject of its appeal is "the lack of subject matter jurisdiction of this Court over Plaintiff's state law claims against Defendant under the Eleventh Amendment and sovereign immunity." (Doc. 315). The Court pauses to note that a more expeditious

alternative was likely available to ULS—a motion for the Court to reconsider its Ruling on sovereign immunity.

ULS also filed a Motion to Stay, asking the Court to stay the August 4 trial date indefinitely and to stay the entirety of this litigation during the pendency of its appeal. (Doc. 316). ULS made the same request to the Circuit. (Doc. 353). On this date, July 28, 2025, the Circuit denied ULS's request to stay the trial date and the litigation as a whole. (Doc. 353).

In response to ULS's Notice of Appeal and in an attempt to maintain the August 4 trial date, Plaintiff moved for leave to amend her Complaint to dismiss her negligence claims against ULS. (Doc. 318). Plaintiff argued: "Justice requires granting Plaintiff leave to amend her Complaint and omit her negligence claim against ULS, so that trial on her Title IX claims against ULS [] can move forward as scheduled in this Court. Previous continuances of trial have been greatly upsetting to [Plaintiff] Ms. Doe, and she should not suffer additional anguish due to an unnecessary delay." (Doc. 318 at 1).

Although Plaintiff attempts to provide ULS the very outcome that ULS sought to achieve on appeal, ULS, astoundingly, opposes Plaintiff's Motion. (Doc. 321).

ULS also makes one more attempt at continuing the trial date. ULS asks the Court to certify the following issue for an interlocutory appeal:

> "[W]hether a 'single instance of sufficiently severe one-on-one peer harassment' could ever rise to the level of 'pervasive' harassment." *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 342 (5th Cir. 2022) (citation omitted).

(Doc. 320).

## II. ANALYSIS

First, the Court considers ULS's Motion to Stay (Doc. 316). Second, the Court turns to Plaintiff's Motion for Leave to Amend Complaint (Doc. 318). Finally, the Court addresses ULS's Motion to certify an interlocutory appeal and to stay this case pending appeal. (Doc. 320). For the following reasons, ULS's Motions are **DENIED** and Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART.**

### A. ULS's Motion to Stay and Continue the August 4 Trial Date (Doc. 316).

ULS asks the Court to grant an "indefinite continuance" of the August 4, 2025 trial date and to stay this litigation during the pendency of its appeal. (Doc. 316). ULS requested the same relief from the Fifth Circuit, and the Circuit denied its request. (Doc. 353).

The Court maintains broad discretionary power to stay proceedings in the interests of judicial economy and justice, though the use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Id.* at 255.

"When determining whether to exercise its discretion to stay proceedings, relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy." *Robinson v. Ardoin*, No. 22-211,

2022 WL 1404661, at *1 (M.D. La. May 4, 2022) (citing *Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. 18-0997, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019)). A court abuses its discretion, however, by issuing "a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255; *see also Young v. LeBlanc*, No. CV 23-681-SDD-RLB, 2025 WL 1670560, at *3 (M.D. La. June 12, 2025).

The Court, in its discretion, declines to stay the trial date. Plaintiff's Counsel has repeatedly emphasized the distress that Plaintiff experiences when the trial date is continued. (*See, e.g.,* Doc. 335 at 3 ("Trial has been continued twice, and each continuance has caused [Plaintiff] Ms. Doe great anguish. Another continuance will do the same."). The Court finds that Plaintiff, a rape victim, will be greatly prejudiced if this trial date is continued yet again. Plaintiff filed her lawsuit three years ago and deserves her day in Court. The Court further finds that ULS will not be prejudiced by a denial of its request to stay pending appeal, particularly when ULS will immediately achieve the result it seeks on appeal—dismissal of Plaintiff's negligence claim against it.

The Court further finds that the interests of judicial economy favor proceeding to trial. All parties have expended significant time and resources to prepare for trial. The parties have also arranged for numerous witnesses to travel to Baton Rouge for trial. According to Plaintiff, "[i]f this matter is stayed, these witnesses will have incurred significant expenses for nothing, and it is unknown if they will be willing to appear at trial scheduled for a later date." (Doc. 335 at 3). And although ULS is now arguing that proceeding to trial would impose prejudice, as recently as June 26, 2025,

ULS argued in another Motion, in a confounding contradiction to its present position: "It goes without saying that a continuance at this late hour would not achieve anything, would only further delay this matter, increase expenses, and would render the scheduling order and Federal Rules meaningless." (Doc. 300-1 at 8).

Finally, as the parties are well aware, this District has an extremely busy docket, the parties anticipate that this trial will take at least two weeks to complete, and the Court has already cleared two weeks of the Court's calendar to try this case. Accordingly, ULS's Motion to Stay (Doc. 316) is **DENIED.**

**B. Plaintiff's Motion for Leave to Amend Complaint (Doc. 318).**

In an effort to preserve the trial date, Plaintiff moved for leave to amend her Complaint to dismiss her negligence claim against ULS. (Doc. 318). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely grant leave to amend before trial, but only when justice so requires. Fed. R. Civ. P. 15(a). "[W]hen justice so requires" is not a mechanical absolute—the circumstances under which leave is to be granted are committed to the careful discretion of the trial court. *Dunn v. Koehring Co.*, 546 F.2d 1193, 1198 (5th Cir. 1977), *decision clarified on reh'g sub nom., Hyde Const. Co. v. Koehring Co.*, 551 F.2d 73 (5th Cir. 1977); *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967). As recognized by the Fifth Circuit, "[d]etermining when justice requires permission to amend rests within the discretion of the trial court." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981). In exercising its discretion to grant leave to amend pleadings, the trial court is guided by underlying purpose of the applicable rule—to facilitate

decision on the merits rather than on pleadings or technicalities. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Leave to amend should be freely granted unless a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend; the plaintiff has made "repeated failure[s] to cure deficiencies by amendments previously allowed;" "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment;" or the amendment would be completely futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The probability that undue delay, bad faith, undue prejudice, and futility may be playing a role becomes greater each time a complaint is amended. *StoneEagle Servs., Inc. v. Valentine*, No. 3:12-CV-1687-P, 2013 WL 12123938, at *1 (N.D. Tex. Mar. 21, 2013).

It is within the district court's discretion under Rule 15 to deny leave to amend if the amendment would be futile. *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872–73 (5th Cir. 2000) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) and *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Another factor the court must weigh in determining whether to grant leave to amend is whether undue prejudice will result to the opposing party if the amendment is allowed. Undue prejudice is defined as "'improper or unfair treatment amounting to something less than irreparable harm.'" *See, e.g., Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, No. CV H-16-02625, 2017 WL 7201927, at *2 (S.D. Tex. July 27, 2017), *aff'd*, 912 F.3d 805 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019) (*quoting Barrett*

*v. Wilson*, No. 4:11-CV-02852, 2011 WL 13134638, at *3 (S.D. Tex. Aug. 15, 2011)) (internal quotations omitted).

The Court, in its discretion, grants Plaintiff leave to amend her Complaint to omit her negligence claim against ULS. Although it is unusual to allow a Plaintiff to amend her Complaint at this late stage, the Court finds it appropriate for the following reasons. First, Plaintiff does not seek to introduce new claims or theories against ULS. Instead, Plaintiff seeks to eliminate claims against ULS—namely, Plaintiff's negligence claim against ULS. Second, this is Plaintiff's first request to amend. Finally, the Court fails to identify any prejudice that would inure to ULS by the amendment. Plaintiff's Complaint remains the same other than the fact that Plaintiff now brings one less claim against ULS. In this regard, the Court **GRANTS** Plaintiff's Motion for Leave to Amend. (Doc. 318).

A review of Plaintiff's proposed amended complaint, however, shows that Plaintiff made other changes beyond omitting the negligence claim. (Doc. 318-3). Such changes are inappropriate at this late stage. Thus, the Court **DENIES** Plaintiff's Motion to the extent she seeks leave to file her proposed amended complaint (Doc. 318-3) into the record. Plaintiff's Complaint (Doc. 1) will remain the operative Complaint in this case, and Plaintiff's negligence claim, Paragraphs 150 through 155, shall be deemed **STRICKEN.**

To be clear: Plaintiff's negligence claim against ULS will be dismissed and will not proceed to trial on August 4, 2025. Plaintiff's Title IX claims against ULS will proceed to trial on August 4, 2025.

### C. ULS's Motion for Section 1292(b) Certification and for Stay Pending Appeal (Doc. 320).

ULS asks the Court to certify an interlocutory appeal, and to stay the trial pending the appeal, on the following question:

> "[W]hether a 'single instance of sufficiently severe one-on-one peer harassment' could ever rise to the level of 'pervasive' harassment." *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 342 (5th Cir. 2022) (citation omitted).

(Doc. 320 at 1). Plaintiff responds that ULS's Motion must be denied because ULS did not raise that issue in its summary judgment motion. (Doc. 335 at 1).

Certification of an interlocutory appeal under section 1292(b) is appropriate only when: (1) the order from which the appeal is taken involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A district court cannot certify an order for interlocutory appeal unless all three criteria are present. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981) ("Section 1292(b) sets out three criteria all of which must be met before the district court may properly certify an interlocutory order for appeal."). Permitting interlocutory appeals is within the district court's sound discretion. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). When a district court certifies an appeal under section 1292(b), the court of appeals must still determine that the certification requirements have been met. *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc). Additionally, the Fifth Circuit cautions that interlocutory

appeals are "exceptional," and "assuredly do[ ] not lie simply to determine the correctness" of an order. *Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983); *see also Vetter v. Resnik*, No. CV 23-1369-SDD-EWD, 2024 WL 4913616, at *2 (M.D. La. Nov. 13, 2024)).

The Court declines to exercise its discretion to permit an interlocutory appeal, which the Circuit has deemed "exceptional." *See id.* The Court is aware of the Circuit split on this issue but finds certification of an interlocutory appeal unwarranted because ULS did not brief the issue on summary judgment.[1] Instead, the Court views ULS's Motion as another thinly veiled attempt to avoid proceeding to trial.

The Court is also guided by the Court's decision in *Owens*, in which the Court considered the Circuit-split, and left the issue for the jury to decide:

> The Supreme Court has also suggested, without deciding, that a single instance of sufficiently severe one-on-one peer harassment is unlikely to satisfy the "severe, pervasive, and objectively offensive" standard. Nonetheless, the Fifth Circuit in *Roe v. Cypress-Fairbanks Independent School District* recognized a circuit split regarding whether a single instance of sufficiently severe one-on-one peer harassment could ever rise to the level of "pervasive" harassment. The Fifth Circuit pointed out that while three circuits have held that "pervasive" student-on-student harassment for Title IX purposes requires multiple incidents of harassment, four circuits have held that students must demonstrate

[1] As Plaintiff argues in her Opposition brief:

> Here, ULS argued in its summary judgment motion: "[t]he alleged harassment did not bar Plaintiff, thankfully, from any education opportunity or benefit." (Doc. 198-1 at 33.) That was ULS's **entire** argument. ULS made **no** argument concerning whether rape, in and of itself, is sufficient to support an actionable Title IX claim. Thankfully, ULS does not even pretend in its motion that it supposedly asserted made this argument. ULS did not preserve the issue for appeal, interlocutory or otherwise.

(Doc. 335 at 2).

> only that a school's deliberate indifference made harassment more likely, not that it actually led to any additional post-notice incidents of harassment. Without weighing-in on the circuit split, the Fifth Circuit in *Roe* concluded that a reasonable jury could conclude that the harassment experienced by the plaintiff in its case was pervasive "no matter on which side of the circuit split we fall."
>
> [. . .]
>
> The Court finds that Plaintiffs have provided sufficient evidence to raise a genuine dispute regarding whether John Doe's alleged rape of Owens while she was intoxicated and without her consent was so severe, pervasive, and objectively offensive so as to bar her access to educational benefits, and thus is a question of fact that should be left to the jury.

*Owens v. La. State Univ.*, No. CV 21-242-WBV-SDJ, 2023 WL 8880377, at *10–11 (M.D. La. Dec. 22, 2023). ULS's Motion for Section 1292(b) Certification and for Stay Pending Appeal (Doc. 320) is **DENIED.**

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Board of Supervisors of the University of Louisiana System's ("ULS") **Motion For Stay Of Matter And/Or Motion To Continue The August 4 Trial And Motion For Expedited Consideration (Doc. 316)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Leave to Amend Her Complaint (Doc. 318)** is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's Complaint (Doc. 1) will remain the operative Complaint in this case, and Plaintiff's negligence claim, Paragraphs 150 through 155, shall be deemed **STRICKEN.**

**IT IS FURTHER ORDERED** that ULS's **Motion for Section 1292(b) Certification and for Stay Pending Appeal (Doc. 320)** is **DENIED.**

Baton Rouge, Louisiana, this 28th day of July, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**