UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 3:22-cv-00338-BAJ-SDJ** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT** | **JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE: SCOTT D. JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S PROPOSED DEMONSTRATIVE AIDS AND OPENING SLIDES**

Defendant, Board of Supervisors of the University of Louisiana System ("Defendant"), objects to Plaintiff's proposed Opening Slides and demonstrative aids as follows:

**I.    PLAINTIFF'S SLIDES FOR OPENING ARGUMENT**

**A.   Generally – 1 Fed. Jury Prac. & Instr. § 6:1 (6th ed.) July 2025 update**

It is improper to make arguments during opening statements.[1] It is also improper to refer to evidence which will not be forthcoming.[2] Likewise, it is improper to refer to evidence which

---

[1] During prosecutor's opening statement, "the prosecutor's remarks contrasting the jurors' sense of community safety with the armed robbery of the hotel crossed the bounds of permissible argument. These comments interjected issues having no bearing on the defendant's guilt or innocence and improperly appealed to the jury to act in ways other than as dispassionate arbiters of the facts." *United States v. Mooney*, 315 F.3d 54, 59 (1st Cir. 2002). "Being argumentative in an opening statement does not necessarily warrant a mistrial, but being argumentative and introducing something that should not be allowed into evidence may be a predicate for a mistrial." *Testa v. Mundelein*, Illinois, 89 F.3d 443, 445 (7th Cir.1996).

[2] *United States v. Campbell*, 317 F.3d 597, 607 (6th Cir. 2003)."A holding that it is reversible error to prevent a lawyer from referring in his opening statement to evidence later ruled inadmissible, or that reversible error in such a case can be avoided only by the judge's taking remedial steps (and what would they be? A new round of opening statements?) would create a fair amount of havoc in jury trials—a prospect to give us pause. Judges often exclude evidence before trial, for example on the grounds of irrelevance—with the consequence that the lawyers cannot refer to the evidence in their opening statements—only to admit the evidence later, when the course of the trial shows that the evidence is relevant and probative after all. We do not know of anyone who has had the audacity to suggest that when this happens the party against whom the motion has been granted is entitled to a new trial, or a new opening argument. (And what is an 'opening argument' in the middle of trial?)." *Hydrite Chemical Co. v. Calumet Lubricants Co*., 47 F.3d 887, 892

1

would be inadmissible. This would include discussing evidence which is barred explicitly by the Federal Rules of Evidence[3] or other inadmissible evidence.[4]

Detailing the law during opening statements is also inappropriate. Indeed, local rules across the nation specifically note that argument, the giving of personal opinions, and/or reciting the law, are improper in opening statements.[5] The Middle District Court of Louisiana is no exception. Local Rule 47(c) <u>prohibits</u> the instruction to the jury on any matter of law or to argue law to the jury.

Opening statements should also not be inflammatory in nature and personal opinions should not be presented.[6]

---

(7th Cir.1995).

[3] For example, Rule 407 prohibits evidence of subsequent remedial measures to prove negligence, culpable conduct, a defect in a product or its design, and the need for warnings or instructions, but does allow introduction of such evidence when used "for another purpose, such as proving ownership, control or feasibility of precautionary measures, if controverted, or impeachment." Rule 408 generally prohibits evidence of offering to settle a claim and evidence of conduct or statements directed towards achieving a settlement except when used "for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation, or prosecution." Rule 411 prohibits evidence that a person was or was not insured as a means of proving that a person acted wrongfully but such evidence may be used for other limited purposes such as to prove ownership or control, or bias or prejudice of a witness. Rules 412–415 speak to the admissibility of the past sexual acts and crimes in sex offense cases and child molestation cases.

[4] "In the context of defense counsel's opening statement, fairly read, 'any evidence' means 'any *admissible* evidence.'" United States v. Green, 272 F.3d 748, 755–56 (5th Cir.2001). Prosecutor's opening statement regarding coconspirator's inculpatory statements was improper where there was some question as to whether those statements would be admissible and hence prosecutor should have refrained from calling the statements to the attention of the jury until the trial court established their admissibility. United States v. Hernandez, 779 F.2d 456, 459–61 (8th Cir.1985).

[5] *See*, *e.g.*, S.D. Ga. L.R. 83.22 ("Confine your opening statements to what you expect the evidence to show. It is not proper to use the opening statement to argue the case or instruct as to the law"); L.R.E.D. Wa. 83.1(j)(same); L.R.N.D. Fla. Gen. R. Addendum (B) (12) ("In opening statements and in arguments to the jury, counsel *shall not* express personal knowledge or opinion concerning any matter in issue, *shall not* read or purport to read from deposition or trial manuscripts, and *shall not* suggest to the jury, directly or indirectly that it may or should request transcripts or the reading of any testimony by the reporter"); L.R.M.D. Fla. 5.03(15)(same); L.R. D. Maine Civ. 39(a)(opening statements shall not be argumentative); L.R. D. N.H. Civ. 39.1(a)(same); L.R.E.D.N.C. Civ. 26.01 (same); L.R.D.R.I. 17(c)(same); L.R.M.D.N.C. 43.1(a)(same).

[6] Where, during opening statements AUSA told jury that defendant "had '[u]gly values: Dishonesty, disloyalty, deceit, and above all greed'" and called the defendant a "thief," the prosecutor's remarks "were over the line, and arguably even out of line." Nevertheless, government would not be punished by granting of a new trial since the defendant was

2

Jurors may not be asked to place themselves in the position of a party. To do so is to violate the "golden rule" by injecting emotions into a decision which is supposed to be based solely on the evidence.[7]

Finally, the Supreme Court has observed "the narrow purpose and scope of a legitimate opening statement:"

> It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument. To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct. Moreover, it is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible of proof but intended to influence the jury in reaching a verdict.

*Arizona v. Washington*, 434 U.S. 497, 513 n.32 (1978) (quoting *United States v. Dinitz*, 424 U.S. 600, 608 (1976).

**B. Specifically**

Plaintiff's proposed Opening Slides inappropriately and erroneously attempt to argue the law, present untruths, and is inaccurate to the point of grossly misleading and confusing the jury.

---

not prejudiced by the remarks. The appellate court did, however, "urge the United States Attorney" to "remind his assistants of the limits of appropriate advocacy." *United States v. Helbling,* 209 F.3d 226, 241 (3d Cir. 2000), cert. denied, 531 U.S. 1100, 121 S. Ct. 833, 148 L. Ed. 2d 715 (2001). *See*, *Novo Nordisk A/S v. Becton Dickinson and Co*., 304 F.3d 1216, 1220 (Fed. Cir. 2002)("Inflammatory insinuations and incorrect statements are improper, and their presentation to prejudice the jury is not be condoned.").Prosecutor made "a serious error in judgment" by repeatedly commenting on credibility of witnesses during opening statement, particularly where defendant continued to object. *U.S. v. Cormier*, 468 F.3d 63, 73 (1st Cir. 2006).

[7] The "Golden Rule" argument "has been universally condemned," *Forrestal v. Magendantz*, 848 F.2d 303, 308 (1st Cir.1988), because it "encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Spray–Rite Service Corp. v. Monsanto*, 684 F.2d 1226, 1246 (7th Cir.1982), aff'd, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984). While Golden Rule arguments are generally made in the context of a request for damages, the Third Circuit in Edwards, after noting that cases such as *Shultz v. Rice*, 809 F.2d 643, 651–52 (10th Cir.1986) and *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir.1976) had asserted that the "Golden Rule" argument is only improper in relation to damages and not when the issue is liability, specifically "reject[ed] that rationale" finding "no rational basis" for such a rule. 860 F.2d at 574, n. 6. *See also, Johnson v. Celotex Corp*., 899 F.2d 1281, 1289 (2d Cir.1990)(apparently agreeing with trial court's conclusion that all but two of counsel's appeals to the Golden Rule related to liability and not damages and therefore were not improper).

While this may be Plaintiff's strategy to salvage her Title IX claims – mislead and confuse – it is improper to do so in an Opening Statement. The entire Powerpoint forecasts an opening statement that will be riddled with objections from the defense.

Defendant objects to the following Opening Slides based on the reasons set forth in Section I(A).

1. Slide 1 "Important Case" – Every case is important to the parties involved. It is inappropriate to play on the emotions of the jury and suggest that this matter is special in any way. *See, e.g., U.S. v. Bright*, 630 F.2d 804, 828 (5th Cir. 1980) (The trial judge instructed the jury that "all cases are important this one no more so than the next".).

2. Slide 4 graphic – ULS does not equate to the State of Louisiana. The graphic of the State Capitol is highly prejudicial to Defendant, misleads the jury, and was fabricated by Plaintiff.

3. Slide 7 – Plaintiff inappropriately is arguing law to the jury. Further, Plaintiff has inappropriately minimized the elements of her claim to the point of inaccurately portraying legal elements to the jury. Plaintiff also states a legal conclusion that is inappropriate for opening statements, "ULS was deliberately indifferent."

4. Slides 8-11 – Mr. Carl Tapo, an employee of the University of Louisiana at Lafayette, is not a named defendant and is not on trial. He is not an employee of ULS and never has been. It is highly offensive and prejudicial to crucify him in an opening statement, essentially equating him to Victor Daniel Silva. Additionally, the slide is grossly incorrect and will mislead and confuse the jury, prejudicing Defendant. This is not a case of agency or imputed knowledge. Counsel then awkwardly marries the two to become one in Slide 9 "ULS/TAPO". This is highly inappropriate for an opening

statement. Further, who or what is "MS"? Plaintiff then presents an untruth in Slide 10. It is improper to advance argument, refer to evidence that is not forthcoming, refer to inadmissible evidence, and to be inflammatory in opening statement. *Logan v. Westfield Ins. Co.*, 2020 WL 7007935, at *1 (W.D. La. Jan. 17, 2020) ("[O]pening statements are not a license for counsel to inflame or prejudice the jury with misleading statements.").

5. Slides 16, 29 – Plaintiff violates MDLA Local Rule 47(c) arguing law to the jury. Stating, "Control: Ability to Discipline" is a misstatement of the law on an element of Plaintiff's Title IX claims. This will mislead and confuse the jury.

6. Slides 17-18, 23-24 – Again, Plaintiff argues law to the jury in violation of Local Rule 47(c). This is misleading and confusing to the jury.

7. Slide 22 – Conclusions of law by a retained litigation expert are impermissible. Defendant re-urges all objections to Billie-Jo Grant, including but not limited to the fact that she is not qualified to opine on higher education and Title IX, at R. Doc. 157.

8. Slide 25 – References a subsequent remedial measure made the subject of Defendant's Motion *in Limine* at R. Doc. 234. Ruling at R. Doc. 370.

9. Slides 35-37 – The recitation of Plaintiff's legal argument should be stricken. The state law at Slide 35 should also be stricken as no state law claims are on trial. It is inappropriate to argue and/or instruct the jury on FERPA in opening statements.

10. Slides 38-39 – Plaintiff has little to no damages available to her under Title IX. Defendant is circumspect of Slides 38-39.

11. Slides 42 and 49 are duplicative, and Defendant objects to the admissibility of the *USA Today* article based on hearsay and presenting erroneous information to the jury which will mislead and confuse them.

12. Slides 44 and 45 are duplicative.

## II. PLAINTIFF'S DEMONSTRATIVE EXHIBITS

This Court ruled:

ULS asks the Court to prevent Plaintiff from introducing materials produced by the Louisiana State University, previously a defendant in this matter, because, in ULS's view, the introduction of these events at trial would be irrelevant to Plaintiff's claims and prejudicial to ULS's defense. (Doc. 154 at 2). These materials chiefly amount to the disciplinary record of Silva, Plaintiff's alleged assailant, while he was a student at LSU. (Doc. 154-1 at 3). The Parties agree that these materials were neither requested by nor disclosed to ULS prior to this litigation, and so ULS argues that they cannot be used to satisfy the "actual knowledge" component of a Title IX claim. (*Id*. at 5 (citing *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024))).

Plaintiff is opposed to ULS's Motion, and argues that the identified evidence is relevant to ULS's alleged deliberate indifference. (Doc. 168 at 10). **The Court does not find this argument persuasive,** but nonetheless concludes that ULS's Motion should be denied at this time.

**Silva's disciplinary history does not directly impact ULS's deliberate indifference to the notice it received as to his 2015 arrest for rape, because the disciplinary history is, for this limited inquiry, irrelevant to whether ULS's "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances."** *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019) (quoting *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)). Put differently, the important fact for Title IX deliberate indifference is what the responding entity *did*, which, in this case, included ULS's dubious decision to not request any additional details from LSU on Silva, as opposed to what the responding entity would have found had it done so. Nevertheless, ULS's Motion should only be granted if ULS, as the movant, shows that the identified evidence would be inadmissible on *all* possible grounds. *Rivera*, 464 F. Supp. 3d at 853; *Joan Cravens, Inc. v. Deas Constr., Inc.*, No. 1-15-CV-385-KS-MTP, 2017 WL 217650, at *2 (S.D. Miss. Jan. 18, 2017). Neither Party has addressed whether this evidence has relevance and would be admissible to support

Plaintiff's state-law negligence claim. Given that ULS has failed to argue the issue of the identified evidence's relevance as pertaining to Plaintiff's negligence claim, (*see* Docs. 154-1, 183), and since it is ULS who carries the burden on this Motion, the Court will not exclude Silva's disciplinary records from LSU at this time.

R. Doc. 254 at 3-4.

Since the quoted Ruling, Plaintiff voluntarily dismissed her negligence claims against ULS. R. Doc. 357. Since the only stated concern of the Court has been alleviated, the LSU materials are irrelevant to Plaintiff's Title IX case.[8]

Plaintiff's proposed demonstrative exhibits speak to FERPA and the release of LSU records. Because the LSU records are irrelevant and inadmissible, the FERPA exhibits should also be ruled irrelevant and inadmissible.

Finally, the proposed demonstrative exhibits are law and/or Plaintiff's argument of the law, which is prohibited from being presented to the jury. As such, Defendant objects to proposed demonstrative exhibit "Carl E. Tapo 2" and "Exceptions to FERPA".

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**
By:    s/Andrew Blanchfield
      Andrew Blanchfield, T.A. (#16812)
      Email: ablanchfield@keoghcox.com
      Catherine S. Giering (#26495)
      Email: cgiering@keoghcox.com
      Special Assistant Attorneys General
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Facsimile: (225) 343-9612
      *Counsel for the Board of Supervisors of the University of Louisiana System*

*(Signatures Continued on Following Page)*

---

[8] Applying the same logic, the Lafayette Police Department records are also inadmissible.

*- and-*

**DeCuir, Clark & Adams, L.L.P.**

s/ Brandon J. DeCuir
Brandon J. DeCuir (#28014)
Corey L. Pierce (#24601)
Linda Law Clark (#22305)
732 North Boulevard
Baton Rouge, La 70802
Tel: 225.346.8716
Fax: 225.336.1950
*Counsel for the Board of Supervisors of the University of Louisiana System*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 1st day of August, 2025.

s/Andrew Blanchfield
Andrew Blanchfield